Kristin L. Holland (SBN 187314)
Gregory S. Korman (SBN 216931)
KATTEN MUCHIN ROSENMAN LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
TEL: (310) 788-4400
FAX: (310) 788-4471
kristin.holland@kattenlaw.com
gregory.korman@kattenlaw.com

Floyd A. Mandell (*Pro Hac Vice Application To Be Filed)*
KATTEN MUCHIN ROSENMAN LLP
525 West Monroe
Chicago, Illinois 60661
Telephone: 312.902.5200
Facsimile: 312.902.1061
floyd.mandell@kattenlaw.com

Attorneys for defendants ZANGO, INC., 180SOLUTIONS, INC. (n/k/a ZANGO, INC.), METRICSDIRECT (n/k/a ZANGO AD SERVICES), KEITH SMITH, DANIEL TODD and KENNETH SMITH

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

| | |
|---|---|
| ROBIN PHILLIPS, individually and on behalf of all those similarly situated and on behalf of the general public,<br><br>Plaintiffs,<br><br>vs.<br><br>180SOLUTIONS, INC. a Washington Corporation; METRICS DIRECT, KEITH SMITH, DANIEL TODD, KENNETH SMITH and DOES 1 through 50, Inclusive,<br><br>Defendants. | Case No.<br><br>**PETITION FOR REMOVAL BY DEFENDANTS ZANGO, INC., 180SOLUTIONS, INC. (n/k/a ZANGO, INC.), METRICS DIRECT (n/k/a ZANGO AD SERVICES), KEITH SMITH, DANIEL TODD AND KENNETH SMITH** |

**TO THE COURT, PLAINTIFF AND PLAINTIFF'S ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. § 1446, defendants Zango, Inc., 180solutions, Inc. (n/k/a Zango, Inc.), MetricsDirect (n/k/a Zango Ad Services), Keith Smith, Daniel Todd and Kenneth Smith ("Defendants") hereby remove to this Court the above-referenced action. As set forth more fully below, this Court has diversity jurisdiction over the above-referenced action under 28 U.S.C. 1441(b).

1. On or about November 6, 2007, plaintiff Robin Phillips ("Plaintiff") commenced a civil action in the Superior Court for the County of San Joaquin, Stockton Branch, captioned *Robin Phillips v.180Solutions, Inc., Metrics Direct, Keith Smith, Daniel Todd, Kenneth Smith and Does 1 through 50 inclusive*, Case No. CV 029557 (the "Action"). A copy of the complaint is attached as Exhibit A.

2. Plaintiff initially attempted to serve the complaint on Defendants on or about February 20, 2007. In response, Defendants timely filed motions to quash service in state court. Copies of the motions to quash are attached as Exhibit B.

3. On or about March 27, 2007, Defendants filed a Notice of New Hearing Date and Time on their motions to quash service. A copy of that notice is attached as Exhibit C.

4. On April 24, 2007, Plaintiff's counsel gave notice that the motions to quash were unopposed. A copy of Plaintiff's counsel's notice is attached as Exhibit D.

5. The motions to quash were granted. The Superior Court granted the motions to quash. A copy of the Notice of Ruling on the motions to quash is attached as Exhibit E.

6. Plaintiff served an unconformed, undated Case Management Conference Statement. A copy of the Case Management Conference Statement is attached as Exhibit F.

7. On or about April 4, 2007, the clerk of the Superior Court served notice of a Case Management Conference. A copy of the clerk's notice is attached as Exhibit G.

8. Valid service was not effected on any Defendant until May 17, 2007, when Defendants Zango, Inc. (f/k/a 180Solutions, Inc.), MetricsDirect, Keith Smith, Daniel Todd and Kenneth Smith were served with a summons and complaint in the Action. Copies of the summonses to all Defendants are attached as Exhibit H.

9. On or about June 7, 2007, the clerk of the Superior Court served notice of a Case Management Conference. A copy of the clerk's notice is attached as Exhibit I.

10. On June 14, 2007, Defendants filed an answer to the complaint in the Superior Court, generally denying Plaintiff's allegations and asserting various affirmative defenses. A copy of the answer is attached as Exhibit J.

11. At the time the Action commenced, all Defendants (with citizenship) were citizens of the State of Washington, and none of the Defendants was a citizen of the State of California. Specifically, Zango, Inc. is a corporation incorporated in the State of Washington with its principal place of business in the State of Washington. 180solutions, Inc., now known as Zango, Inc. was a corporation incorporated in the State of Washington with its principal place of business in the State of Washington. MetricsDirect, now know as Zango Ad Services, is a service of Zango, Inc., and is not a separate legal entity. Keith Smith is an individual domiciled in, and a citizen of, the State of Washington. Daniel Todd is an individual domiciled in, and a citizen of, the State of Washington. Kenneth Smith is an individual domiciled in, and a citizen of, the State of Washington. No other defendants have been named or served.

12. The citizenship of all Defendants has not changed since the Action commenced. At the time of this Notice of Removal, all Defendants (with citizenship) remain citizens of the State of Washington, and none of the Defendants is a citizen of the State of California.

13. The amount in controversy exceeds $75,000. Among the other relief sought, including injunctive relief, compensatory damages and disgorgement, plaintiff prays for punitive damages in excess of $100,000. (Complaint, Prayer for Relief, at ¶ 6.)

///

///

///

///

///

///

///

14. Plaintiff alleges residency in San Joaquin County, California. (Complaint, ¶ 1.) On information and belief, Plaintiff is domiciled in, and a citizen of, the State of California.

Respectfully submitted,

Dated: June 15, 2007

KATTEN MUCHIN ROSENMAN LLP
Kristin L. Holland
Gregory S. Korman

By: [signature]
Gregory S. Korman
ZANGO, INC., 180SOLUTIONS, INC. (n/k/a ZANGO, INC.), METRICSDIRECT (n/k/a ZANGO AD SERVICES), KEITH SMITH, DANIEL TODD and KENNETH SMITH

# Exhibit "A"

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
BRONSON & ASSOCIATES
MARTHA BRONSON, ESQ. #133396
15 WEST 8TH STREET, SUITE A, TRACY, CA, 95376
TELEPHONE NO.: 209-830-0400 FAX NO.: 209-832-50000
ATTORNEY FOR (Name): PLAINTIFF

FOR COURT USE ONLY

FILED
SUPERIOR COURT
NOV 6 2006
TRACY BRANCH
NORMA C. ULIBARRI

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN JOAQUIN
STREET ADDRESS: 222 EAST WEBER STREET
MAILING ADDRESS:
CITY AND ZIP CODE: STOCKTON, CA. 95207
BRANCH NAME:

CASE NAME:
PHILLIPS V. 180SOLUTIONS, INC.

# CIVIL CASE COVER SHEET

[✓] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less)

Complex Case Designation
[ ] Counter [ ] Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 1811)

CASE NUMBER: CV 029557
JUDGE:
DEPT:

*Items 1–5 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [✓] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 1800–1812)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Type of remedies sought *(check all that apply):*
   a. [✓] monetary b. [✓] nonmonetary; declaratory or injunctive relief c. [✓] punitive
4. Number of causes of action *(specify):* 10
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 11/1/06

MARTHA BRONSON, ESQ.
(TYPE OR PRINT NAME)

(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

NOTICE

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN JOAQUIN

| | | | |
|---|---|---|---|
| ☐ Lodi Branch<br>315 W. elm St.<br>Lodi, CA 95240 | ☐Manteca Branch<br>315 E. Center St.<br>Manteca, CA 95336 | ☒ Stockton Branch<br>222 E. Weber Ave.<br>Rm 303<br>Stockton, CA 95202 | ☐ Tracy Branch<br>475 E. 10th St.<br>Tracy, CA 95376 |

Robin Phillips et al
Plaintiff(s),

-vs-

I 80 SOLUTIONS, INC. et al

Defendant(s)

Case No. CV 029557

**NOTICE OF CASE MANAGEMENT CONFERENCE** (CMC)

THIS CASE HAS BEEN ASSIGNED TO JUDGE ELIZABETH HUMPHREYS IN DEPARTMENT 41 FOR ALL PURPOSES, INCLUDING TRIAL

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that this matter is **ASSIGNED FOR ALL PURPOSES AND TRIAL**, pursuant to local rule 3-101 to:

☐ JUDGE LAUREN P. THOMASSON, Dept. 11, CMC set for ______________ at 8:30 a.m.

☐ JUDGE BOB McNATT, Dept. 13, CMC set for ______________ at 8:30 a.m.

☒ JUDGE ELIZABETH HUMPHREYS, Dept. 41, CMC set for 4-3-07 at 8:45 a.m.

☐ JUDGE CARTER P. HOLLY, Dept. 42, CMC set for ______________ at 8:45 a.m.

1. **You must:**
   a. **Serve** all named defendants and file proofs of service on those defendants with the court Within 60 days of the filing of the complaint (CRC 201.7).
   b. **File and serve** a completed Case Management Conference Statement (use of Judicial Council form CM 110 is Mandatory) at least 15 days before the Case Management Conference.
   c. **Meet and confer**, in person or by telephone, to consider each of the issues identified in CRC 212 (e) no later than 30 calendar days before the date set for the Case Management Conference. CRC 212(f)

2. You may appear in person or by telephone at the Case Management Conference. To make arrangements for telephonic appearance you must call CourtCall, at (310) 572-4670 or (888) 882-6878 at least five (5) court days prior to the hearing.

Visit our website at www.stocktoncourt.org for more information regarding civil cases, local rules and forms.

Dated: NOV 6 2006

Rosa Junqueiro, Clerk

By NORMA C. ULIBARRI
Deputy Clerk

**NOTICE OF CASE MANAGEMENT CONFERENCE**

BRONSON & ASSOCIATES
MARTHA BRONSON, ESQ. #133396
15 WEST 8TH STREET, SUITE A
TRACY, CA 95376

209-830-0400 FAX: 209-832-5000
E-MAIL: MSLAWYER@THELAW.BZ

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN JOAQUIN

☐ LODI BRANCH, 315 W. ELM ST., LODI, CA 95240
☐ MANTECA BRANCH, 315 E. CENTER ST., MANTECA, CA 95336
X STOCKTON BRANCH, 222 E. WEBER AVE., RM. 303, STOCKTON, CA 95202
☐ TRACY BRANCH, 475 E. TENTH ST., TRACY, CA 95376

ROBIN PHILLIPS, individually and on behalf of all those similarly situated and on behalf of the general public,

Plaintiff(s) vs.

180SOLUTIONS, INC. a Washington Corporations; METRICS DIRECT, KEITH SMITH, DANIEL TODD, KENNETH SMITH and DOES 1 through 50 inclusive,

Defendant(s).

(Abbreviated Title)

CASE NUMBER CV 029557

**AMENDMENT TO COMPLAINT**

FICTITIOUS NAME (No order required)

Upon filing the complaint in this case, plaintiff(s) being ignorant of the true name of a defendant, designated such defendant in the complaint by the fictitious name of DOE 1

and having discovered the defendant's true name to be

ZANGO, INC., (f/k/a 180 SOLUTIONS, INC.) a Washington Corporation

plaintiff(s) amend(s) the complaint by inserting such true name instead of such fictitious name wherever it appears in the complaint.

[signature]
Attorney(s) for Plaintiff(s)

FILED
SUPERIOR COURT
NOV 6 2006
TRACY BRANCH
NORMA C. ULIBARRI

BRONSON & ASSOCIATES
ATTORNEYS AT LAW
MARTHA BRONSON, ESQ. #133396
15 West 8th Street, Suite A
Tracy, CA 95376
209-830-0400 Fax: 209-832-5000
Dedicated website: http://www.thelaw.bz/popups

Attorneys for Plaintiffs

THIS CASE HAS BEEN ASSIGNED TO JUDGE ELIZABE... IN DEPARTMENT 41 FOR ALL PURPOSES, INCLUDING TRIAL

THIS CASE HAS BEEN ASSIGNED TO JUDGE ELIZABETH HUMPHREYS IN DEPARTMENT 41 FOR ALL PURPOSES, INCLUDING TRIAL

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
# IN AND FOR THE COUNTY OF SAN JOAQUIN
## STOCKTON BRANCH

| | |
|---|---|
| ROBIN PHILLIPS, individually and on behalf of all those similarly situated and on behalf of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>180SOLUTIONS, INC. a Washington Corporation; METRICS DIRECT, KEITH SMITH, DANIEL TODD, KENNETH SMITH and DOES 1 through 50 inclusive,<br><br>Defendants. | CASE NO. CV 029557<br><br>COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF<br><br>CLASS ACTION<br><br>DEMAND FOR JURY |

THIS CASE HAS BEEN ASSIGNED TO JUDGE ELIZABETH HUMPHREYS IN DEPARTMENT 41 FOR ALL PURPOSES, INCLUDING TRIAL

## INTRODUCTION

This action is brought to obtain preliminary and permanent injunctive relief, restitution, disgorgement and other equitable relief against the Defendants for their unfair acts and practices in connection with their unlawful marketing and their unlawful distribution of software programs to consumers that causes an invasion of privacy, trespass to chattels, unlawful drive-by computer software downloads, interference with use and enjoyment of personal property; nuisance, computer malfunction and destruction of personal property, in violation of California Civil Code §1770 et seq. and California Business and Professions Codes §17200, 17500 and 22947.

This class action is to benefit the public welfare and end further injury through obtaining an order enjoining Defendants from deceptive business practices as herein alleged and through entry of a judgment for punitive and compensatory relief for the harm suffered by plaintiffs and class members.

## PARTIES

1. Class Representative, ROBIN PHILLIPS, is an individual residing in San Joaquin County, State of California. ROBIN PHILLIPS is a victim of defendants' unlawful business practices as herein alleged. ROBIN PHILLIPS is willing, able, and here seeks to serve as representative of the Class of like recipients of defendants' unlawful acts as more particularly described herein below.

2. 18OSOLUTIONS, INC. is a Corporation organized and existing under the laws of the State of Washington with its principal place of business in Washington.

3. KEITH SMITH, DANIEL TODD AND KENNETH SMITH are officers/directors and/or employees of 18OSOLUTIONS, INC. and are sued individually and in their capacity as officers/directors/employees of 18OSOLUTIONS, INC.

4. Acting individually or in concert with others, KEITH SMITH, DANIEL TODD and KENNETH SMITH have formulated, directed, controlled, or participated in the acts and practices of 180SOLUTIONS, INC. including the acts and practices complained of below. Upon information and belief, 18OSOLUTIONS, INC. does business under the name of METRICS DIRECT. These defendants will be referred to hereafter collectively as 18OSOLUTIONS, INC.". In the course of trade and commerce, I80SOLUTIONS, INC. and its officers/directors/employees caused to be, or in fact, unlawfully disseminated advertisements and other communications, via unauthorized download of computer software/code, through the Internet and throughout the United States, including San Joaquin County, California. The advertisements and communications are displayed through pop up windows on computer users' screens and include advertisements for "anti-spyware" and "antiadware" software, such as the one shown on page one above. On information and belief plaintiffs allege that 180SOLUTIONS, INC., through itself and its agent, DEALHELPERCOM, a California company,

downloads to and installs on consumers' computers advertising and other software code/programs such as BargainBuddy, CoolWebsearch, iSTbar, WinAD, PowerScan, Booked Space, EbatesMoneyMaker, EliteToolbar, XXXtoolbar and Webrebates (aka Toprebates, Inc), among others.

5. The true names and capacities of the defendants sued herein as Does 1 through 50, inclusive, are unknown to plaintiffs at this time, and plaintiffs sue the said defendants by such fictitious names. Plaintiffs will ask leave of court to amend this complaint to show their true names and capacities when the same have been ascertained. Each of the fictitiously named defendants is responsible in some manner for the conduct alleged herein

6. Defendants DOES 1 through 50, are additional parties and/or co-conspirators of named defendants, including, but not limited to, directors, officers, and employees affiliates, parent or subsidiary corporations or of other legal entities, and third party agents of and/or principals of named defendants. With respect to all allegations in this Complaint, one or more DOE defendants knowingly participated in, approved, cooperated in, directed, and/or had actual or constructive knowledge of all activities alleged, acted in concert with all other named and unnamed defendants pursuant to a common design with them, and/or gave substantial assistance or encouragement to other defendants in carrying out all alleged activities. One or more DOE defendants profiteered through false advertising and unlawful dissemination of software and actual fraud, and willfully caused injury to the property interest of plaintiffs and Class members.

## JURISDICTION

7. The court has personal jurisdiction over the parties and subject matter jurisdiction in this action as the defendants do business in the State of California.

## VENUE

8. Venue is proper in San Joaquin County, California as the defendants do business in the County of San Joaquin and the acts complained of were received in this County.

## DEFENDANTS' UNLAWFUL BUSINESS PRACTICES

*Overview:*

9. Since at least August, 2003, defendants, have manipulated the Microsoft Internet Explorer Browser and other browsers (hereafter "Browser") to reconfigure consumers' computers by installing software code onto their computers without their knowledge or authorization. Defendants have installed their software by other means such as by bundling it with other software, tricky download drive-bys and by inducing the download through false misrepresentations. The software code affects computers by, among other things: (a) redirecting home pages; (b) installing numerous advertising and other software programs/code (c) installing icons onto computer desktop screens, including some that are sexually explicit icons; (d) installing tool bars in the browser window; (e) computer slow down; (f) computer crashes (g) loss of computer data; (h) continuous pop up advertisements that interfere with the use and enjoyment of the computer and some which interfere with the user's typing on an intended web page by popping up in front of the screen intended, thereby causing the user to involuntarily click on the pop up which in turn redirects the user to the defendants' intended web page or unknowingly triggers a download; (i) monitoring the computer users' web browsing activity and reporting that use back to defendants to use for advertising purposes.

10. Defendants generally do not disclose the risks involved in downloading their software and they generally do not obtain permission before downloading it.

*Unauthorized Software Code Download:*

11. A web browser, which is used by a computer to locate and view Internet web pages, serves as a liaison between a computer and the information delivered to the computer through the Internet. Most web browsers, including the Microsoft Internet Explorer (IE) web browser, generate an informative message to the user whenever software code is being downloaded to the user's computer from the Internet. The informative message gives the user the option to authorize or not authorize the

download. By eliminating the informative message normally triggered in web browsers, Defendants have been able to download and install software code without consumers authorization or knowledge

12. On many occasions Defendants bundle the software code with other software which is available for free over the internet. When the computer user downloads the free software they unknowingly also download the defendants' software along with it.

13. On other occasions defendants have installed the software through unauthorized "drive by downloads". Using this method the software is unknowingly downloaded when a computer user browses a particular website where the computer code automatically downloads and installs by virtue of browsing the website.

14. Once defendants' software is installed, computers are adversely affected in many [illegible] hereinabove set forth and users are plagued with pop up advertisements that invade and obstruct users' web browsing experience.

***Defendants' failure to provide reasonable means to remove software:***

15. Defendants prevent its software from being listed in the commonly accessed "All Programs" or "Programs" list, accessible through the "Start" button on Microsoft Windows. In addition, Defendants often hide programs in the unlikely "Common Files" folder within Windows (as opposed to the appropriate and more commonly accessed "Programs Files" folder).

16. When users uninstall the program with which the spyware was bundled (e.g., a free desk top theme), defendant's spyware products remain installed and fully operational. Defendants also prevent its adware and spyware programs from being listed in the commonly accessed "Add/Remove Programs" utility in the Microsoft Windows operating system, making removal even more difficult. Microsoft's "Add/Remove Programs" feature is intended to be used to uninstall programs from their computers and defendants intentionally so not provide that usual method of removal so that the average computer user does not know how to remove the software.

17. Defendants have also distributed its programs without also providing its own uninstall program, again making it difficult, if not impossible, for the average computer user to uninstall the offensive software. Providing an uninstall program with the software is the usual and customary practice in the software industry, but on many occasions it has not been a practice utilized by defendants.

In the rare instance where defendants do allow for the uninstallation of its software, the uninstall often does not work properly, leaving files and functionality installed

18. Defendants software code further obstructs removal efforts by defendants' inclusion of software code that automatically rewrites installation programs that is automatically triggered when the uninstall program is utilized.

***Defendants' failure to disclose the risks inherent in downloading their software and failure to obtain knowing consent from users' before unilaterally downloading software:***

20. In downloading software it is customary in the industry for the software provider to provide full risk and use disclosures. It is also customary in the software industry for the provider to obtain the user's knowing consent to download the software. This is normally achieved before installation of the software by presenting the user with a window that discloses the software provider's terms of use. In order for the user to proceed to the installation a button must be clicked acknowledging that the user has read and agrees to the terms of use which includes agreeing to the risks and consequences of using the software. Defendants do not generally follow the foregoing important customs and as a result many users end up downloading the offensive software without having any idea of the risks involved and the nuisances that it causes. Further, in some instances defendants misrepresent the nuisances and dangers that the software cause. For example, defendants advertise that their product will not cause any interference with normal daily usage of the computer because only a

"few" pop up messages occur "per day" on the users' screen when, in fact, there are hundreds of pop ups per day. The pop ups constitute a nuisance and interference with use and enjoyment of property.

***Defendants' false advertising and software product misrepresentations:***

21. In the event a user finds and reads defendants' terms of use of software, they are falsely told by defendants that defendants' software will cause occasional (described as only a few a day) advertisements, to pop up on users' screens. In fact, the pop ups occur as frequently as every minute and sometimes as quick as simultaneously following the close of another pop up.

22. In many of defendants' terms of use they falsely state that users' conduct is not tracked when, in fact, users' keyboard strokes and web site visits are tracked and reported to defendants for advertising purposes. Defendants further falsely represent that the software does not cause conflict with other software, that it does not slow down computer use and that it can be easily uninstalled.

***Defendants unfair and deceptive methods of inducing users to purchase their spyware software:***

24. Through the use of the web sites, bundling and pop-up advertisements referred to above, Defendants download and install or have downloaded and installed, without consumers' knowledge or authorization, software code, which changes users' web browser home page to different web pages that are either owned by defendants or their clients. While at these web pages Defendants cause more pops up advertisements to appear and interfere with plaintiffs' computer use by hiding the intended web page with a barrage of pop up advertisements, some of which are full-page advertisements that require the user to click on it in order to eliminate it from the screen. In cases where the user is typing into an intended web page, the pop up advertisement can cause the user to unintentionally type into the pop up advertisement that can unintentionally cause an unknown offensive download.

25. Defendants, through the use of the web sites, pop-up advertisements and unauthorized software downloads referred to above, cause users' search engines to be replaced by defendants

browser search engine, including a search engine known as 7Search.com. Once this type of software is loaded onto the users' computers, their own search engine is no longer functional because the new search engine, controlled by defendants, now conducts the searches and superimposes its own results over the intended search conducted by the computer user. This is sometimes referred to as a highjacking of the web browser because defendants unauthorized installation of search engine software code caused the web browser to search defendants' search engine. By hijacking these Internet searches, the new search engine controls the results that are sent to consumers' computers, including any hyperlinks or pop-up advertisements.

## CLASS ACTION ALLEGATIONS

26. Plaintiffs complain on behalf of themselves and all other persons in the class described as follows: "All persons or entities who owned computers and who had 180Solutions targeted [illegible] downloaded onto their computers at anytime after November 1, 2001". The members of the class are readily ascertainable, but are so numerous as to make joinder impracticable. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The claims of the representative parties are typical of the claims of the class. The representative parties will fairly and adequately protect the interest of the class. Absent a class action, the defendants will continue to perpetuate these wrongs and will retain the benefits of their wrongdoing.

## FIRST CAUSE OF ACTION
## UNFAIR, DECEPTIVE ACTS AND PRACTICES
### Business and Professions Code §17200

27. Plaintiffs repeat, reallege and incorporate all paragraphs above as though fully set forth herein.

28. By engaging in the acts and practices described above, Defendants repeatedly and persistently have engaged in deceptive business practices in violation of Business and Professions Code §17200.

29. Defendants' deceptive business practices mislead a substantial portion of the public, including named plaintiffs and members of the Class.

30. Defendants' deceptive business practices impact the public interest.

31. Defendants' unfair and deceptive acts and practices proximately caused injury to plaintiffs and members of the Class.

32. Defendants refuse to discontinue said uses and threaten to and will, unless restrained, continue to so use plaintiffs' computers as aforesaid, to the irreparable damage of plaintiffs.

**SECOND CAUSE OF ACTION**
**Against All Defendants**
**FALSE AND DECEPTIVE ADVERTISING**
**Business and Professions Code§17500**

33. Plaintiffs repeat, reallege and incorporate all paragraphs above as though fully set forth herein.

34. By engaging in the acts and practices described above, including those described in each of the causes of action herein, including defendants' false statements that their software will cause only a few advertisements a day and that they do not track users' conduct, all constitute violations of Business and Professions Code §17500.

35. As a direct result of defendants' conduct plaintiffs and class members were damaged.

Defendants refuse to discontinue said uses and threaten to and will, unless restrained, continue to so use plaintiffs' computers as alleged herein, to the irreparable damage of plaintiffs.

**THIRD CAUSE OF ACTION**
**Against all defendants**
**Public and Private Nuisance**

36. Plaintiffs repeat, reallege and incorporate all paragraphs above as though fully set forth herein.

37. Defendants' unauthorized intentional use of plaintiffs' computers interfere with plaintiffs' use of computer as alleged above and constitute a nuisance, both private and public.

38. Defendants refuse to discontinue said uses and threaten to and will, unless restrained, continue to so use plaintiffs' computers as aforesaid, to the irreparable damage of plaintiffs.

39. As a direct result of defendants' conduct as alleged herein, plaintiff and proposed class members have been damaged by the loss of use of their computers, cost of software to rid their computers of defendants' offensive downloads and frequent irritating interference with use of their computers due to nonstop pop up advertisements.

## FOURTH CAUSE OF ACTION
## Against all Defendants
## Trespass to Chattels

40. Defendants' unauthorized intentional use of plaintiffs' computers interfere with plaintiffs' use of computer as alleged above and constitute a trespass to chattels.

41. By reason of the conduct of the defendants, plaintiffs have been deprived of the use of their computers and has resulted in damage to the plaintiffs' computers, including, but not limited to crashing, slowing, nonstop pop up advertisements, and other interfering incidents and also to the extent that plaintiffs must purchase ant-spyware and anti-adware software to eliminate defendants' offensive software downloads.

42. In making unauthorized downloads on plaintiffs' computers, as herein alleged, defendants have acted maliciously and they are guilty of wanton disregard of the rights of plaintiffs and by reason thereof, plaintiffs demand punitive and exemplary damages against defendants.

## FIFTH CAUSE OF ACTION
## Against all Defendants
## Unjust Enrichment

43. Plaintiffs repeat, reallege and incorporate all paragraphs above as though fully set forth herein.

44. By reason of Defendants' conduct, Defendants have been unjustly enriched at the detriment of plaintiffs and defendants should be disgorged of all such unjust enrichment.

SIXTH CAUSE OF ACTION
**Against all Defendants**
**Violation of Civil Code Section 1750 et seq.**

45. Plaintiffs repeat, reallege and incorporate all paragraphs above as though fully set forth herein.

46. This cause of action is brought pursuant to the Consumers Legal Remedies Act, California Civil Code §1750, et seq. (CLRA)

Notice Pursuant to Civil Code Section 1782

47. In compliance with the provisions of California Civil Code section 1782, Plaintiffs gave notice to each Defendant named in and served with this Complaint of their intention to pursue their claim set forth in this Sixth Cause of Action under California Civil Code section 1750 et seq. unless Defendants, within 30 days, "correct, repair, replace or otherwise rectify" the consumer fraud resulting from the misrepresentations, unlawful downloading of software and other unlawful conduct as herein alleged. Defendants have not ceased the unlawful conduct and have not responded whatsoever to said notice.

48. By reason of defendants conduct as herein alleged, Defendants have violated the following portions of Civil Code Section 1770(a):

(1) Passing off goods or services as those of another.
(2) Misrepresenting the source, sponsorship, approval, or certification of goods or services.
(3) Misrepresenting the affiliation, connection, or association with, or certification by, another.

(5) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities

which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have.

(7) Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another.

(9) Advertising goods or services with intent not to sell them as advertised.

(14) Representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law.

(15) Representing that a part, replacement, or repair service is needed when it is not.

(16) Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not.

[illegible] California Civil Code §1780(a)(3), plaintiffs and members of the proposed class seek restitution of all amounts they have paid to defendants for software to remedy the problems that defendants' software has caused. Plaintiffs and members of the proposed class further request this court to award them their costs and reasonable attorneys' fees, pursuant to California Civil Code §1780 (d). Plaintiffs and members of the proposed class further request this court to enjoin defendants from continuing to employ the unlawful methods, acts and practices alleged herein, pursuant to §1780(a)(2).

50. Plaintiffs notified defendants that if, within thirty (30) days after receipt of the Civil Code section 1782 notice, defendants have not adequately addressed the misconduct, Plaintiffs would seek relief in the form of a claim for damages and other appropriate relief under Civil Code § 1780.

51. Defendants refuse to cease their unlawful conduct, and threaten to and will, unless restrained, continue to engage in said unlawful conduct, as aforesaid, to the irreparable damage of plaintiffs.

## SEVENTH CAUSE OF ACTION
## Against all Defendants

## VIOLATIONS OF BUSINESS AND PROFESSIONS CODE §§22947

52. Plaintiffs repeat, reallege and incorporate all paragraphs above as though fully set forth herein.

53. This cause of action concerns defendants' violations of California's Consumer Protection Against Computer Spyware Act, cited as Business and Professions §22947.

54. By reason of the defendants' conduct as hereinabove alleged, defendants have violated California's Consumer Protection Against Computer Spyware Act, and particularly Business and Professions Code § 22947.2 which states, in pertinent part: A person or entity that is not an authorized user, as defined in Section 22947.1, shall not, with actual knowledge, with conscious avoidance of actual knowledge, or willfully, cause computer software to be copied onto the computer of a consumer in this state and use the software to do any of the following: (a) Modify, through intentionally deceptive means, any of the following settings related to the computer's access to, or use of, the Internet: (1) The page that appears when an authorized user launches an Internet browser or similar software program used to access and navigate the Internet. (2) The default provider or Web proxy the authorized user uses to access or search the Internet. (3) The authorized user's list of bookmarks used to access Web pages.

**And Business and Professions Code §22947.3 sections as follows:**

(4) Opening multiple, sequential, stand-alone advertisements in the consumer's Internet browser without the authorization of an authorized user and with knowledge that a reasonable computer user cannot close the advertisements without turning off the computer or closing the consumer's Internet browser.

(b) Modify any of the following settings related to the computer's access to, or use of, the Internet:

(1) An authorized user's security or other settings that protect information about the authorized user for the purpose of stealing personal information of an authorized user.

(2) The security settings of the computer for the purpose of causing damage to one or more computers.

(c) Prevent, without the authorization of an authorized user, an authorized user's reasonable efforts to block the installation of, or to disable, software, by doing any of the following:

(1) Presenting the authorized user with an option to decline installation of software with knowledge that, when the option is selected by the authorized user, the installation nevertheless proceeds.

(2) Falsely representing that software has been disabled.

**And Business and Professions Code § 22947.4, as follows:**

(a) A person or entity, who is not an authorized user, as defined in Section 22947.1, shall not do any of the following with regard to the computer of a consumer in this state:

(1) Induce an authorized user to install a software component onto the computer by intentionally [illegible] that installing software is necessary for security or privacy reasons or in order to open, view, or play a particular type of content.

(2) Deceptively causing the copying and execution on the computer of a computer software component with the intent of causing an authorized user to use the component in a way that violates any other provision of this section.

## EIGHTH CAUSE OF ACTION
## Against all Defendants
## INVASION OF PRIVACY AND RIGHT OF ASSOCIATION

55. Plaintiffs repeat, reallege and incorporate all paragraphs above as though fully set forth herein.

56. By reason of Defendants' conduct as herein alleged, Defendants intentionally and wrongfully intruded upon Plaintiffs' and class members' solitude, seclusion, and private affairs. Plaintiffs and class members had a legitimate and reasonable expectation of privacy and right of association and non-association in commerce with their use of their computers and use of the Internet.

57. Defendants' intrusion upon plaintiffs and class members' privacy and right of association is offensive to the reasonable person and proximately caused injury to plaintiffs and class members.

**NINTH CAUSE OF ACTION**
**Against all Defendants**
**EQUITABLE RELIEF**

58. Plaintiffs repeat, reallege and incorporate all paragraphs above as though fully set forth herein.

59. Plaintiffs and class members have no complete, speedy and adequate remedy at law with respect to the continuing trespass to chattels, invasion of privacy and other unlawful conduct perpetrated upon them as herein alleged. Plaintiffs, class members and the general public will suffer [illegible] immediate, and irreparable injury absent injunctive and equitable relief by this Court.

**TENTH CAUSE OF ACTION**
**Against all Defendants**
**FRAUD AND MISREPRESENTATION**

60. Plaintiffs repeat, reallege and incorporate all paragraphs above as though fully set forth herein.

61. Defendants knowingly and /or negligently made and continue to make false statements of material fact. When a user receives 180Solutions software from Ezone.com, the user does not consent to 180Solutions' subsequent actions. A user may clicks a link and presses an "open" button, but nowhere was the user warned beforehand of the consequences of installation. Nowhere did 180Solutions or Ezone inform the user of its tracking what web sites users visit. There is some mention of advertising, but the warning used doubletalk so obscure that users cannot be expected to understand. Moreoever, 180Solution's solicitation of installations at Ezone is particularly fraudulent and misleading since Ezone targets children (who cannot consent to software installation), and because Ezone's

promotions repeatedly emphasize a reduced advertising, while, in fact, 180Solutions does exactly the opposite by bombarding the user with more advertisements.

62. Defendant, 180Solutions, falsely states: "Our programs are only downloaded with user consent and opt-in". In fact, 180Solutions' SearchAssist is downloaded before the user is ever given a warning of it being downloaded and it does not provide the user with any notice or terms of use and it does not allow the user to agree to it being downloaded. In installing the 180Solutions' Zango product the user use to be presented with a big red "FREE DOWNLOAD" and yet there were no terms of use, privacy policy and no consent form visible.

63. 180Solutions promised to change its deceptive ways after receiving countless complaints about its unfair and deceptive practices. 180Solutions altered the manner in which it presents the user [illegible] alternatives. Since approximately October, 2005, 180Solutions boasts of using "[illegible] Technology" in relation to its distributors' downloading its products, which 180Solutions claims is a "notification and consent process" to avoid third party installs that do not allow for notification and consent before installation. 180Solutions falsely claims that its new methods show its commitment to "complete, simple, plain-language disclosure to every person installing [180Solutions] software" However, the new methods are no less misleading than the old. Take, as an example, the new Zango install screen, shown below



Note that the screen describes the software as FREE, despite the fact that installation of it causes the user to suffer frequent and continuing advertisement popup interruptions, slower computer [illegible] computer crash[illegible] [illegible] advertisements" relevant to searches online and that the number of advertisements is based upon "how often you use your browser". Yet, it fails to describe that the user will have to see the advertisements in "pop up windows", the very annoyance that most users will refuse to download such products. Neither does 180Solutions reveal that it will invade a users' privacy by tracking their surfing habits and reporting the sites the user visits to its servers, another characteristic which many users find to be intrusive and sufficient reason not to download the software if known beforehand. Further the "End User License Agreement" is in a box that you can not copy to a clipboard and which is not seen entirely. Equally misleading and most peculiar is that below the "End User Agreement" 180Solutions placed a "cancel" button and a "Finish" button. A click on one or the other button is intended by 180Solutions to signify either that the user is accepting the terms of use of the agreement or not accepting the terms of user of the agreement, before downloading the software.

It is undisputed that use of a button labeled "Finish" to signify "I Accept" is misleading, not to mention intentionally misleading when you consider that there was nothing started beforehand to be

finished. "Simple plain-language " such as "I accept" or "I do not accept" on the buttons that 180Solutions intends to have signify "consent" could have been used. 180Solutions falsely advertises that it uses "simple plain language" in offering its products.

Aside from the fundamental misleading nature of the S3 technology screen, many users will never even see the S3 technology screen because it can be easily bypassed by the third party distributors that 180Solutions uses to distribute its products. When that occurs, the screen is visible for less than a half of a second, impossible to read, and the download is already occurring. There is never any knowing consent to install in those cases.

Further, installations of the 180Solutions software slows the users' computer performance. 180Solutions readily admits that , "A myriad of unwanted software ... can often negatively impact [illegible]mance," yet 180Solutions does [illegible] the computer user of this known danger before installing its software. Instead, 180Solutions, encourages installation of its products claiming numerous benefits overall.

As a direct and proximate result of the false and misleading statements plaintiffs and the class members have been injured and will continue to suffer injury unless and until enjoined by this court.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff, on behalf of herself and all those similarly situated, and the general public, respectfully request the following relief:

1. That this court certify the proposed class, or such other class or subclasses as the court deems just and proper, appoint named plaintiff, ROBIN PHILLIPS, as class representative, appoint plaintiffs' counsel as class counsel, and order defendants to provide for notice to the class.

2. That this court enters an order disgorging defendants with all monies received as a result of the wrongful conduct as herein alleged;

3. That this court award damages, including, but not limited to, damages for loss of use and enjoyment, diminution in value, and all other damages in an amount to be proven at trial;

4. That this court enters a preliminary injunction enjoining Defendants from engaging in the wrongful conduct alleged herein;

5. That this court enters a final injunctive order enjoining Defendants from engaging in the wrongful conduct alleged herein;

6. That this court enters an award of punitive damages in excess of $100,000.00;

7. That this court enter an order awarding attorneys' fees, costs and expenses of suit incurred as provided by applicable law; and,

8. That this court grant such other and further relief as the court deems just and proper.

Dated: Friday, September 29, 2006

BRONSON & ASSOCIATES
Attorneys for Plaintiffs

By: ______________________
MARTHA BRONSON, ESQ.

CM-110

ATTORNEY OR PARTY WITHOUT ATTORNEY (*Name, State Bar number, and address*):

TELEPHONE NO.: FAX NO. (*Optional*):

E-MAIL ADDRESS (*Optional*):

ATTORNEY FOR (*Name*):

*FOR COURT USE ONLY*

SUPERIOR COURT OF CALIFORNIA, COUNTY OF

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

# CASE MANAGEMENT STATEMENT

(Check one): ☐ UNLIMITED CASE (Amount demanded exceeds $25,000) ☐ LIMITED CASE (Amount demanded is $25,000 or less)

CASE NUMBER:

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date: Time: Dept.: Div.: Room:

Address of court (*if different from the address above*):

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. Party or parties (*answer one*):
   a. ☐ This statement is submitted by party (*name*):
   b. ☐ This statement is submitted jointly by parties (*names*):

2. Complaint and cross-complaint (*to be answered by plaintiffs and cross-complainants only*)
   a. The complaint was filed on (*date*):
   b. ☐ The cross-complaint, if any, was filed on (*date*):

3. Service (*to be answered by plaintiffs and cross-complainants only*)
   a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served (*specify names and explain why not*):
      (2) ☐ have been served but have not appeared and have not been dismissed (*specify names*):
      (3) ☐ have had a default entered against them (*specify names*):
   c. ☐ The following additional parties may be added (*specify names, nature of involvement in case, and the date by which they may be served*):

4. Description of case
   a. Type of case in ☐ complaint ☐ cross-complaint (*describe, including causes of action*):



Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2006]

CASE MANAGEMENT STATEMENT

Cal. Rules of Court, rule 212

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4\. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5\. Jury or nonjury trial

The party or parties request ☐ a jury trial ☐ a nonjury trial *(if more than one party, provide the name of each party requesting a jury trial):*

6\. Trial date

a. ☐ The trial has been set for *(date):*

b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7\. Estimated length of trial

The party or parties estimate that the trial will take *(check one):*

a. ☐ days *(specify number):*

b. ☐ hours (short causes) *(specify):*

8\. Trial representation *(to be answered for each party)*

The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:

a. Attorney:

b. Firm:

c. Address:

d. Telephone number:

e. Fax number:

f. E-mail address:

g. Party represented:

☐ Additional representation is described in Attachment 8.

9\. Preference

☐ This case is entitled to preference *(specify code section):*

10\. Alternative Dispute Resolution (ADR)

a. Counsel ☐ has ☐ has not provided the ADR information package identified in rule 201.9 to the client and has reviewed ADR options with the client.

b. ☐ All parties have agreed to a form of ADR. ADR will be completed by *(date):*

c. ☐ The case has gone to an ADR process *(indicate status):*



American LegalNet, Inc.
www.USCourtForms.com

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. d. The party or parties are willing to participate in *(check all that apply)*:
   - (1) ☐ Mediation
   - (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 1612)
   - (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 1612)
   - (4) ☐ Binding judicial arbitration
   - (5) ☐ Binding private arbitration
   - (6) ☐ Neutral case evaluation
   - (7) ☐ Other *(specify)*:

   e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

   f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

   g. ☐ This case is exempt from judicial arbitration under rule 1601(b) of the California Rules of Court *(specify exemption)*:

**11. Settlement conference**

☐ The party or parties are willing to participate in an early settlement conference *(specify when)*:

**12. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name)*:

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain)*:

**13. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.

☐ Bankruptcy ☐ Other *(specify)*:

Status:

**14. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.
   - (1) Name of case:
   - (2) Name of court:
   - (3) Case number:
   - (4) Status:

☐ Additional cases are described in Attachment 14a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party)*:

**15. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons)*:

**16. Other motions**

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues)*:


American LegalNet, Inc. www.USCourtForms.com

| PLAINTIFF/PETITIONER: <br> DEFENDANT/RESPONDENT: | CASE NUMBER: |
|---|---|

17. Discovery
   a. [ ] The party or parties have completed all discovery.
   b. [ ] The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|

   c. [ ] The following discovery issues are anticipated *(specify)*:

18. Economic Litigation
   a. [ ] This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.
   b. [ ] This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

19. Other issues
   [ ] The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

20. Meet and confer
   a. [ ] The party or parties have met and conferred with all parties on all subjects required by rule 212 of the California Rules of Court *(if not, explain)*:

   b. After meeting and conferring as required by rule 212 of the California Rules of Court, the parties agree on the following *(specify)*:

21. Case management orders
   Previous case management orders in this case are *(check one)*: [ ] none [ ] attached as Attachment 21.

22. Total number of pages attached *(if any)*: ________

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_______________________________ ▶ _______________________________
(TYPE OR PRINT NAME) (SIGNATURE OF PARTY OR ATTORNEY)

_______________________________ ▶ _______________________________
(TYPE OR PRINT NAME) (SIGNATURE OF PARTY OR ATTORNEY)

[ ] Additional signatures are attached


American LegalNet, Inc. www.USCourtForms.com

BRONSON & ASSOCIATES
MARTHA BRONSON, ESQ. #133396
15 WEST 8TH STREET, SUITE A
TRACY, CA 95376

209-830-0400 FAX: 209-832-5000
E-MAIL: MSLAWYER@THELAW.BZ

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN JOAQUIN

| | | | |
|---|---|---|---|
| ☐ LODI BRANCH<br>315 W. ELM ST.<br>LODI, CA 95240 | ☐ MANTECA BRANCH<br>315 E. CENTER ST.<br>MANTECA, CA 95336 | X STOCKTON BRANCH<br>222 E. WEBER AVE., RM. 303<br>STOCKTON, CA 95202 | ☐ TRACY BRANCH<br>475 E. TENTH ST.<br>TRACY, CA 95376 |

ROBIN PHILLIPS, individually and on behalf of all those similarly situated and on behalf of the general public,

Plaintiff(s) vs.

180SOLUTIONS, INC. a Washington Corporations; METRICS DIRECT, KEITH SMITH, DANIEL TODD, KENNETH SMITH and DOES 1 through 50 inclusive,

Defendant(s).

(Abbreviated Title)

CASE NUMBER CV 029557

## AMENDMENT TO COMPLAINT

FICTITIOUS NAME (No order required)

Upon filing the complaint in this case, plaintiff(s) being ignorant of the true name of a defendant, designated such defendant in the complaint by the fictitious name of DOE 1

and having discovered the defendant's true name to be

ZANGO, INC., (f/k/a 180 SOLUTIONS, INC.) a Washington Corporation

plaintiff(s) amend(s) the complaint by inserting such true name instead of such fictitious name wherever it appears in the complaint.

[signature]
Attorney(s) for Plaintiff(s)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN JOAQUIN

☐ Lodi Branch
315 W. elm St.
Lodi, CA 95240

☐ Manteca Branch
315 E. Center St.
Manteca, CA 95336

☒ Stockton Branch
222 E. Weber Ave.
Rm 303
Stockton, CA 95202

☐ Tracy Branch
475 E. 10th St.
Tracy, CA 95376

Robin Phillips et al
Plaintiff(s),

-vs-

I 80 SOLUTIONS, INC. et al
Defendant(s).

Case No. CV 029557

**NOTICE OF CASE MANAGEMENT CONFERENCE** (CMC)

THIS CASE HAS BEEN ASSIGNED TO JUDGE ELIZABETH HUMPHREYS IN DEPARTMENT 41 FOR ALL PURPOSES, INCLUDING TRIAL

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that this matter is **ASSIGNED FOR ALL PURPOSES AND TRIAL**, pursuant to local rule 3-101 to:

☐ JUDGE LAUREN P. THOMASSON, Dept. 11, CMC set for __________ at 8:30 a.m.
☐ JUDGE BOB McNATT, Dept. 13, CMC set for __________ at 8:30 a.m.
☒ JUDGE ELIZABETH HUMPHREYS, Dept. 41, CMC set for 4-3-07 at 8:45 a.m.
☐ JUDGE CARTER P. HOLLY, Dept. 42, CMC set for __________ at 8:45 a.m.

1. **You must:**
   a. **Serve** all named defendants and file proofs of service on those defendants with the court Within 60 days of the filing of the complaint (CRC 201.7).
   b. **File and serve** a completed Case Management Conference Statement (use of Judicial Council form CM 110 is Mandatory) at least 15 days before the Case Management Conference.
   c. **Meet and confer**, in person or by telephone, to consider each of the issues identified in CRC 212 (e) no later than 30 calendar days before the date set for the Case Management Conference. CRC 212(f)

2. You may appear in person or by telephone at the Case Management Conference. To make arrangements for telephonic appearance you must call CourtCall, at (310) 572-4670 or (888) 882-6878 at least five (5) court days prior to the hearing.

Visit our website at www.stocktoncourt.org for more information regarding civil cases, local rules and forms.

Dated: NOV 6 2006

Rosa Junqueiro, Clerk

By NORMA C. ULIBARRI
Deputy Clerk

**NOTICE OF CASE MANAGEMENT CONFERENCE**