# Exhibit "B"

Dockets.Justia.com

Kristin L. Holland (SBN 187314)
KATTEN MUCHIN ROSENMAN LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
TEL: (310) 788-4400
FAX: (310) 788-4471

Attorneys for Specially Appearing and
Moving Party MetricsDirect

FILED
SUPERIOR COURT-STOCKTON
07 MAR 21 PM 4:07
KATHY VALONE, CLERK
BY ________ DEPUTY

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN JOAQUIN**

**STOCKTON BRANCH**

| | |
|---|---|
| ROBIN PHILLIPS, individually and on behalf of all those similarly situated and on behalf of the general public,<br><br>Plaintiffs,<br><br>vs.<br><br>180SOLUTIONS, INC. a Washington Corporation; METRICS DIRECT, KEITH SMITH, DANIEL TODD, KENNETH SMITH and DOES 1 through 50, Inclusive,<br><br>Defendants. | Case No. CV 029557<br><br>**METRICSDIRECT'S NOTICE OF MOTION AND MOTION TO QUASH SERVICE OF SUMMONS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF KEVIN OSBORN**<br><br>Date: ~~April 24~~ May 4, 2007<br>Time: 9:00 a.m.<br>Dept.: 41 |

**TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, on April 24, 2007 at 9:00 a.m., or as soon thereafter as the matter may be heard, in Department 41 of the above-entitled court located at 222 E. Weber Ave, Stockton, California, specially appearing and moving party MetricsDirect (n/k/a Zango Ad Services, a service of Zango, Inc.) will and hereby does move for an order quashing the purported service of the summons in this action upon it.

This Motion to Quash is based upon California Code of Civil Procedure section 418.10(a)(1) on the grounds that the summons was not properly served and is otherwise defective.

This Motion is based upon this Notice of Motion and Motion to Quash Service of Summons, the accompanying Memorandum of Points and Authorities and Declaration of Kevin Osborn filed herewith, the pleadings and papers on file in this action, and such other oral and documentary evidence and arguments as may be considered by the Court at the hearing on this matter.

Respectfully submitted,

Dated: March 21, 2007

KATTEN MUCHIN ROSENMAN LLP
Kristin L. Holland

Kristin L. Holland
Attorneys for Specially Appearing
Moving Party MetricsDirect

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

The summons issued to moving party MetricsDirect (n/k/a Zango Ad Services, a service of Zango, Inc.) is incomplete and defective. The summons was not personally served on anyone authorized to accept service for MetricsDirect and no subsequent mailing was made. Moreover, the Notice section of the summons was left completely blank. Accordingly, service has not been completed and the purported service of the summons should be quashed.

### II. STATEMENT OF FACTS

On February 20, 2007, a messenger dropped off a package of documents related to this action with the receptionist of Zango, Inc. ("Zango"). (Declaration of Kevin Osborn ¶4 ("Osborn Decl.".) Moving Party MetricsDirect is now known as Zango Ad Services, a service of Zango, Inc., and operates from the same location as Zango. (Osborn Decl. ¶3.) Zango's receptionist is not authorized to accept service on behalf of MetricsDirect. (Osborn Decl. ¶5.)

MetricsDirect. has not received any of these documents by subsequent mailing. (Osborn Decl. ¶9.) On the summons to MetricsDirect, the notice section is completely blank. (Osborn Decl. ¶¶7-8; Exhibit 1 (Summons).)

### III. LEGAL ARGUMENT

#### A. SERVICE WAS DEFECTIVE.

Plaintiffs' service was defective because the summons was not given to someone authorized to accept service and it was not mailed. Cal. Code Civ. Proc. § 415.20. Without valid service of a summons, a court never acquires jurisdiction over a defendant. Cal. Code Civ. Proc. § 418.10(a)(1). A defendant is under no duty to respond in any way to a defectively served summons. Kappel v. Bartlett, 200 Cal. App. 3d 1457, 1466, 246 Cal. Rptr. 815, 821 (1988); Ruttenberg v. Ruttenberg, 53 Cal. App. 4th 801, 808, 62 Cal. Rptr. 2d 78, 82 (1997).

Effecting service upon a corporation requires delivery of the summons and complaint to some person on behalf of the corporation. Dill v. Berquist Const. Co.., 24 Cal. App. 4th 1426, 1437, 29 Cal. Rptr. 2nd 746, 752 (1994). The fact that a person is authorized to receive mail on behalf of a

corporation and to sign postal receipts acknowledging delivery does not mean he or she is authorized to receive process on behalf of the corporation. Id.

Plaintiffs did not personally deliver the summons and complaint to a person authorized to accept service on behalf of MetricsDirect. The messenger simply dropped off the envelope with the receptionist. In addition, because MetricsDirect never received a copy in the mail, Plaintiff apparently did not follow up with a mailing of the summons and complaint. Thus, service was defective.

**B. THE SUMMONS IS INCOMPLETE AND DEFECTIVE.**

In addition, even if the summons had been properly served (and it was not), the summons itself is incomplete and defective because it fails to provide proper notice as required by California Code of Civil Procedure section 412.20. "'A summons is the process by which a court acquires personal jurisdiction over a defendant in a civil action' [citation omitted], and a defendant has an absolute right to demand that process be issued against him in a manner prescribed by law." Mannesmann Demag, Ltd. v. Superior Court (Welch), 172 Cal.App.3d 1118, 1122 (1985). "The summons itself must notify the person to whom it is delivered of the capacity in which he or she is being served, if not named as a defendant therein or if he or she is being served on behalf of another." Weil & Brown, Cal. Prac. Guide, Civ. Proc. Before Trial, ¶ 4:90, p. 4-13 (TRG 2006).

The Judicial Council "Summons" form satisfies the statutory summons requirements if the proper information is inserted in the blanks. Cal. Civ. Proc. Code § 412.20(c). Failure to include important information in the form, however, renders the summons fatally defective. Mannesmann Demag, Ltd., supra.

In Mannesmann, the plaintiff attempted to serve the defendant, but the name of the defendant did not appear anywhere on the summons and the portion of the summons entitled "Notice to the Person Served" was left blank. The court held that the summons was defective and failed to provide the requisite notice to the defendant. Mannesmann Demag, Ltd., 172 Cal.App.3d at 1124.

Like the defective summons in Mannesmann, the summons purportedly served on MetricsDirect fails to satisfy the statutory requirements. Although a Judicial Council "Summons" form was used, crucial information is missing or simply wrong: (1) the notice section is completely

blank; and (2) the "Notice to Defendant" line at the top of the summons misspells MetricsDirect as "Metric Direct," which has never been the name of the service formerly known as MetricsDirect and now known as Zango Ad Services. (Osborn Decl. ¶7.) The summons is defective.

## IV. CONCLUSION

The summons was not properly served and fails to provide adequate notice to MetricsDirect. Consequently, the attempted service on MetricsDirect is invalid and the attempted service of the defective summons should be quashed.

Dated: March 21, 2007

**KATTEN MUCHIN ROSENMAN LLP**
Kristin L. Holland

By: ______________________
Kristin L. Holland
Attorneys for Specially Appearing Moving Party MetricsDirect

## DECLARATION OF KEVIN OSBORN

I, Kevin Osborn, declare as follows:

1. I am over the age of eighteen and have personal knowledge of the facts as set forth herein. I could and would testify hereto if called as a witness. I make this Declaration in support of this Motion to Quash Service of Summons.

2. I am the Associate General Counsel, Law and Corporate Affairs, of Zango, Inc. ("Zango"). I make this Declaration to describe the delivery of a package of materials to Zango and to explain the defects in service, and for no other purpose. In making this declaration, it is not my intention to, nor do I, reveal any privileged or otherwise protected information. In addition, I do not hereby waive any privilege or doctrine protecting information known to me through my role as Associate General Counsel for Zango.

3. MetricsDirect is now known as Zango Ad Services, a service of Zango, Inc., which operates from the same location as Zango.

4. On or about February 20, 2007, a messenger dropped off a package of documents with Zango's receptionist. I was given the package and examined its contents; what I describe below is the condition of the contents as delivered.

5. Zango's receptionist is not authorized to accept service of process for MetricsDirect

6. Included within the package of documents were several pages labeled "Summons."

7. The summons to "Metric Direct" is attached hereto as Exhibit 1. "Metric Direct" has never been the name of the service formerly known as MetricsDirect and now known as Zango Ad Services.

8. On the summons to MetricsDirect, the notice section is completely blank.

9. Neither Zango nor MetricsDirect has received the summons and complaint by subsequent mailing, to my knowledge.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this was executed at Bellevue, Washington on this 20th day of March, 2007.

Kevin Osborn

Exhibit 1

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:** METRIC DIRECT
***(AVISO AL DEMANDADO):***
180SOLUTIONS, INC. a Washington Corporation; METRICS DIRECT, KEITH SMITH, DANIEL TODD, KENNETH SMITH and DOES 1 through 50 inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
ROBIN PHILLIPS, Individually and on behalf of all those similarly situated and on behalf of the general public,

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SAN JOAQUIN COUNTY SUPERIOR COURT
222 EAST WEBER STREET
STOCKTON, CA. 95207

CASE NUMBER: *(Número del Caso):* CV 029557

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
BRONSON & ASSOCIATES - ATTORNEYS AT LAW
MARTHA BRONSON, ESQ. #133396 - 15 WEST 8TH STREET, SUITE A, TRACY, CA. PHONE; 209-830-0400

DATE: *(Fecha)* NOV 6 2006 ROSA JUNQUEIRO Clerk, by *(Secretario)* NORMA C. ULIBARRI, Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☐ on behalf of *(specify)*:

under:
- ☐ CCP 416.10 (corporation)
- ☐ CCP 416.20 (defunct corporation)
- ☐ CCP 416.40 (association or partnership)
- ☐ CCP 416.60 (minor)
- ☐ CCP 416.70 (conservatee)
- ☐ CCP 416.90 (authorized person)
- ☐ other *(specify)*:

4. ☐ by personal delivery on *(date)*:

# PROOF OF SERVICE

STATE OF CALIFORNIA )
) ss
COUNTY OF LOS ANGELES )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Katten Muchin Rosenman LLP, 2029 Century Park East, Suite 2600, Los Angeles, CA 90067-3012. On March 21, 2007, I served the within documents:

**METRICSDIRECT'S NOTICE OF MOTION AND MOTION TO QUASH SERVICE OF SUMMONS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF KEVIN OSBORN**

I sent such document from facsimile machine 310.788.4471 on . I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine 310.788.4471 which confirms said transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

X by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, addressed as set forth below.

by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

Martha Bronson, Esq.
Bronson & Associates
15 West 8th Street, Suite A
Tracy, CA 95376

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than on day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on March 21, 2007, at Los Angeles, California.

Kathy Cornejo

Kathy Cornejo

FILED
SUPERIOR COURT-STOCKTON
07 MAR 21 PM 4:06
ROSA JUNQUEIRO, CLERK
BY ________
DEPUTY

Kristin L. Holland (SBN 187314)
KATTEN MUCHIN ROSENMAN LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
TEL: (310) 788-4400
FAX: (310) 788-4471

Attorneys for Specially Appearing and
Moving Party Keith Smith

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN JOAQUIN**

**STOCKTON BRANCH**

ROBIN PHILLIPS, individually and on behalf of all those similarly situated and on behalf of the general public,

Plaintiffs,

vs.

180SOLUTIONS, INC. a Washington Corporation; METRICS DIRECT, KEITH SMITH, DANIEL TODD, KENNETH SMITH and DOES 1 through 50, Inclusive,

Defendants.

Case No. CV 029557

**KEITH SMITH'S NOTICE OF MOTION AND MOTION TO QUASH SERVICE OF SUMMONS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF KEVIN OSBORN**

Date: ~~April 24,~~ May 4 2007
Time: 9:00 a.m.
Dept.: 41

**TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, on April 24, 2007 at 9:00 a.m., or as soon thereafter as the matter may be heard, in Department 41 of the above-entitled court located at 222 E. Weber Ave, Stockton, California, specially appearing and moving party Keith Smith will and hereby does move for an order quashing the purported service of the summons in this action upon it.

This Motion to Quash is based upon California Code of Civil Procedure section 418.10(a)(1) on the grounds that the summons was not properly served and is otherwise defective.

This Motion is based upon this Notice of Motion and Motion to Quash Service of Summons, the accompanying Memorandum of Points and Authorities and Declaration of Kevin Osborn filed herewith, the pleadings and papers on file in this action, and such other oral and documentary evidence and arguments as may be considered by the Court at the hearing on this matter.

Respectfully submitted,

Dated: March 21, 2007

KATTEN MUCHIN ROSENMAN LLP
Kristin L. Holland

Kristin L. Holland
Attorneys for Specially Appearing Moving Party Keith Smith

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

The summons issued to moving party Keith Smith is incomplete and defective. The summons erroneously provides that it was personally delivered, when it was not personally served on Mr. Smith or to anyone authorized to accept service on his behalf. In addition, no subsequent mailing was made. Moreover, the Notice section of the summons is incomplete and defective. Accordingly, service has not been completed and the purported service of the summons should be quashed.

### II. STATEMENT OF FACTS

On February 20, 2007, a messenger dropped off a package of documents related to this action with the receptionist of Zango, Inc. ("Zango"). (Declaration of Kevin Osborn ¶3 ("Osborn Decl.".) Included in the packet was an incomplete, undated summons to Keith Smith. (Osborn Decl. ¶4.) Mr. Smith is an employee of Zango. (Osborn Decl. ¶5.) Zango's receptionist is not authorized to accept service on behalf of Mr. Smith. (Osborn Decl. ¶6.) Neither Zango nor Mr. Smith received any of these documents by subsequent mailing. (Osborn Decl. ¶9.)

On the summons to Mr. Smith, boxes "1," "3" and "4" are checked in the section entitled "Notice to the Person Served." Box 1 states that Mr. Smith was served "as an individual defendant." Box 3 states that Mr. Smith was also served on behalf of "180Solutions Zango, Inc. as Doe 1, and Metric Direct." Box 4 provides: "by personal delivery on (date): [left blank]." The summons is undated. (Osborn Decl. ¶¶7-8; Exhibit 1 (Summons).)

### III. LEGAL ARGUMENT

#### A. SERVICE WAS DEFECTIVE.

Plaintiffs' service was defective because the summons was not personally delivered to Mr. Smith, nor was it given to someone authorized to accept service on his behalf. In addition, the summons was not mailed. Cal. Code Civ. Proc. § 415.20. Without valid service of a summons, a court never acquires jurisdiction over a defendant. Cal. Code Civ. Proc. § 418.10(a)(1). A defendant is under no duty to respond in any way to a defectively served summons. Kappel v.

Bartlett, 200 Cal. App. 3d 1457, 1466, 246 Cal. Rptr. 815, 821 (1988); Ruttenberg v. Ruttenberg, 53 Cal. App. 4th 801, 808, 62 Cal. Rptr. 2d 78, 82 (1997).

Effecting service upon a corporation requires delivery of the summons and complaint to some person on behalf of the corporation. Dill v. Berquist Const. Co., 24 Cal. App. 4th 1426, 1437, 29 Cal. Rptr. 2nd 746, 752 (1994). The fact that a person is authorized to receive mail on behalf of a corporation and to sign postal receipts acknowledging delivery does not mean he or she is authorized to receive process on behalf of the corporation. Id.

Service on Mr. Smith on behalf of 180Solutions, Zango, Inc. (as Doe 1) and Metric Direct is defective. Plaintiffs did not personally deliver the summons to Mr. Smith or to anyone authorized to accept service on his behalf. The process server simply dropped off the envelope with the receptionist. In addition, Plaintiffs apparently did not follow up with a mailing of the summons and complaint to Mr. Smith.

Moreover, service on Mr. Smith as an individual defendant was also defective because substitute service is not available for individual defendants unless personal service is first attempted. Cal. Code Civ. Proc. § 415.20(b) (there must be a showing that summons "cannot with reasonable diligence be personally delivered"). Plaintiffs bear the burden of proof on this issue and must show that reasonable attempts were made to serve Mr. Smith personally before resorting to substitute service. Evartt v. Sup. Ct. (Kellett), 89 Cal. App. 3d 795, 801, 152 Cal. Rptr. 836, 839 (1979). Even if substitute service were available, because Plaintiffs failed to follow up with a mailing, the service was defective for that reason as well.

**B. THE SUMMONS IS INCOMPLETE AND DEFECTIVE.**

In addition, even if the summons had been properly served (and it was not), the summons itself is incomplete and defective because it fails to provide proper notice as required by California Code of Civil Procedure section 412.20. "'A summons is the process by which a court acquires personal jurisdiction over a defendant in a civil action' [citation omitted], and a defendant has an absolute right to demand that process be issued against him in a manner prescribed by law." Mannesmann Demag, Ltd. v. Superior Court (Welch), 172 Cal.App.3d 1118, 1122 (1985). "The summons itself must notify the person to whom it is delivered of the capacity in which he or she is

being served, if not named as a defendant therein or if he or she is being served on behalf of another." Weil & Brown, Cal. Prac. Guide, Civ. Proc. Before Trial, ¶ 4:90, p. 4-13 (TRG 2006).

The Judicial Council "Summons" form satisfies the statutory summons requirements – so long as the proper information is inserted in the blanks. Cal. Civ. Proc. Code § 412.20(c). Failure to include important information in the form, however, renders the summons fatally defective. Mannesmann Demag, Ltd., supra.

In Mannesmann, the plaintiff attempted to serve the defendant, but the name of the defendant did not appear anywhere on the summons and the portion of the summons entitled "Notice to the Person Served" was left blank. The court held that the summons was defective and failed to provide the requisite notice to the defendant. Mannesmann Demag, Ltd., 172 Cal.App.3d at 1124.

Like the defective summons in Mannesmann, the summons purportedly served on Mr. Smith fails to satisfy the statutory requirements. Although a Judicial Council "Summons" form was used, crucial information is missing or simply wrong: (1) the notice is undated; and (2) the summons was not "personally delivered" to Mr. Smith as indicated by Box 4 of the notice section. (Osborn Decl. ¶¶7-8; Exhibit 1 (Summons).) Without this information, the summons is defective.

## IV. CONCLUSION

The summons was not properly served and fails to provide adequate notice to Mr. Smith or the companies which were purportedly served through Mr. Smith (i.e., "180Solutions Zango, Inc. as Doe 1 and Metric Direct"). Consequently, the attempted service on Mr. Smith is invalid and the attempted service of the defective summons should be quashed.

Dated: March 21, 2007

**KATTEN MUCHIN ROSENMAN LLP**
Kristin L. Holland

By: [signature]
Kristin L. Holland
Attorneys for Specially Appearing Moving Party Keith Smith.

**DECLARATION OF KEVIN OSBORN**

I, Kevin Osborn, declare as follows:

1. I am over the age of eighteen and have personal knowledge of the facts as set forth herein. I could and would testify hereto if called as a witness. I make this Declaration in support of this Motion to Quash Service of Summons.

2. I am the Associate General Counsel, Law and Corporate Affairs, of Zango, Inc. ("Zango"). I make this Declaration to describe the delivery of a package of materials to Zango and to explain the defects in service, and for no other purpose. In making this declaration, it is not my intention to, nor do I, reveal any privileged or otherwise protected information. In addition, I do not hereby waive any privilege or doctrine protecting information known to me through my role as Associate General Counsel for Zango.

3. On or about February 20, 2007, a messenger dropped off a package of documents with Zango's receptionist. I was given the package and examined its contents; what I describe below is the condition of the contents as delivered.

4. Included in the packet was an incomplete, undated summons to Keith Smith.

5. Mr. Smith is an employee of Zango.

6. Zango's receptionist is not authorized to accept service on behalf of Mr. Smith.

7. A copy of the summons to Keith Smith is attached hereto as Exhibit 1.

8. On the summons to Mr. Smith, boxes "1," "3" and "4" are checked in the section entitled "Notice to the Person Served." Box 1 states that Mr. Smith was served "as an individual defendant." Box 3 states that Mr. Smith was also served on behalf of "180Solutions Zango, Inc. as Doe 1, and Metric Direct." Box 4 provides: "by personal delivery on (date): [left blank]." The summons is undated. The original of the summons form appears to have the word "and" in red letters whited-out (with some type of correction fluid) between the handwritten "180Solutions" and "Zango, Inc." next to the "on behalf of (specify)" box.

9. Neither Zango nor Mr. Smith received any of these documents by subsequent mailing, to my knowledge.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this was executed at Bellevue, Washington on this 20th day of March, 2007.

Kevin Osborn

Exhibit 1

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:** Keith Smith
***(AVISO AL DEMANDADO):***
180SOLUTIONS, INC. a Washington Corporation; METRICS DIRECT, KEITH SMITH, DANIEL TODD, KENNETH SMITH and DOES 1 through 50 inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
ROBIN PHILLIPS, individually and on behalf of all those similarly situated and on behalf of the general public,

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SAN JOAQUIN COUNTY SUPERIOR COURT
222 EAST WEBER STREET
STOCKTON, CA. 95207

CASE NUMBER: *(Número del Caso):* CV 029557

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
BRONSON & ASSOCIATES - ATTORNEYS AT LAW
MARTHA BRONSON, ESQ. #133396 - 15 WEST 8TH STREET, SUITE A, TRACY, CA. PHONE; 209-830-0400

DATE: *(Fecha)* NOV 6 2006 ROSA JUNQUEIRO Clerk, by *(Secretario)* NORMA C. ULIBARRI, Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [X] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify)*:
3. [X] on behalf of *(specify)*: 180Solutions Zango, Inc. as Doe 1, METRIC DIRECT

under: [X] CCP 416.10 (corporation) [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
[ ] other *(specify)*:
4. [X] by personal delivery on *(date)*:

# PROOF OF SERVICE

STATE OF CALIFORNIA )
) ss
COUNTY OF LOS ANGELES )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Katten Muchin Rosenman LLP, 2029 Century Park East, Suite 2600, Los Angeles, CA 90067-3012. On March 21, 2007, I served the within documents:

**KEITH SMITH'S NOTICE OF MOTION AND MOTION TO QUASH SERVICE OF SUMMONS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF KEVIN OSBORN**

I sent such document from facsimile machine 310.788.4471 on . I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine 310.788.4471 which confirms said transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

X by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, addressed as set forth below.

by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

Martha Bronson, Esq.
Bronson & Associates
15 West 8th Street, Suite A
Tracy, CA 95376

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than on day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on March 21, 2007, at Los Angeles, California.

Kathy Cornejo
Kathy Cornejo

Kristin L. Holland (SBN 187314)
KATTEN MUCHIN ROSENMAN LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
TEL: (310) 788-4400
FAX: (310) 788-4471

Attorneys for Specially Appearing and Moving Party Zango, Inc. (named as Doe "1")

FILED
COURT-STOCKTON
07 MAR 21 PM 4:07
ROSA JUNQUEIRO, CLERK
BY KATHY VALONE
DEPUTY

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN JOAQUIN**

**STOCKTON BRANCH**

ROBIN PHILLIPS, individually and on behalf of all those similarly situated and on behalf of the general public,

Plaintiffs,

vs.

180SOLUTIONS, INC. a Washington Corporation; METRICS DIRECT, KEITH SMITH, DANIEL TODD, KENNETH SMITH and DOES 1 through 50, Inclusive,

Defendants.

Case No. CV 029557

**ZANGO, INC.'S NOTICE OF MOTION AND MOTION TO QUASH SERVICE OF SUMMONS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF KEVIN OSBORN**

Date: ~~April 24,~~ May 4, 2007
Time: 9:00 a.m.
Dept.: 41

**TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, on April 24, 2007 at 9:00 a.m., or as soon thereafter as the matter may be heard, in Department 41 of the above-entitled court located at 222 E. Weber Ave, Stockton, California, specially appearing and moving party Zango, Inc. will and hereby does move for an order quashing the purported service of the summons in this action upon it.

Zango, Inc.'s Motion to Quash is based upon California Code of Civil Procedure section 418.10(a)(1) on the grounds that the summons was not properly served and is otherwise defective.

This Motion is based upon this Notice of Motion and Motion to Quash Service of Summons, the accompanying Memorandum of Points and Authorities and Declaration of Kevin Osborn filed herewith, the pleadings and papers on file in this action, and such other oral and documentary evidence and arguments as may be considered by the Court at the hearing on this matter.

Respectfully submitted,

Dated: March 21, 2007

KATTEN MUCHIN ROSENMAN LLP
Kristin L. Holland

K. Holland

Kristin L. Holland
Attorneys for Specially Appearing
Moving Party Zango, Inc.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

The summons issued to moving party Zango, Inc. is incomplete and defective. The summons erroneously provides that it was personally delivered, when it was not personally served on anyone authorized to accept service for Zango and no subsequent mailing was made. Moreover, the Notice section of the summons is incomplete and defective. Accordingly, service has not been completed and the purported service of the summons should be quashed.

### II. STATEMENT OF FACTS

On February 20, 2007, a messenger dropped off a package of documents related to this action with the receptionist of Zango, Inc. ("Zango"). (Declaration of Kevin Osborn ¶3 ("Osborn Decl.".) Zango's receptionist is not authorized to accept service on behalf of Zango. (Osborn Decl. ¶4.) Zango has not received any of these documents by subsequent mailing. (Osborn Decl. ¶8.)

On the summons to Zango, boxes "2" and "4" are checked in the section entitled "Notice to the Person Served." Box 2 provides: "as the person sued under the fictitious name of (specify): Doe 1." Box 4 provides: "by personal delivery on (date): [left blank]." The summons is undated and Box 3, which is used to indicate who is being served on behalf of an entity defendant, is left blank. (Osborn Decl. ¶¶6-7; Exhibit 1 (Summons).)

### III. LEGAL ARGUMENT

#### A. SERVICE WAS DEFECTIVE.

Plaintiffs' service was defective because the summons was not given to someone authorized to accept service and it was not mailed. Cal. Code Civ. Proc. § 415.20. Without valid service of a summons, a court never acquires jurisdiction over a defendant. Cal. Code Civ. Proc. § 418.10(a)(1). A defendant is under no duty to respond in any way to a defectively served summons. Kappel v. Bartlett, 200 Cal. App. 3d 1457, 1466, 246 Cal. Rptr. 815, 821 (1988); Ruttenberg v. Ruttenberg, 53 Cal. App. 4th 801, 808, 62 Cal. Rptr. 2d 78, 82 (1997).

Effecting service upon a corporation requires delivery of the summons and complaint to some person on behalf of the corporation. Dill v. Berquist Const. Co., 24 Cal. App. 4th 1426, 1437, 29 Cal. Rptr. 2nd 746, 752 (1994). The fact that a person is authorized to receive mail on behalf of a

corporation and to sign postal receipts acknowledging delivery does not mean he or she is authorized to receive process on behalf of the corporation. Id.

Plaintiffs did not personally deliver the summons and complaint to a person authorized to accept service on behalf of Zango. The messenger simply dropped off the envelope with the receptionist. In addition, because Zango never received a copy in the mail, Plaintiffs apparently did not follow up with a mailing of the summons and complaint. Thus, service was defective.

**B. THE SUMMONS IS INCOMPLETE AND DEFECTIVE.**

In addition, even if the summons had been properly served (and it was not), the summons itself is incomplete and defective because it fails to provide proper notice as required by California Code of Civil Procedure section 412.20. "'A summons is the process by which a court acquires personal jurisdiction over a defendant in a civil action' [citation omitted], and a defendant has an absolute right to demand that process be issued against him in a manner prescribed by law." Mannesmann Demag, Ltd. v. Superior Court (Welch), 172 Cal.App.3d 1118, 1122 (1985). "The summons itself must notify the person to whom it is delivered of the capacity in which he or she is being served, if not named as a defendant therein or if he or she is being served on behalf of another." Weil & Brown, Cal. Prac. Guide, Civ. Proc. Before Trial, ¶ 4:90, p. 4-13 (TRG 2006).

The Judicial Council "Summons" form satisfies the statutory summons requirements – so long as the proper information is inserted in the blanks. Cal. Civ. Proc. Code § 412.20(c). Failure to include important information in the form, however, renders the summons fatally defective. Mannesmann Demag, Ltd., supra.

In Mannesmann, the plaintiff attempted to serve the defendant, but the name of the defendant did not appear anywhere on the summons and the portion of the summons entitled "Notice to the Person Served" was left blank. The court held that the summons was defective and failed to provide the requisite notice to the defendant. Mannesmann Demag, Ltd., 172 Cal.App.3d at 1124.

Like the defective summons in Mannesmann, the summons purportedly served on Zango fails to satisfy the statutory requirements. Although a Judicial Council "Summons" form was used, crucial information is missing or simply wrong: (1) contrary to the box checked in the Notice section, the summons was not "personally" delivered to Zango or an authorized agent; (2) the

summons is undated; and (3) the person being served on behalf of Zango is not identified. (Osborn Decl. ¶¶6-7; Exhibit 1 (Summons).) Without this information, the summons is defective.

## IV. CONCLUSION

The summons was not properly served and fails to provide adequate notice to Zango Consequently, the attempted service on Zango is invalid and the attempted service of the defective summons should be quashed.

Dated: March 21, 2007

**KATTEN MUCHIN ROSENMAN LLP**
Kristin L. Holland

By: [signature]
Kristin L. Holland
Attorneys for Specially Appearing
Moving Party Zango, Inc.

**DECLARATION OF KEVIN OSBORN**

I, Kevin Osborn, declare as follows:

1. I am over the age of eighteen and have personal knowledge of the facts as set forth herein. I could and would testify hereto if called as a witness. I make this Declaration in support of this Motion to Quash Service of Summons.

2. I am the Associate General Counsel, Law and Corporate Affairs, of Zango, Inc. ("Zango"). I make this Declaration to describe the delivery of a package of materials to Zango and to explain the defects in service, and for no other purpose. In making this declaration, it is not my intention to, nor do I, reveal any privileged or otherwise protected information. In addition, I do not hereby waive any privilege or doctrine protecting information known to me through my role as Associate General Counsel for Zango.

3. On or about February 20, 2007, a messenger dropped off a package of documents with Zango's receptionist. I was given the package and examined its contents; what I describe below is the condition of the contents as delivered.

4. Zango's receptionist is not authorized to accept service of process for Zango.

5. Included within the package of documents were several pages labeled "Summons."

6. The summons to Zango is attached hereto as Exhibit 1.

7. On the summons to Zango, boxes "2" and "4" are checked in the section entitled "Notice to the Person Served." Box 2 provides: "as the person sued under the fictitious name of (specify): Doe 1." Box 4 provides: "by personal delivery on (date): [left blank]." The summons is undated and Box 3, which is used to indicate who is being served on behalf of an entity defendant, is left blank. In addition, the "on behalf of (specify):" box and the CCP 416.10 box both have a red X whited-out with what appears to be some kind of correction fluid.

8. Zango has not received any of these documents by subsequent mailing, to my knowledge.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this was executed at Bellevue, Washington on this 20th day of March, 2007.

Kevin Osborn

Exhibit 1

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

NOTICE TO DEFENDANT: ZANGO, INC.
*(AVISO AL DEMANDADO):*
180SOLUTIONS, INC. a Washington Corporation; METRICS DIRECT, KEITH SMITH, DANIEL TODD, KENNETH SMITH and DOES 1 through 50 inclusive,

YOU ARE BEING SUED BY PLAINTIFF:
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ROBIN PHILLIPS, individually and on behalf of all those similarly situated and on behalf of the general public,

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SAN JOAQUIN COUNTY SUPERIOR COURT
222 EAST WEBER STREET
STOCKTON, CA. 95207

CASE NUMBER: *(Número del Caso):* CV 029557

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
BRONSON & ASSOCIATES - ATTORNEYS AT LAW
MARTHA BRONSON, ESQ. #133396 - 15 WEST 8TH STREET, SUITE A, TRACY, CA. PHONE: 209-830-0400

DATE: *(Fecha)* NOV 6 2006 ROSA JUNQUEIRO Clerk, by *(Secretario)* NORMA C. ULIBARRI, Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

NOTICE TO THE PERSON SERVED: You are served
1. ☐ as an individual defendant.
2. ☒ as the person sued under the fictitious name of *(specify):* Doe 1,
3. on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☒ by personal delivery on *(date):*



Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

SUMMONS

Code of Civil Procedure §§ 412.20, 465

www.accesslaw.com

# PROOF OF SERVICE

STATE OF CALIFORNIA )
) ss
COUNTY OF LOS ANGELES )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Katten Muchin Rosenman LLP, 2029 Century Park East, Suite 2600, Los Angeles, CA 90067-3012. On March 21, 2007, I served the within documents:

**ZANGO, INC.'S NOTICE OF MOTION AND MOTION TO QUASH SERVICE OF SUMMONS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF KEVIN OSBORN**

I sent such document from facsimile machine 310.788.4471 on . I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine 310.788.4471 which confirms said transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

X by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, addressed as set forth below.

by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

Martha Bronson, Esq.
Bronson & Associates
15 West 8th Street, Suite A
Tracy, CA 95376

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than on day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on March 21, 2007, at Los Angeles, California.

Kathy Cornejo
Kathy Cornejo

Kristin L. Holland (SBN 187314)
KATTEN MUCHIN ROSENMAN LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
TEL: (310) 788-4400
FAX: (310) 788-4471

Attorneys for Specially Appearing and Moving Party 180solutions, Inc.

FILED
SUPERIOR COURT-STOCKTON
07 MAR 21 PM 4:07
ROSA JUNQUEIRO, CLERK
BY KATHY VALONE
DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN JOAQUIN

STOCKTON BRANCH

ROBIN PHILLIPS, individually and on behalf of all those similarly situated and on behalf of the general public,

Plaintiffs,

vs.

180SOLUTIONS, INC. a Washington Corporation; METRICS DIRECT, KEITH SMITH, DANIEL TODD, KENNETH SMITH and DOES 1 through 50, Inclusive,

Defendants.

Case No. CV 029557

**180SOLUTIONS, INC.'S NOTICE OF MOTION AND MOTION TO QUASH SERVICE OF SUMMONS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF KEVIN OSBORN**

Date: ~~April 24~~ May 4, 2007
Time: 9:00 a.m.
Dept.: 41

**TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, on April 24, 2007 at 9:00 a.m., or as soon thereafter as the matter may be heard, in Department 41 of the above-entitled court located at 222 E. Weber Ave, Stockton, California, specially appearing and moving party 180solutions, Inc. will and hereby does move for an order quashing the purported service of the summons in this action upon it.

This Motion to Quash is based upon California Code of Civil Procedure section 418.10(a)(1) on the grounds that the summons was not properly served and is otherwise defective.

This Motion is based upon this Notice of Motion and Motion to Quash Service of Summons, the accompanying Memorandum of Points and Authorities and Declaration of Kevin Osborn filed herewith, the pleadings and papers on file in this action, and such other oral and documentary evidence and arguments as may be considered by the Court at the hearing on this matter.

Respectfully submitted,

Dated: March 21, 2007

KATTEN MUCHIN ROSENMAN LLP
Kristin L. Holland

K. Holland

Kristin L. Holland
Attorneys for Specially Appearing
Moving Party 180solutions, Inc.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

The summons issued to moving party 180solutions, Inc. (n/k/a Zango, Inc.) is incomplete and defective. The summons was not personally served on anyone authorized to accept service for 180solutions, Inc. and no subsequent mailing was made. Moreover, the Notice section of the summons was left completely blank. Accordingly, service has not been completed and the purported service of the summons should be quashed.

### II. STATEMENT OF FACTS

On February 20, 2007, a messenger dropped off a package of documents related to this action with the receptionist of Zango, Inc. ("Zango"). (Declaration of Kevin Osborn ¶4 ("Osborn Decl.".) 180solutions, Inc. is the former name of the company now known as Zango. (Osborn Decl. ¶3.) Zango's receptionist is not authorized to accept service on behalf of 180solutions, Inc. (Osborn Decl. ¶5.)

180solutions, Inc. has not received any of these documents by subsequent mailing. (Osborn Decl. ¶9.) On the summons to 180solutions, Inc., the notice section is completely blank. (Osborn Decl. ¶¶7-8; Exhibit 1 (Summons).)

### III. LEGAL ARGUMENT

#### A. SERVICE WAS DEFECTIVE.

Plaintiffs' service was defective because the summons was not given to someone authorized to accept service and it was not mailed. Cal. Code Civ. Proc. § 415.20. Without valid service of a summons, a court never acquires jurisdiction over a defendant. Cal. Code Civ. Proc. § 418.10(a)(1). A defendant is under no duty to respond in any way to a defectively served summons. Kappel v. Bartlett, 200 Cal. App. 3d 1457, 1466, 246 Cal. Rptr. 815, 821 (1988); Ruttenberg v. Ruttenberg, 53 Cal. App. 4th 801, 808, 62 Cal. Rptr. 2d 78, 82 (1997).

Effecting service upon a corporation requires delivery of the summons and complaint to some person on behalf of the corporation. Dill v. Berquist Const. Co., 24 Cal. App. 4th 1426, 1437, 29 Cal. Rptr. 2d 746, 752 (1994). The fact that a person is authorized to receive mail on behalf of a

corporation and to sign postal receipts acknowledging delivery does not mean he or she is authorized to receive process on behalf of the corporation. Id.

Plaintiffs did not personally deliver the summons and complaint to a person authorized to accept service on behalf of 180solutions, Inc. The messenger simply dropped off the envelope with the receptionist. In addition, because 180solutions, Inc. never received a copy in the mail, Plaintiffs apparently did not follow up with a mailing of the summons and complaint. Thus, service was defective.

**B. THE SUMMONS IS INCOMPLETE AND DEFECTIVE.**

In addition, even if the summons had been properly served (and it was not), the summons itself is incomplete and defective because it fails to provide proper notice as required by California Code of Civil Procedure section 412.20. "'A summons is the process by which a court acquires personal jurisdiction over a defendant in a civil action' [citation omitted], and a defendant has an absolute right to demand that process be issued against him in a manner prescribed by law." Mannesmann Demag, Ltd. v. Superior Court (Welch), 172 Cal. App. 3d 1118, 1122 (1985). "The summons itself must notify the person to whom it is delivered of the capacity in which he or she is being served, if not named as a defendant therein or if he or she is being served on behalf of another." Weil & Brown, Cal. Prac. Guide, Civ. Proc. Before Trial, ¶ 4:90, p. 4-13 (TRG 2006).

The Judicial Council "Summons" form satisfies the statutory summons requirements if the proper information is inserted in the blanks. Cal. Civ. Proc. Code § 412.20(c). Failure to include important information in the form, however, renders the summons fatally defective. Mannesmann Demag, Ltd., supra.

In Mannesmann, the plaintiff attempted to serve the defendant, but the name of the defendant did not appear anywhere on the summons and the portion of the summons entitled "Notice to the Person Served" was left blank. The court held that the summons was defective and failed to provide the requisite notice to the defendant. Mannesmann Demag, Ltd., 172 Cal. App. 3d at 1124.

Like the defective summons in Mannesmann, the summons purportedly served on 180solutions, Inc. fails to satisfy the statutory requirements. Although a Judicial Council

"Summons" form was used, crucial information is missing or simply wrong because the notice section is completely blank. The summons is defective.

## IV. CONCLUSION

The summons was not properly served and fails to provide adequate notice to 180solutions, Inc. Consequently, the attempted service on 180solutions, Inc. is invalid and the attempted service of the defective summons should be quashed.

Dated: March 21, 2007

**KATTEN MUCHIN ROSENMAN LLP**
Kristin L. Holland

By: ______________________
Kristin L. Holland
Attorneys for Specially Appearing
Moving Party 180solutions, Inc.

**DECLARATION OF KEVIN OSBORN**

I, Kevin Osborn, declare as follows:

1. I am over the age of eighteen and have personal knowledge of the facts as set forth herein. I could and would testify hereto if called as a witness. I make this Declaration in support of this Motion to Quash Service of Summons.

2. I am the Associate General Counsel, Law and Corporate Affairs, of Zango, Inc. ("Zango"). I make this Declaration to describe the delivery of a package of materials to Zango and to explain the defects in service, and for no other purpose. In making this declaration, it is not my intention to, nor do I, reveal any privileged or otherwise protected information. In addition, I do not hereby waive any privilege or doctrine protecting information known to me through my role as Associate General Counsel for Zango.

3. 180solutions, Inc. is the former name of the company now known as Zango.

4. On or about February 20, 2007, a messenger dropped off a package of documents with Zango's receptionist. I was given the package and examined its contents; what I describe below is the condition of the contents as delivered.

5. Zango's receptionist is not authorized to accept service of process for 180solutions, Inc.

6. Included within the package of documents were several pages labeled "Summons."

7. The summons to 180solutions, Inc. is attached hereto as Exhibit 1.

8. On the summons to 180solutions, Inc., the notice section is completely blank. It appears that someone has used some kind of white "correction fluid" to obscure a red "X" in the box next to "on behalf of (specify):." There is no other mark or use of correction fluid in the notice section.

9. Neither Zango nor 180solutions, Inc. has received the summons and complaint by subsequent mailing, to my knowledge.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this was executed at Bellevue, Washington on this 20th day of March, 2007.

Kevin Osborn

Exhibit 1

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:** *180Solutions, Inc.*
***(AVISO AL DEMANDADO):***
180SOLUTIONS, INC. a Washington Corporation; METRICS DIRECT, KEITH SMITH, DANIEL TODD, KENNETH SMITH and DOES 1 through 50 inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
ROBIN PHILLIPS, individually and on behalf of all those similarly situated and on behalf of the general public,

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SAN JOAQUIN COUNTY SUPERIOR COURT
222 EAST WEBER STREET
STOCKTON, CA. 95207

CASE NUMBER:
*(Número del Caso):* CV 029557

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
BRONSON & ASSOCIATES - ATTORNEYS AT LAW
MARTHA BRONSON, ESQ. #133396 - 15 WEST 8TH STREET, SUITE A, TRACY, CA. PHONE: 209-830-0400

DATE: NOV 6 2006 ROSA JUNQUEIRO Clerk, by NORMA C. ULIBARRI, Deputy
*(Fecha)* *(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:

4. ☐ by personal delivery on *(date)*:



Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

SUMMONS

Code of Civil Procedure §§ 412.20, 465

www.accesslaw.com

## PROOF OF SERVICE

STATE OF CALIFORNIA )
) ss
COUNTY OF LOS ANGELES )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Katten Muchin Rosenman LLP, 2029 Century Park East, Suite 2600, Los Angeles, CA 90067-3012. On March 21, 2007, I served the within documents:

**180SOLUTIONS, INC.'S NOTICE OF MOTION AND MOTION TO QUASH SERVICE OF SUMMONS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF KEVIN OSBORN**

I sent such document from facsimile machine 310.788.4471 on . I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine 310.788.4471 which confirms said transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

X by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, addressed as set forth below.

by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

Martha Bronson, Esq.
Bronson & Associates
15 West 8th Street, Suite A
Tracy, CA 95376

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than on day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on March 21, 2007, at Los Angeles, California.

Kathy Cornejo
Kathy Cornejo

FILED
... COURT-STOCKTON
07 MAR 21 PM 4:07
KATHY VALONE, CLERK
BY ______ DEPUTY

Kristin L. Holland (SBN 187314)
KATTEN MUCHIN ROSENMAN LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
TEL: (310) 788-4400
FAX: (310) 788-4471

Attorneys for Specially Appearing and
Moving Party Daniel Todd

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN JOAQUIN**

**STOCKTON BRANCH**

ROBIN PHILLIPS, individually and on behalf of all those similarly situated and on behalf of the general public,

Plaintiffs,

vs.

180SOLUTIONS, INC. a Washington Corporation; METRICS DIRECT, KEITH SMITH, DANIEL TODD, KENNETH SMITH and DOES 1 through 50, Inclusive,

Defendants.

Case No. CV 029557

**DANIEL TODD'S NOTICE OF MOTION AND MOTION TO QUASH SERVICE OF SUMMONS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF KEVIN OSBORN**

Date: ~~April 24~~ May 4, 2007
Time: 9:00 a.m.
Dept.: 41

**TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, on April 24, 2007 at 9:00 a.m., or as soon thereafter as the matter may be heard, in Department 41 of the above-entitled court located at 222 E. Weber Ave, Stockton, California, specially appearing and moving party Daniel Todd will and hereby does move for an order quashing the purported service of the summons in this action upon it.

Mr. Todd's Motion to Quash is based upon California Code of Civil Procedure section 418.10(a)(1) on the grounds that the summons was not properly served and is otherwise defective.

This Motion is based upon this Notice of Motion and Motion to Quash Service of Summons, the accompanying Memorandum of Points and Authorities and Declaration of Kevin Osborn filed herewith, the pleadings and papers on file in this action, and such other oral and documentary evidence and arguments as may be considered by the Court at the hearing on this matter.

Respectfully submitted,

Dated: March 21, 2007

KATTEN MUCHIN ROSENMAN LLP
Kristin L. Holland

Kristin L. Holland
Attorneys for Specially Appearing
Moving Party Daniel Todd

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The summons issued to moving party Daniel Todd is incomplete and defective. The summons erroneously provides that it was personally delivered, when it was not personally served on Mr. Todd or anyone authorized to accept service on his behalf no subsequent mailing was made. Moreover, the Notice section of the summons is incomplete and defective. Accordingly, service has not been completed and the purported service of the summons should be quashed.

## II. STATEMENT OF FACTS

On February 20, 2007, a messenger dropped off a package of documents related to this action with the receptionist of Zango, Inc. ("Zango"). (Declaration of Kevin Osborn ¶3 ("Osborn Decl.".) Included in the packet was an incomplete, undated summons to Daniel Todd. (Osborn Decl. ¶4.) Mr. Todd is an employee of Zango. (Osborn Decl. ¶5.) Zango's receptionist is not authorized to accept service on behalf of Mr. Todd. (Osborn Decl. ¶6.) Neither Zango nor Mr. Todd received any of these documents by subsequent mailing. (Osborn Decl. ¶9.)

On the summons to Mr. Todd, boxes "1" and "3" are checked in the section entitled "Notice to the Person Served." Box 1 provides that Mr. Todd is being served "as an individual defendant." Box 3 provides that Mr. Todd is being served "on behalf of" "180 Solutions, Inc, Metric Direct Zango, Inc, as Doe 1-50." Box 4 is unchecked and the summons is undated. (Osborn Decl. ¶¶7-8; Exhibit 1 (Summons).)

## III. LEGAL ARGUMENT

### A. SERVICE WAS DEFECTIVE.

Plaintiffs' service was defective because the summons was not delivered to Mr. Todd or given to someone authorized to accept service on his behalf. Furthermore, it was not mailed. Cal. Code Civ. Proc. § 415.20. Without valid service of a summons, a court never acquires jurisdiction over a defendant. Cal. Code Civ. Proc. § 418.10(a)(1). A defendant is under no duty to respond in any way to a defectively served summons. Kappel v. Bartlett, 200 Cal. App. 3d 1457, 1466, 246 Cal. Rptr. 815, 821 (1988); Ruttenberg v. Ruttenberg, 53 Cal. App. 4th 801, 808, 62 Cal. Rptr. 2d 78, 82 (1997).

Effecting service upon a corporation requires delivery of the summons and complaint to some person on behalf of the corporation. Dill v. Berquist Const. Co.., 24 Cal. App. 4th 1426, 1437, 29 Cal. Rptr. 2nd 746, 752 (1994). The fact that a person is authorized to receive mail on behalf of a corporation and to sign postal receipts acknowledging delivery does not mean he or she is authorized to receive process on behalf of the corporation. Id.

Service on Mr. Todd on behalf of "180 Solutions, Inc, Metric Direct Zango, Inc. as Doe 1-50" is defective. Plaintiffs did not personally deliver the summons to Mr. Todd or to anyone authorized to accept service on his behalf. The messenger simply dropped off the envelope with the receptionist. In addition, Plaintiffs apparently did not follow up with a mailing of the summons and complaint to Mr. Todd.

Moreover, service on Mr. Todd as an individual defendant was also defective because substitute service is not available for individual defendants unless personal service is first attempted. Cal. Code Civ. Proc. § 415.20(b) (there must be a showing that summons "cannot with reasonable diligence be personally delivered"). Plaintiffs bear the burden of proof on this issue and must show that reasonable attempts were made to serve Mr. Todd personally before resorting to substitute service. Evartt v. Sup. Ct. (Kellett), 89 Cal. App. 3d 795, 801, 152 Cal. Rptr. 836, 839 (1979). Even if substitute service were available, because Plaintiffs failed to follow up with a mailing, the service was defective for that reason as well.

**B. THE SUMMONS IS INCOMPLETE AND DEFECTIVE.**

In addition, even if the summons had been properly served (and it was not), the summons itself is incomplete and defective because it fails to provide proper notice as required by California Code of Civil Procedure section 412.20. "'A summons is the process by which a court acquires personal jurisdiction over a defendant in a civil action' [citation omitted], and a defendant has an absolute right to demand that process be issued against him in a manner prescribed by law." Mannesmann Demag, Ltd. v. Superior Court (Welch), 172 Cal.App.3d 1118, 1122 (1985). "The summons itself must notify the person to whom it is delivered of the capacity in which he or she is being served, if not named as a defendant therein or if he or she is being served on behalf of another." Weil & Brown, Cal. Prac. Guide, Civ. Proc. Before Trial, ¶ 4:90, p. 4-13 (TRG 2006).

The Judicial Council "Summons" form satisfies the statutory summons requirements – so long as the proper information is inserted in the blanks. Cal. Civ. Proc. Code § 412.20(c). Failure to include important information in the form, however, renders the summons fatally defective. Mannesmann Demag, Ltd., supra.

In Mannesmann, the plaintiff attempted to serve the defendant, but the name of the defendant did not appear anywhere on the summons and the portion of the summons entitled "Notice to the Person Served" was left blank. The court held that the summons was defective and failed to provide the requisite notice to the defendant. Mannesmann Demag, Ltd., 172 Cal.App.3d at 1124.

Like the defective summons in Mannesmann, the summons purportedly served on Mr. Todd fails to satisfy the statutory requirements. Although a Judicial Council "Summons" form was used, crucial information is missing or simply wrong: (1) the notice is undated; (2) Box 4 is blank, so the method of purported service is unclear; and (3) Mr. Todd cannot be served on behalf of "Doe 1-50," as those parties (with the exception of Zango, Inc. as Doe 1) are unidentified. (Osborn Decl. ¶¶7-8; Exhibit 1 (Summons).). Without this information, the summons is defective.

## IV. CONCLUSION

The summons was not properly served and fails to provide adequate notice to Mr. Todd. Consequently, the attempted service on Mr. Todd is invalid and the attempted service of the defective summons should be quashed.

Dated: March 21, 2007

**KATTEN MUCHIN ROSENMAN LLP**
Kristin L. Holland

By: ______________________
Kristin L. Holland
Attorneys for Specially Appearing
Moving Party Daniel Todd

## DECLARATION OF KEVIN OSBORN

I, Kevin Osborn, declare as follows:

1. I am over the age of eighteen and have personal knowledge of the facts as set forth herein. I could and would testify hereto if called as a witness. I make this Declaration in support of this Motion to Quash Service of Summons.

2. I am the Associate General Counsel, Law and Corporate Affairs, of Zango, Inc. ("Zango"). I make this Declaration to describe the delivery of a package of materials to Zango and to explain the defects in service, and for no other purpose. In making this declaration, it is not my intention to, nor do I, reveal any privileged or otherwise protected information. In addition, I do not hereby waive any privilege or doctrine protecting information known to me through my role as Associate General Counsel for Zango.

3. On or about February 20, 2007, a messenger dropped off a package of documents with Zango's receptionist. I was given the package and examined its contents; what I describe below is the condition of the contents as delivered.

4. Included in the package was an incomplete, undated summons to Daniel Todd.

5. Mr. Todd is an employee of Zango.

6. Zango's receptionist is not authorized to accept service on behalf of Mr. Todd.

7. The summons to Daniel Todd is attached hereto as Exhibit 1.

8. On the summons to Mr. Todd, boxes "1" and "3" are checked in the section entitled "Notice to the Person Served." Box 1 provides that Mr. Todd is being served "as an individual defendant." Box 3 provides that Mr. Todd is being served "on behalf of" "180 Solutions, Inc, Metric Direct Zango, Inc, as Doe 1-50." Box 4 is unchecked and the summons is undated.

9. Neither Zango nor Mr. Todd has received the summons and complaint by subsequent mailing, to my knowledge.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this was executed at Bellevue, Washington on this 20th day of March, 2007.

Kevin Osborn

Exhibit 1

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

NOTICE TO DEFENDANT: DANIEL TODD
(AVISO AL DEMANDADO):
180SOLUTIONS, INC. a Washington Corporation; METRICS DIRECT, KEITH SMITH, DANIEL TODD, KENNETH SMITH and DOES 1 through 50 inclusive,

YOU ARE BEING SUED BY PLAINTIFF:
(LO ESTÁ DEMANDANDO EL DEMANDANTE):
ROBIN PHILLIPS, individually and on behalf of all those similarly situated and on behalf of the general public,

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
(El nombre y dirección de la corte es):
SAN JOAQUIN COUNTY SUPERIOR COURT
222 EAST WEBER STREET
STOCKTON, CA. 95207

CASE NUMBER:
(Número del Caso): CV 029557

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
BRONSON & ASSOCIATES - ATTORNEYS AT LAW
MARTHA BRONSON, ESQ. #133396 - 15 WEST 8TH STREET, SUITE A, TRACY, CA. PHONE: 209-830-0400

DATE: NOV 6 2006 ROSA JUNQUEIRO Clerk, by NORMA C. ULIBARRI, Deputy
(Fecha) (Secretario) (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

NOTICE TO THE PERSON SERVED: You are served
1. ☒ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): 180 Solutions, Inc., Metric Direct Zango, Inc, or DOE 1-50

under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other (specify):

4. ☐ by personal delivery on (date):

# PROOF OF SERVICE

STATE OF CALIFORNIA )
) ss
COUNTY OF LOS ANGELES )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Katten Muchin Rosenman LLP, 2029 Century Park East, Suite 2600, Los Angeles, CA 90067-3012. On March 21, 2007, I served the within documents:

**DANIEL TODD'S NOTICE OF MOTION AND MOTION TO QUASH SERVICE OF SUMMONS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF KEVIN OSBORN**

I sent such document from facsimile machine 310.788.4471 on . I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine 310.788.4471 which confirms said transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

X by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, addressed as set forth below.

by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

Martha Bronson, Esq.
Bronson & Associates
15 West 8th Street, Suite A
Tracy, CA 95376

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than on day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on March 21, 2007, at Los Angeles, California.

Kathy Cornejo

Kathy Cornejo