Kristin L. Holland (SBN 187314)
Gregory S. Korman (SBN 216931)
KATTEN MUCHIN ROSENMAN LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
TEL: (310) 788-4400
FAX: (310) 788-4471
kristin.holland@kattenlaw.com
gregory.korman@kattenlaw.com

Floyd A. Mandell (*Pro Hac Vice Application To Be Filed)*
KATTEN MUCHIN ROSENMAN LLP
525 West Monroe, Chicago, Illinois 60661
Telephone: 312.902.5200
Facsimile: 312.902.1061
floyd.mandell@kattenlaw.com

Attorneys for defendants Zango, Inc., 180solutions, Inc. (n/k/a Zango, Inc.), MetricsDirect (n/k/a Zango Ad Services), Keith Smith, Daniel Todd and Kenneth Smith

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

| | |
|---|---|
| ROBIN PHILLIPS, individually and on behalf of all those similarly situated and on behalf of the general public,<br><br>Plaintiffs,<br>vs.<br>180SOLUTIONS, INC. a Washington Corporation; METRICS DIRECT, KEITH SMITH, DANIEL TODD, KENNETH SMITH and DOES 1 through 50, Inclusive,<br><br>Defendants. | Case No. 2:07-CV-01167-FCD-EFB<br><br>**DECLARATION OF GREGORY S. KORMAN IN SUPPORT OF DEFENDANTS' OBJECTIONS TO STATUS (PRETRIAL SCHEDULING) ORDER** |



Dockets.Justia.com

**DECLARATION OF GREGORY S. KORMAN**

I, Gregory S. Korman, declare:

1. I am an associate in the firm of Katten Muchin Rosenman LLP, attorneys of record for defendants Zango, Inc., 180solutions, Inc. (n/k/a Zango, Inc.), MetricsDirect (n/k/a Zango Ad Services), Keith Smith, Daniel Todd and Kenneth Smith (collectively "Defendants") in the above-captioned action. I submit this declaration in support of Defendants' Objections to Status (Pretrial Scheduling) Order.

2. Plaintiff filed this action in November 2006. Plaintiff did not validly serve Defendants, however, until May 17, 2006.

3. Because of the evidentiary significance of Plaintiff's hard drive(s), my firm endeavored to ensure that all data it/they contains is preserved. On June 6, 2007, my colleague, Kristin Holland, sent a data preservation letter to Plaintiff's counsel demanding that Plaintiff preserve her hard drive, all electronically stored information on that hard drive, and any other evidence relating to Plaintiff's computer(s). Ms. Holland's June 6, 2007 letter requested immediate confirmation that Plaintiff would adhere to her obligation to preserve evidence. A copy of Ms. Holland's June 6, 2007 letter is attached as Exhibit A. Plaintiff's counsel declined to respond to that correspondence.

4. On June 26, 2007, Ms. Holland sent another letter to Plaintiff's counsel noting the absence of a response to her June 6, 2007 letter and requesting confirmation that Plaintiff was preserving the data contained on her hard drive and other media. A copy Ms. Holland's June 26, 2007 is attached as Exhibit B. Plaintiff's counsel declined to respond to that correspondence.

///

///

///

///

///

///

///

5. Pursuant to the Court's Order Requiring Status Report, the parties' Joint Status Report was due August 15, 2007. In mid-July, approximately four weeks before the Joint Status Report was due, I contacted Plaintiff's counsel by telephone to confer about the Report. During that initial call, I proposed stipulating to an initial 60-day discovery phase which would be limited to imaging and inspecting Plaintiff's hard drive(s) to determine whether Defendants' software ever resided on Plaintiff's computer. I explained to Plaintiff's counsel that the threshold issue in the case was whether Defendants' software ever resided on Plaintiff's computer in the first place. I told Plaintiff's counsel that resolving this issue at the outset benefited Defendants by potentially avoiding unnecessary litigation expense, and benefited Plaintiff's counsel by ensuring compliance with her obligations under Rule 11 of the Federal Rules of Civil Procedure. During that conversation, Plaintiff's counsel orally agreed to my proposal for this initial phase of discovery. During the call, I proposed that the parties use a nationally-known third-party forensic computer consulting firm such as Kroll Ontrack or AON (which has offices located in the Sacramento area). Plaintiff's counsel and I agreed to use AON as the consultant that would image the Plaintiff's equipment. Finally, I offered to prepare an initial draft of the Report.

6. I prepared for and participated in a jury trial in the Central District of California that ended on August 3, 2007 (a Friday), and had not circulated a draft by August 5, 2007 (a Sunday). On August 5, 2007, Plaintiff's counsel e-mailed to me a draft of the Joint Status Report. A copy of Plaintiff's counsel's draft is attached as Exhibit C.

///

///

///

///

///

///

///

///

///

7. Over the next two days, I revised Plaintiff's draft of the Report. These revisions included insertion of the then agreed-upon concept of the initial 60-day phase for inspection of Plaintiff's hard drive, which Plaintiff's counsel had omitted from her first draft. I e-mailed the revised draft on August 8, 2007, seven days before the Report was due to be filed. A copy of my e-mail and revised draft is attached as Exhibit D.

8. Plaintiff's counsel did not respond to my revisions in any way for the rest of the week. On the morning of August 13, 2007, I sent Plaintiff's counsel an e-mail reattaching the revisions and soliciting a telephone call to discuss them. Plaintiff's counsel responded that she would be available for a call the following morning.

9. On August 14, 2007, I initiated the call expecting to discuss revisions. Plaintiff's counsel told me that she had not yet reviewed Defendants' revisions. I offered to wait on the phone while she reviewed the revisions. After doing so, Plaintiff's counsel told me that she agreed to all the terms except for the 60-day initial discovery phase. When I reminded Plaintiff's counsel that she had already agreed to this concept, she denied any such agreement. After further discussion, Plaintiff's counsel stated that she agreed that inspecting the computers should be the first step in the litigation, but did not want to include that concept in the Joint Report because she did not want to be bound by a Court order.

10. Plaintiff's counsel's change of position on this issue required further revisions to the Report, which Defendants' counsel made and forwarded approximately an hour later. A copy of my e-mail and attached revisions is attached as Exhibit E.

11. By 3:21 p.m., Plaintiff's counsel had not responded to my revisions. I sent an e-mail following up. A copy of my e-mail sent at 3:21 p.m. on August 14, 2007 is attached as Exhibit F. Plaintiff's counsel did not respond to this e-mail.

12. By 6:04 p.m., on August 14, 2007, Plaintiff's counsel still had not responded. I sent another e-mail inquiring about the status of Plaintiff's revisions. A copy of my e-mail sent at 6:04 p.m. on August 14, 2007 is attached as Exhibit G. Plaintiff's counsel did not respond to this e-mail.

///

///

13. Plaintiff's counsel still had not responded by 9:57 a.m., the day the Joint Report was due. I sent another e-mail at that time soliciting a response. A copy of my e-mail sent at 9:57 a.m. on August 15, 2007 is attached as Exhibit H. Plaintiff's counsel did not respond to this e-mail.

14. At approximately 11:00 a.m., I called Plaintiff's counsel's office and left a message with her receptionist.

15. By 1:12 p.m., I had still heard nothing from Plaintiff's counsel. I sent an e-mail reciting the record reflected in the foregoing e-mails, and advised that unless I received Plaintiff's revisions by 4:30 p.m., Defendants would file a unilateral report. A copy of my e-mail sent at 1:12 p.m. on August 15, 2007 is attached as Exhibit I.

16. Although Plaintiff's counsel ignored this e-mail as well, at exactly 4:30 p.m., Plaintiff's counsel e-mailed me a revised joint report containing typographical and grammatical errors. A copy of Plaintiff's counsel's e-mail and attached revised joint report is attached as Exhibit J.

17. Fifteen minutes later, I sent an e-mail offering to revise the errors in Plaintiff's submission, but received no response. A copy of my 4:45 p.m. e-mail dated August 15, 2007 is attached as Exhibit K. Since I received no response, I filed the Joint Report in the form provided by Plaintiff's counsel.

18. At 5:50 p.m., Plaintiff's counsel sent an e-mail apologizing for not responding sooner. Then, at 6:56 p.m., Plaintiff's counsel sent an e-mail blaming me for the delay and questioning the well-documented factual record. Copies these correspondence are attached together as Exhibit L.

19. On August 29, 2007, I sent Plaintiff's counsel an e-mail attempting to schedule pick-up of Plaintiff's computer(s) by third-party forensic consultant AON. A copy of my August 29, 2007 e-mail is attached as Exhibit M. Plaintiff's counsel ignored that e-mail.

20. Pursuant to the Joint Status Report, the parties agreed to produce their initial disclosures under Rule 26 no later than by August 31, 2007. Defendants served initial disclosures on August 30, 2007. Plaintiff did not timely serve disclosures.

///

///

21. On September 13, 2007, Defendants' counsel sent another letter again attempting to arrange for forensic imaging of Plaintiff's hard drive(s). Plaintiff's counsel ignored that letter as well. A copy of my letter dated September 13, 2007 is attached as Exhibit N.

22. On September 27, 2007, the Court issued its Status Order. That order sets the pre-certification discovery cut-off on January 9, 2007. The dates agreed upon by Defendants in the Joint Status Report were premised on the understanding that Plaintiff would produce her hard drive(s) for imaging in a reasonably prompt fashion as counsel discussed. Because Plaintiff's counsel has declined to produce the drive(s) or cooperate to accomplish their production, the pre-certification cut-off is just over three months away and Defendants have no way of knowing if their software ever resided on Plaintiff's computer.

23. On September 28, 2007, I sent another letter to Plaintiff's counsel again requesting assistance in coordinating production of Plaintiff's computers and demanding Plaintiff's initial disclosures, which were by then a month overdue. My letter specifically notified Plaintiff's counsel that if she failed to respond by October 2, 2007, Defendants would raise this issue with the Court. The letter also notified Plaintiff's counsel that Defendants would raise Plaintiff's failure to provide initial disclosures. Plaintiff's counsel did not respond by October 2, 2007, and defense counsel began preparing this filing. A copy of my letter dated September 28, 2007 is attached as Exhibit O.

24. On Friday, October 5, 2007, Plaintiff's counsel faxed a one-paragraph letter characterizing her failure to respond to months of correspondence as "delay" and attributing it to "other cases which happened to have priority." Plaintiff's counsel's letter also stated that it had taken time for her to locate a "technician." A copy of Plaintiff's October 5, 2007 letter is attached as Exhibit P.

25. At about the same time, Plaintiff's counsel faxed what purported to be Plaintiff's initial disclosures. The "disclosures" contain virtually no information. A copy of Plaintiff's initial disclosures is attached as Exhibit Q.

///

///

///

26. My colleague, Ms. Holland responded in writing immediately, demanding that Plaintiff cease and desist from engaging in any unilateral activity that might further spoliate the hard drive(s). Defendants' counsel requested confirmation that Plaintiff's counsel would not take any further action relating to the drive(s) and solicited a date upon which a third-party service could inspect and image the drive(s). A copy of Ms. Holland's letter dated October 5, 2007 is attached as Exhibit R.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this was executed on October 8, 2007.

Gregory S. Korman

# EXHIBIT A

**Katten**
KattenMuchinRosenman LLP

2029 Century Park East
Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel
310.788.4471 fax
KRISTIN L. HOLLAND
kristin.holland@kattenlaw.com
310.788.4647 direct
310.712.8424 fax

June 6, 2007

Via Facsimile and Mail Delivery

Martha Bronson
Bronson & Associates
15 West 8th Street
Tracy, California 95376

**Re: Phillips v. 180solutions, Inc. et al.**

Dear Ms. Bronson,

This firm represents defendants Zango, Inc., 180solutions, Inc. (n/k/a Zango, Inc.), MetricsDirect (n/k/a Zango Ad Services), Keith Smith, Daniel Todd and Kenneth Smith in the referenced action. This is a time-sensitive communication that requires your prompt attention and response.

Under California law, your client was and is obliged to preserve any and all discoverable documents and evidence upon filing this action. Coca-Cola Bottling Co. v. Super. Ct., 233 Cal. App. 3d 1273, 1293 & n.10 (1991). This obligation extends to electronically stored information as well. In the referenced lawsuit, that obligation is materially significant given that critically relevant electronically stored information is currently solely within the possession, custody or control of your client, or those acting on your client's behalf (including, without limitation, you, your firm, any expert, consultant or other person or entity operating at the direction, instruction or request of you, your firm, your expert or consultant or your client) (collectively, "Plaintiff").

Consequently, we demand that Plaintiff immediately take all action necessary to ensure that any and all computer(s), internal/external data drives, and all other electronic storage media that form the basis for, or are in any way relevant to or may be subject to discovery regarding, any allegation, fact or cause of action asserted in the referenced action be immediately shut down and secured from, and preserved against, any alteration, modification, mutilation, destruction or use whatsoever. ("Use," for purposes of this correspondence, shall be construed in the broadest sense possible to prevent evidence spoliation and, as used herein, means that there shall be no inspection, copying and/or analysis of such computer(s) and drives until otherwise agreed to in writing between counsel for the parties and/or allowed by the Court pursuant to an agreed-upon protocol.)

Katten
KattenMuchinRosenman LLP

Martha Bronson
June 6, 2007
Page 2

Further, we demand that any and all downloads, images or copies of such computer(s), data drives and/or electronic storage media, along with any information, coding, metadata, programs and any other matter downloaded, imaged or copied from such computer(s), data drives and/or electronic storage media at any time (including, but not limited to, any hard-copy documents and any electronic, digital or diskette copies/downloads), be immediately secured and preserved for production, copying and/or inspection in connection with this litigation.

Please confirm in writing by close of business on June 7, 2007 that you have received this correspondence and that you agree to comply with our demand and your client's litigation duties. I look forward to hearing from you.

This should not be construed as a waiver of any of Defendants' rights, all of which are expressly reserved.

Very truly yours,

K. Holland

Kristin L. Holland

KLH:aaa

cc: Floyd A. Mandell, Esq.
Kristin J. Achterhof, Esq.
Gregory S. Korman, Esq.

# EXHIBIT B

Katten
KattenMuchinRosenman LLP

2029 Century Park East
Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel
310.788.4471 fax

KRISTIN L. HOLLAND
kristin.holland@kattenlaw.com
310.788.4647 direct
310.712.8424 fax

June 26, 2007

Via Facsimile and Mail Delivery

Martha Bronson
Bronson & Associates
15 West 8th Street
Tracy, California 95376

**Re: Phillips v. 180solutions, Inc. et al.**

Dear Ms. Bronson,

This follows my letter dated June 6, 2007 concerning preservation of computer evidence. In that letter, I specifically called to your attention plaintiff's duty to preserve all discoverable material and requested that you (a) acknowledge receipt of my correspondence and (b) confirm your intention to comply with defendants' demand. We have received nothing from you on these subjects since June 6. We have serious concerns about your silence on this threshold issue.

As you may be aware, this action has now been removed to federal court. Proceeding with the allegations in the complaint without factual support falls within the ambit of Rule 11. Failure to preserve electronic evidence, particularly in an action such as this, will have serious consequences. *See, e.g., Leon v. IDX Systems Corp.* 464 F.3d 951 (9th Cir. 2006); *Zubukake v. UBS Warburg, LLC,* 2005 WL 266766 (S.D.N.Y. 2005).

I reiterate the requests in my June 6 letter and must now insist that you confirm your client has preserved any and all computers and electronic storage media that relate to any claims in this litigation. I look forward to hearing from you no later than close of business on June 27, 2007. Defendants intend to bring this matter to the court's attention immediately if plaintiff again fails to respond or responds that certain (or all) discoverable material has not been preserved.

This letter is not a waiver of any of my clients' rights, all of which are expressly reserved.

Very truly yours,

K Holland

Kristin L. Holland
KLH:aaa

Katten
KattenMuchinRosenman LLP



cc: Floyd A. Mandell, Esq.
Kristin J. Achterhof, Esq.
Gregory S. Korman, Esq.

# EXHIBIT C

**Korman, Gregory S.**

---

**From:** Martha Bronson [mslawyer@thelaw.bz]
**Sent:** Sunday, August 05, 2007 9:52 PM
**To:** Korman, Gregory S.
**Subject:** phillips v. 1800 SOLUTIONS, ZANGO et al.
**Attachments:** image002.emz; joint status report DRAFT.doc

BRONSON & ASSOCIATES
MARTHA BRONSON, ESQ. SB #133396
Attorneys & Counselors at Law
15 West 8th Street, Suite A
TRACY, CA 95376
PHONE: 209-830-0400 FAX: 209-832-5000
E-MAIL: mslawyer@thelaw.bz WEBSITE: http://www.thelaw.bz

Under separate cover and again with this e-mail we send you a draft joint status conference since I have not received the one you promised over two weeks ago. Please insert your input and e-mail back to me using the above address. If you use another addresss, it may end up in the spam file so please use the above address to prevent misplacement.

Sincerely,

BRONSON & ASSOCIATES

By: /s/ Martha Bronson .
MARTHA BRONSON, ESQ.

Exhibit C

**Korman, Gregory S.**

---

**From:** Martha Bronson [mslawyer@thelaw.bz]
**Sent:** Wednesday, August 15, 2007 4:30 PM
**To:** Korman, Gregory S.
**Subject:** FINAL VERSION OF JOINT STATUS REPORT
**Attachments:** image002.emz; final edited version of status report (3).DOC

BRONSON & ASSOCIATES
MARTHA BRONSON, ESQ. SB #133396
Attorneys & Counselors at Law
15 West 8th Street, Suite A
TRACY, CA 95376
PHONE: 209-830-0400 FAX: 209-832-5000
E-MAIL: mslawyer@thelaw.bz WEBSITE: http://www.thelaw.bz

We caused your changes to be accepted in the document and then edited as you wll see in the attached final. Please accept our changes through the tracking device, do not make any further changes and then place your indicated signature on the last page and file. Thank you.

Sincerely,

BRONSON & ASSOCIATES

By: /s/ Martha Bronson .
MARTHA BRONSON, ESQ.

---

CONFIDENTIALITY NOTICE:
This electronic mail message and any attached files contain information intended for the exclusive use of the individual or entity to whom it is addressed and may contain information that is proprietary, privileged, confidential and/or exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any viewing, copying, disclosure or distribution of this information may be subject to legal restriction or sanction. Please notify the sender, by electronic mail or telephone, of any unintended recipients and delete the original message without making any copies.

---

**BRONSON & ASSOCIATES**
ATTORNEYS AT LAW
MARTHA BRONSON, ESQ. #133396
15 WEST 8TH STREET, SUITE A
TRACY, CA 95376
209-830-0400 Fax: 209-832-5000
E-Mail: mslawyer@thelaw.bz
Dedicated website: http://www.thelaw.bz/popus.

Attorneys for Plaintiffs and Putative Class Members

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

ROBIN PHILLIPS, individually and all those similarly situated,

Plaintiffs,

vs.

180 SOLUTIONS, ZANGO, INC.,

Defendants.

CASE NO.: 2:07-CV-01167-FCD-EFB

JOINT STATUS REPORT

Pursuant to Order Setting Status (Pretrial Scheduling) Conference dated June 15, 2007, plaintiff and defendants hereby submit their Joint Status Report:

**(a) Summary of Facts:**

Plaintiffs contend that Defendants have engaged in unlawful advertising, marketing and distributing of software and other products through defendants' unlawful covertly placed software code onto the general public's computers. Plaintiffs further contend that Defendants' covertly placed software code affects computers by, among other things: (a) redirecting home pages; installing numerous advertising and other software programs; installing icons onto computer desktop screens, including some that are sexually explicit icons; installing tool bars in the browser window; computer slow down; computer crashes; loss of computer data; and continuous pop up advertisements, all of which interferes with the use and enjoyment of the computer.

Plaintiffs seek injunctive, compensatory and punitive damages on the following primary theories of liability: Invasion of privacy and the Right of Association, trespass to chattels, interference with use and enjoyment of personal property; nuisance, conversion, computer malfunction and destruction of personal property, in violation of California Civil Code §1770 et seq. and California Business and Professions Codes §17200, 17500 and 22947.

**(b) Progress in the Service of Process:**

All parties have answered.

**(c) Possible Joinder of Additional Parties:**

Joinder of additional parties is not contemplated at this time, but plaintiff reserves the right to do so in the future depending upon the outcome of discovery.

**(e) Jurisdiction and venue:**

Jurisdiction based on diversity under CAFA. Venue based on named plaintiffs' residency in San Joaquin. **Any expected or desired amendment of pleadings:**

None anticipated at this time, but plaintiffs reserve the right to motion the court for any appropriate amendments as may be deemed necessary in light of discovery and any other further developments in the case.

**(f) Anticipated discovery and scheduling of discovery:**

Plaintiffs intend to serve demand for documents, special interrogatories, request for admissions. Plaintiff will also take the deposition of: officers of Zango, Inc., officers of and custodian of records of other entities that are distributors of Zango's software and Ad Clients. The number and length of such depositions is unknown, but it is anticipated there are at least ten Ad Clients and many more software distributors. Further discovery based upon receipt of defendants' responses to demand for production of documents and answers to interrogatories is also expected.

(g) **Anticipated motions and scheduling thereof:**

Plaintiff will file a Motion to Certify within 60 days or longer depending on further need for

discovery to prepare the motion. Outside of a preliminary injunction motion, Plaintiff finds that it is to early in this litigation to determine the need for other motions outside those typically experienced in litigation.

**(h) Proposed date for final pretrial conference**

Plaintiff preliminarily believes December, 2008 may be appropriate for a final pretrial conference.

**(i) Proposed date for trial, estimate of days of trial and whether any party has demanded a jury**

Plaintiff should be ready for trial in early 2009 and estimates 6 days for trial by jury.

**(j) Appropriateness of special procedures**

Plaintiffs contend that none are expected at this time.

**(k) Proposed modification of standard pretrial procedures because of the simplicity or complexity of case**

Plaintiff does not expect any at this time..

**(l) Related cases: [PLEASE FILL IN THIS SECTION]**

**(m) Prospects for settlement**

Plaintiff remains hopeful, but does not see that settlement is in the near future

Dated: 10/8/2007

BRONSON & ASSOCIATES

By:/S/ MARTHA BRONSON
MARTHA BRONSON, ESQ. #133396

KATTEN MUCHIN ROSENMAN LLP

By:/S/ KRISTEN HOLLAND
KRISTEN . HOLLAND, ESQ. #164053

# EXHIBIT D

**Korman, Gregory S.**

**From:** Korman, Gregory S.
**Sent:** Wednesday, August 08, 2007 4:30 PM
**To:** 'mslaw@thelaw.bz'
**Subject:** Zango adv. Robin Phillips
**Attachments:** final draft status report.DOC¤

Ms. Bronson:

Here are our revisions to the joint status report. Let's talk tomorrow or Friday about any issues you may have (or defendants' suggestions that you agree to). I am available all day tomorrow and in the morning on Friday. What time and date is good for you?

Thanks in advance for your ongoing cooperation.

Regards,

Greg

Gregory S. Korman
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067
tel 310.788.4421
fax 310.712.8276
gregory.korman@kattenlaw.com*

*Please note my email address has changed.

Kristin L. Holland (SBN 187314)
Gregory S. Korman (SBN 216931)
KATTEN MUCHIN ROSENMAN LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
TEL: (310) 788-4400
FAX: (310) 788-4471
kristin.holland@kattenlaw.com
gregory.korman@kattenlaw.com

Floyd A. Mandell (*Pro Hac Vice Application To Be Filed)*
KATTEN MUCHIN ROSENMAN LLP
525 West Monroe, Chicago, Illinois 60661
Telephone: 312.902.5200
Facsimile: 312.902.1061
floyd.mandell@kattenlaw.com

Attorneys for defendants Zango, Inc., 180solutions, Inc. (n/k/a Zango, Inc.), MetricsDirect (n/k/a Zango Ad Services), Keith Smith, Daniel Todd and Kenneth Smith

**BRONSON & ASSOCIATES**
ATTORNEYS AT LAW
MARTHA BRONSON, ESQ. #133396
15 WEST 8TH STREET, SUITE A
TRACY, CA 95376
209-830-0400 Fax: 209-832-5000
E-Mail: mslawyer@thelaw.bz
Dedicated website: http://www.thelaw.bz/popus.

Attorneys for Plaintiffs and Putative Class Members

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

| | |
|---|---|
| ROBIN PHILLIPS, individually and on behalf of all those similarly situated and on behalf of the general public,<br><br>Plaintiffs,<br><br>vs.<br><br>180SOLUTIONS, INC. a Washington Corporation; METRICS DIRECT, KEITH SMITH, DANIEL TODD, KENNETH SMITH and DOES 1 through 50, Inclusive,<br><br>Defendants. | Case No. 2:07-CV-01167-FCD-EFB<br><br>**JOINT STATUS REPORT BY PLAINTIFF ROBIN PHILLIPS AND DEFENDANTS ZANGO, INC., 180SOLUTIONS, INC. (n/k/a ZANGO, INC.), METRICS DIRECT (n/k/a ZANGO AD SERVICES), KEITH SMITH, DANIEL TODD AND KENNETH SMITH** |

# JOINT STATUS REPORT

Pursuant to the Court's Order Requiring Joint Status Report dated June 15, 2007, plaintiff Robin Phillips ("Plaintiff") and defendants Zango, Inc., 180solutions, Inc. (n/k/a Zango, Inc.), MetricsDirect (n/k/a Zango Ad Services), Keith Smith, Daniel Todd and Kenneth Smith ("Defendants"), through their respective counsel, provide their Joint Status Report, as follows:

## I. <u>BRIEF SUMMARY OF CLAIMS AND LEGAL THEORIES UNDER WHICH RECOVERY IS SOUGHT OR LIABILITY IS DENIED.</u>

Plaintiff contends that Defendants have engaged in unlawful advertising, marketing and distributing of software and other products through Defendants' allegedly unlawful efforts to covertly place software code onto the general public's computers. Plaintiff further contends that Defendants' allegedly covert placement of software code affects computers by, among other things: (a) redirecting home pages; (b) installing numerous advertising and other software programs; (c) installing icons onto computer desktop screens, including some that are sexually explicit icons; (d) installing tool bars in the browser window; (e) causing computer slow down; (f) causing computer crashes; (g) causing loss of computer data; and (h) causing continuous pop-up advertisements. Plaintiff contends that all of these alleged issues interfere with the use and enjoyment of the computer.

Plaintiff seeks injunctive relief and compensatory and punitive damages based on the following primary theories of liability: Invasion of privacy and the Right of Association, trespass to chattels, interference with use and enjoyment of personal property; and nuisance, conversion, and computer malfunction and destruction of personal property, in violation of California Civil Code §1770 et seq. and California Business and Professions Codes §17200, 17500 and 22947.

Defendants contend that their business practices are lawful. Contrary to Plaintiff's position, Defendants do not covertly install software on anyone's computer. Rather, Defendants make valuable online entertainment content – such as videos, games and screensavers – available to the public to enjoy, free of charge. In exchange for access to this free content, customers expressly and consensually agree to download Defendants' "ad-serving" software. The ad-serving software

delivers targeted advertisements for products and services that are likely to be of interest to a particular customer based on what the customer is searching or shopping for online. If, at any time, the customer decides he or she no longer wants to receive free access to Defendants' online content (or the attendant advertising), the customer need only remove Defendants' ad-serving software using the standard Add/Remove Programs function of the Windows operating system.

Defendants note that no specific actionable conduct is attributed to the individual defendants apart from their association with the corporate defendants. Accordingly, the individual defendants should never have been named as parties, and should be dismissed. Further consolidation of the corporate entities is also appropriate and will be suggested in due course.

## II. STATUS OF SERVICE UPON ALL DEFENDANTS AND CROSS-DEFENDANTS.

All Defendants have answered. No cross-complaint was filed.

## III. POSSIBLE JOINDER OF ADDITIONAL PARTIES.

Neither party contemplates joinder of additional parties. Defendants request that a deadline for the joinder of additional parties be set for a date prior to the deadline for Plaintiff to file any Motion for Class Certification.

## IV. CONTEMPLATED AMENDMENTS TO THE PLEADINGS.

Plaintiff does not expect to amend the complaint, but reserves the right to move for any appropriate amendments that may become necessary in light of discovery or other further developments in the case. Defendants request that a deadline for filing any motions seeking to amend the pleadings be set for a date prior to the deadline for Plaintiff to file any Motion for Class Certification.

## V. THE STATUTORY BASIS FOR JURISDICTION AND VENUE.

Diversity jurisdiction exists pursuant to 28 U.S.C. § 1441(b). Venue is proper because Plaintiff's original complaint was filed in, and removed from, the state court embraced by this judicial district.

## VI. ANTICIPATED DISCOVERY AND SCHEDULING OF DISCOVERY.

### A. What Changes Should Be Made In The Timing, Form Or Requirement For Disclosures Under Rule 26(a).

The parties do not seek any modification to the timing, form or requirement for disclosures under Rule 26. The parties will exchange disclosures by August 31, 2007.

### B. Subjects On Which Discovery May Be Needed; When Discovery Should Be Completed, And Whether Discovery Should Be Conducted In Phases.

Plaintiff asserts class allegations concerning Plaintiff's alleged download of Defendants' software. Accordingly, discovery will be needed on three discrete subjects and should be conducted in phases. First, discovery concerning Plaintiff's competence to be a class representative is necessary. To address this issue, discovery is needed on the fundamental question of whether Defendants' software currently resides (or has ever resided) on Plaintiff's computer(s). As a practical matter, this will involve inspection and forensic imaging of Plaintiff's computer(s), including any hard drive(s) and/or other electronic storage media. Any additional documents upon which Plaintiff intends to rely upon in attempting to demonstrate that Defendants' software resides or resided on Plaintiff's computer(s) must also be produced during this phase. The first phase of discovery shall be limited to discovery on this issue. The parties have agreed that this phase will be limited to 60 days.

The second subject on which discovery will be needed is class certification. Defendants propose that class certification discovery be conducted as a second phase of discovery. Defendants propose that discovery be limited exclusively to class certification issues for a minimum of 180 days, or until a class is certified, whichever comes first.

The third subject on which discovery will be necessary is liability, *i.e.*, whether Defendants have engaged in the conduct alleged in the complaint and denied in the answer. Defendants propose that this phase be conducted only after class certification, if ever, and proceed for a minimum of 120 days.

### C. What Changes Should Be Made In The Limitations On Discovery Imposed Under The Civil Rules And What Other Limitations, If Any, Should Be Imposed.

The parties agree that the Civil Rules should not be modified. No other limitations, apart from phased discovery as set forth above, should be imposed. The parties reserve their respective rights to seek appropriate relief as the case proceeds.

### D. The Timing Of Disclosure Of Expert Witnesses And Information Required By Rule 26(a)(2).

At this time, the parties do not see a need to modify the statutory timing for expert witness disclosures.

### E. Proposed Dates For Discovery Cut-Off.

The parties propose any date during the week of October 20, 2008 as a final discovery cut-off, with intermittent deadlines set for each phase of discovery (*see* Section VI.B., above).

## VII. CONTEMPLATED DISPOSITIVE MOTIONS AND PROPOSED DATE BY WHICH ALL NON-DISCOVERY MOTIONS SHALL BE HEARD.

Plaintiff contemplates filing a Motion for Class Certification as soon as is practicable. Defendants contemplate filing motions for summary judgment. Defendants propose that March 31, 2008 be set as the last day to hear a motion to amend the pleadings or to join additional parties. Defendants propose that April 30, 2008 be set as the last date by which Plaintiff must file any Motion for Class Certification, and that June 23, 2008 be set as the last day that a Motion for Class Certification may be heard. The parties propose November 21, 2008 as the last date to hear all other non-discovery motions.

## VIII. PROPOSED DATE FOR FINAL PRETRIAL CONFERENCE.

The parties propose any date during the week of January 12, 2009 for the final pretrial conference.

**IX. PROPOSED DATE FOR TRIAL, ESTIMATE OF DAYS OF TRIAL, AND WHETHER ANY PARTY HAS DEMANDED A JURY.**

The parties propose any date the week of January 26, 2009 for trial. Plaintiff estimates six days for jury trial. Defendants estimate ten days if a jury trial, and eight days if the case is tried to the Court. Plaintiff's complaint demands a jury. Defendants reserve any rights they may have to seek to try this case, in whole or in part, to the Court.

**X. APPROPRIATENESS OF SPECIAL PROCEDURES SUCH AS REFERENCE TO A SPECIAL MASTER OR AGREEMENT TO TRY THE MATTER BEFORE A MAGISTRATE JUDGE PURSUANT TO 28 U.S.C. § 636(c).**

The parties respectfully decline to stipulate to trial by the Magistrate. Appointment of a special master is premature at this time. Given the claims asserted and technical and evidentiary issues involved, appointment of a special master may ultimately become warranted, depending on the manner in which the case progresses. The parties reserve their respective rights to seek appointment of a special master should the need arise.

**XI. PROPOSED MODIFICATION OF STANDARD PRETRIAL PROCEDURE BECAUSE OF THE SIMPLICITY OR COMPLEXITY OF THE CASE.**

As pled, this case has the potential to become highly complex. At this stage, however, the proposed phased discovery procedure and schedule should preserve manageability without the need for further modification of pretrial procedures at this time. If modification becomes necessary, the parties will seek appropriate relief.

**XII. WHETHER THE CASE IS RELATED TO ANY OTHER CASE PENDING IN THIS DISTRICT, INCLUDING THE BANKRUPTCY COURTS OF THIS DISTRICT.**

The parties are unaware of any related cases.

## XIII. THE PROSPECTS FOR SETTLEMENT, INCLUDING WHETHER A SETTLEMENT CONFERENCE SHOULD BE SCHEDULED AND WHETHER, IN THE CASE OF A JURY TRIAL, THE PARTIES WILL STIPULATE TO THE TRIAL JUDGE ACTING AS SETTLEMENT JUDGE.

At this stage in the proceedings, it does not appear that settlement is likely. However, Defendants would participate in a settlement conference and would stipulate to the Court acting as settlement judge.

## XIV. ANY OTHER MATTERS THAT MAY BE CONDUCIVE TO THE JUST AND EXPEDITIOUS DISPOSITION OF THE CASE.

In Defendants' view, the question of whether Defendants' software ever resided on Plaintiff's computer is fundamental. Defendants believe that the phased discovery and proposed discovery and trial schedule will, at least preliminarily, assist in the just and expeditious disposition of the case.

In addition, as contemplated in Section VII, above, Defendants propose that the Court set a deadline by which the parties must file any motion to amend the pleadings and/or join additional parties, and that such date be as early in the litigation as possible, and certainly prior to the deadline by which Plaintiff must seek Class Certification.

Respectfully submitted,

Dated: August __, 2007

KATTEN MUCHIN ROSENMAN LLP

By: ______________________________

Gregory S. Korman
Attorneys for ZANGO, INC., 180SOLUTIONS, INC. (n/k/a ZANGO, INC.), METRICSDIRECT (n/k/a ZANGO AD SERVICES), KEITH SMITH, DANIEL TODD and KENNETH SMITH

Dated: August __, 2007

BRONSON & ASSOCIATES

By: ______________________________

Martha Bronson, Esq. #133396

# EXHIBIT E

**Korman, Gregory S.**

---

**From:** Korman, Gregory S.
**Sent:** Tuesday, August 14, 2007 11:55 AM
**To:** 'mslaw@thelaw.bz'
**Subject:** final draft status report.DOC
**Attachments:** final draft status report.DOC

Ms. Bronson:

Attached please find my revisions to the report with changes tracked. I reserve the right to make minor changes, if necessary, following your revisions. Thanks for your cooperation.

Regards,

Greg

Gregory S. Korman
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067
tel 310.788.4421
fax 310.712.8276
gregory.korman@kattenlaw.com*

*Please note my email address has changed.

Kristin L. Holland (SBN 187314)
Gregory S. Korman (SBN 216931)
KATTEN MUCHIN ROSENMAN LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
TEL: (310) 788-4400
FAX: (310) 788-4471
kristin.holland@kattenlaw.com
gregory.korman@kattenlaw.com

Floyd A. Mandell (*Pro Hac Vice Application To Be Filed)*
KATTEN MUCHIN ROSENMAN LLP
525 West Monroe, Chicago, Illinois 60661
Telephone: 312.902.5200
Facsimile: 312.902.1061
floyd.mandell@kattenlaw.com

Attorneys for defendants Zango, Inc., 180solutions, Inc. (n/k/a Zango, Inc.), MetricsDirect (n/k/a Zango Ad Services), Keith Smith, Daniel Todd and Kenneth Smith

BRONSON & ASSOCIATES
ATTORNEYS AT LAW
MARTHA BRONSON, ESQ. #133396
15 WEST 8TH STREET, SUITE A
TRACY, CA 95376
209-830-0400 Fax: 209-832-5000
E-Mail: mslawyer@thelaw.bz
Dedicated website: http://www.thelaw.bz/popus.

Attorneys for Plaintiffs and Putative Class Members

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

| | |
|---|---|
| ROBIN PHILLIPS, individually and on behalf of all those similarly situated and on behalf of the general public,<br><br>Plaintiffs,<br>vs.<br>180SOLUTIONS, INC. a Washington Corporation; METRICS DIRECT, KEITH SMITH, DANIEL TODD, KENNETH SMITH and DOES 1 through 50, Inclusive,<br><br>Defendants. | Case No. 2:07-CV-01167-FCD-EFB<br><br>**JOINT STATUS REPORT BY PLAINTIFF ROBIN PHILLIPS AND DEFENDANTS ZANGO, INC., 180SOLUTIONS, INC. (n/k/a ZANGO, INC.), METRICS DIRECT (n/k/a ZANGO AD SERVICES), KEITH SMITH, DANIEL TODD AND KENNETH SMITH** |

# JOINT STATUS REPORT

Pursuant to the Court's Order Requiring Joint Status Report dated June 15, 2007, plaintiff Robin Phillips ("Plaintiff") and defendants Zango, Inc., 180solutions, Inc. (n/k/a Zango, Inc.), MetricsDirect (n/k/a Zango Ad Services), Keith Smith, Daniel Todd and Kenneth Smith ("Defendants"), through their respective counsel, provide their Joint Status Report, as follows:

## I. <u>BRIEF SUMMARY OF CLAIMS AND LEGAL THEORIES UNDER WHICH RECOVERY IS SOUGHT OR LIABILITY IS DENIED.</u>

Plaintiff contends that Defendants have engaged in unlawful advertising, marketing and distributing of software and other products through Defendants' allegedly unlawful efforts to covertly place software code onto the general public's computers. Plaintiff further contends that Defendants' allegedly covert placement of software code affects computers by, among other things: (a) redirecting home pages; (b) installing numerous advertising and other software programs; (c) installing icons onto computer desktop screens, including some that are sexually explicit icons; (d) installing tool bars in the browser window; (e) causing computer slow down; (f) causing computer crashes; (g) causing loss of computer data; and (h) causing continuous pop-up advertisements. Plaintiff contends that all of these alleged issues interfere with the use and enjoyment of the computer.

Plaintiff seeks injunctive relief and compensatory and punitive damages based on the following primary theories of liability: Invasion of privacy and the Right of Association, trespass to chattels, interference with use and enjoyment of personal property; and nuisance, conversion, and computer malfunction and destruction of personal property, in violation of California Civil Code §1770 et seq. and California Business and Professions Codes §17200, 17500 and 22947.

Defendants contend that their business practices are lawful. Contrary to Plaintiff's position, Defendants do not covertly install software on anyone's computer. Rather, Defendants make valuable online entertainment content – such as videos, games and screensavers – available to the public to enjoy, free of charge. In exchange for access to this free content, customers expressly and consensually agree to download Defendants' "ad-serving" software. The ad-serving software

delivers targeted advertisements for products and services that are likely to be of interest to a particular customer based on what the customer is searching or shopping for online. If, at any time, the customer decides he or she no longer wants to receive free access to Defendants' online content (or the attendant advertising), the customer need only remove Defendants' ad-serving software using the standard Add/Remove Programs function of the Windows operating system.

Defendants note that no specific actionable conduct is attributed to the individual defendants apart from their association with the corporate defendants. Accordingly, the individual defendants should never have been named as parties, and should be dismissed. Further consolidation of the corporate entities is also appropriate and will be suggested in due course.

## II. STATUS OF SERVICE UPON ALL DEFENDANTS AND CROSS-DEFENDANTS.

All Defendants have answered. No cross-complaint was filed.

## III. POSSIBLE JOINDER OF ADDITIONAL PARTIES.

Neither party contemplates joinder of additional parties. Defendants request that a deadline for the joinder of additional parties be set for a date prior to the deadline for Plaintiff to file any Motion for Class Certification.

## IV. CONTEMPLATED AMENDMENTS TO THE PLEADINGS.

Plaintiff does not expect to amend the complaint, but reserves the right to move for any appropriate amendments that may become necessary in light of discovery or other further developments in the case. Defendants request that a deadline for filing any motions seeking to amend the pleadings be set for a date prior to the deadline for Plaintiff to file any Motion for Class Certification.

## V. THE STATUTORY BASIS FOR JURISDICTION AND VENUE.

Diversity jurisdiction exists pursuant to 28 U.S.C. § 1441(b). Venue is proper because Plaintiff's original complaint was filed in, and removed from, the state court embraced by this judicial district.

## VI. ANTICIPATED DISCOVERY AND SCHEDULING OF DISCOVERY.

### A. What Changes Should Be Made In The Timing, Form Or Requirement For Disclosures Under Rule 26(a).

The parties do not seek any modification to the timing, form or requirement for disclosures under Rule 26. The parties will exchange disclosures by August 31, 2007.

### B. Subjects On Which Discovery May Be Needed; When Discovery Should Be Completed, And Whether Discovery Should Be Conducted In Phases.

Plaintiff asserts class allegations concerning Plaintiff's alleged download of Defendants' software. Accordingly, in Defendants' view, discovery will be needed on three discrete subjects and should be conducted in phases. First, Defendants believe that discovery concerning Plaintiff's competence to be a class representative is necessary. To address this issue, discovery is needed on the fundamental question of whether Defendants' software currently resides (or has ever resided) on Plaintiff's computer(s). As a practical matter, this will involve inspection and forensic imaging of Plaintiff's computer(s), including any hard drive(s) and/or other electronic storage media. Any additional documents upon which Plaintiff intends to rely upon in attempting to demonstrate that Defendants' software resides or resided on Plaintiff's computer(s) must also be produced during this phase. Defendants urge that the first phase of discovery be limited to discovery on this issue. Defendants recommend that this phase should be limited to 60 days.

Defendants suggest that the second subject on which discovery will be needed is class certification. Defendants propose that class certification discovery be conducted as a second phase of discovery. Defendants propose that discovery be limited exclusively to class certification issues for a minimum of 180 days, or until a class is certified, whichever comes first.

Defendants believe that the third subject on which discovery will be necessary is liability, *i.e.*, whether Defendants have engaged in the conduct alleged in the complaint and denied in the answer. Defendants propose that this phase be conducted only after class certification, if ever, and proceed for a minimum of 120 days.

**Deleted:** The

**Deleted:** shall

**Deleted:** The parties have agreed

**Deleted:** will

**Deleted:** The

**Deleted:** T

**C. What Changes Should Be Made In The Limitations On Discovery Imposed Under The Civil Rules And What Other Limitations, If Any, Should Be Imposed.**

The parties agree that the Civil Rules should not be modified. Defendants assert that no other limitations, apart from phased discovery as set forth above, should be imposed. The parties reserve their respective rights to seek appropriate relief as the case proceeds.

Deleted: N

**D. The Timing Of Disclosure Of Expert Witnesses And Information Required By Rule 26(a)(2).**

At this time, the parties do not see a need to modify the statutory timing for expert witness disclosures.

**E. Proposed Dates For Discovery Cut-Off.**

The parties propose any date during the week of October 20, 2008 as a final discovery cut-off, with intermittent deadlines set for each phase of discovery, if the Court adopts Defendants' proposed procedure (*see* Section VI.B., above).

**VII. CONTEMPLATED DISPOSITIVE MOTIONS AND PROPOSED DATE BY WHICH ALL NON-DISCOVERY MOTIONS SHALL BE HEARD.**

Plaintiff contemplates filing a Motion for Class Certification as soon as is practicable. Defendants contemplate filing motions for summary judgment. Defendants propose that March 31, 2008 be set as the last day to hear a motion to amend the pleadings or to join additional parties. Defendants propose that April 30, 2008 be set as the last date by which Plaintiff must file any Motion for Class Certification, and that June 23, 2008 be set as the last day that a Motion for Class Certification may be heard. The parties propose November 21, 2008 as the last date to hear all other non-discovery motions.

**VIII. PROPOSED DATE FOR FINAL PRETRIAL CONFERENCE.**

The parties propose any date during the week of January 12, 2009 for the final pretrial conference.

**IX. PROPOSED DATE FOR TRIAL, ESTIMATE OF DAYS OF TRIAL, AND WHETHER ANY PARTY HAS DEMANDED A JURY.**

The parties propose any date during the week of January 26, 2009 for trial. Plaintiff estimates six days for jury trial. Defendants estimate ten days if a jury trial, and eight days if the case is tried to the Court. Plaintiff's complaint demands a jury. Defendants reserve any rights they may have to seek to try this case, in whole or in part, to the Court.

**X. APPROPRIATENESS OF SPECIAL PROCEDURES SUCH AS REFERENCE TO A SPECIAL MASTER OR AGREEMENT TO TRY THE MATTER BEFORE A MAGISTRATE JUDGE PURSUANT TO 28 U.S.C. § 636(c).**

The parties respectfully decline to stipulate to trial by the Magistrate. Appointment of a special master is premature at this time. Given the claims asserted and technical and evidentiary issues involved, appointment of a special master may ultimately become warranted, depending on the manner in which the case progresses. The parties reserve their respective rights to seek appointment of a special master should the need arise.

**XI. PROPOSED MODIFICATION OF STANDARD PRETRIAL PROCEDURE BECAUSE OF THE SIMPLICITY OR COMPLEXITY OF THE CASE.**

As pled, this case has the potential to become highly complex. Defendants believe that, at this stage, however, the proposed phased discovery procedure and schedule should preserve manageability without the need for further modification of pretrial procedures at this time. If modification becomes necessary, or if the Court does not adopt Defendants' proposal for phased discovery, the parties will seek appropriate relief.

Deleted: A

**XII. WHETHER THE CASE IS RELATED TO ANY OTHER CASE PENDING IN THIS DISTRICT, INCLUDING THE BANKRUPTCY COURTS OF THIS DISTRICT.**

The parties are unaware of any related cases.

**XIII. THE PROSPECTS FOR SETTLEMENT, INCLUDING WHETHER A SETTLEMENT CONFERENCE SHOULD BE SCHEDULED AND WHETHER, IN THE CASE OF A JURY TRIAL, THE PARTIES WILL STIPULATE TO THE TRIAL JUDGE ACTING AS SETTLEMENT JUDGE.**

At this stage in the proceedings, it does not appear that settlement is likely. However, Defendants would participate in a settlement conference and would stipulate to the Court acting as settlement judge.

**XIV. ANY OTHER MATTERS THAT MAY BE CONDUCIVE TO THE JUST AND EXPEDITIOUS DISPOSITION OF THE CASE.**

In Defendants' view, the question of whether Defendants' software ever resided on Plaintiff's computer is fundamental. Defendants believe that the phased discovery and proposed discovery and trial schedule are absolutely necessary to the just and expeditious disposition of the case.

**Deleted:** will, at least preliminarily, assist

**Deleted:** in

In addition, as contemplated in Section VII, above, Defendants propose that the Court set a deadline by which the parties must file any motion to amend the pleadings and/or join additional parties, and that such date be as early in the litigation as possible, and certainly prior to the deadline by which Plaintiff must seek Class Certification.

Respectfully submitted,

Dated: August __, 2007

KATTEN MUCHIN ROSENMAN LLP

By: ______________________________

Gregory S. Korman
Attorneys for ZANGO, INC., 180SOLUTIONS, INC. (n/k/a ZANGO, INC.), METRICSDIRECT (n/k/a ZANGO AD SERVICES), KEITH SMITH, DANIEL TODD and KENNETH SMITH

Dated: August __, 2007

BRONSON & ASSOCIATES

By: ______________________________

Martha Bronson, Esq. #133396

# EXHIBIT F

**Korman, Gregory S.**

---

**From:** Korman, Gregory S.
**Sent:** Tuesday, August 14, 2007 3:21 PM
**To:** 'mslaw@thelaw.bz'
**Subject:** FW: final draft status report.DOC
**Attachments:** final draft status report.DOC

Ms. Bronson: I haven't heard from you in a few hours. Because our filing date is tomorrow, I hope that you will have your revisions done today so we can discuss any final revisions. I have a 4:30 meeting and would like to take care of this before then, if possible. Please give me an ETA on when I can expect your changes so that I can plan accordingly. Thanks.

---

**From:** Korman, Gregory S.
**Sent:** Tuesday, August 14, 2007 11:55 AM
**To:** 'mslaw@thelaw.bz'
**Subject:** final draft status report.DOC

Ms. Bronson:

Attached please find my revisions to the report with changes tracked. I reserve the right to make minor changes, if necessary, following your revisions. Thanks for your cooperation.

Regards,

Greg

Gregory S. Korman
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067
tel 310.788.4421
fax 310.712.8276
gregory.korman@kattenlaw.com*

*Please note my email address has changed.



**EXHIBIT F**

# EXHIBIT G

## Korman, Gregory S.

**From:** Korman, Gregory S.
**Sent:** Tuesday, August 14, 2007 6:04 PM
**To:** 'mslaw@thelaw.bz'
**Subject:** FW: final draft status report.DOC
**Attachments:** final draft status report.DOC

Ms. Bronson:

I am still waiting to hear from you. Please keep me posted on your progress so we can ensure timely filing. Please let me know when I can expect your revisions.

Thanks,

Greg

Gregory S. Korman
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067
tel 310.788.4421
fax 310.712.8276
gregory.korman@kattenlaw.com*

*Please note my email address has changed.

---

**From:** Korman, Gregory S.
**Sent:** Tuesday, August 14, 2007 3:21 PM
**To:** 'mslaw@thelaw.bz'
**Subject:** FW: final draft status report.DOC

Ms. Bronson: I haven't heard from you in a few hours. Because our filing date is tomorrow, I hope that you will have your revisions done today so we can discuss any final revisions. I have a 4:30 meeting and would like to take care of this before then, if possible. Please give me an ETA on when I can expect your changes so that I can plan accordingly. Thanks.

---

**From:** Korman, Gregory S.
**Sent:** Tuesday, August 14, 2007 11:55 AM
**To:** 'mslaw@thelaw.bz'
**Subject:** final draft status report.DOC

Ms. Bronson:

Attached please find my revisions to the report with changes tracked. I reserve the right to make minor changes, if necessary, following your revisions. Thanks for your cooperation.

Regards,

Greg

Gregory S. Korman
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067
tel 310.788.4421
fax 310.712.8276
gregory.korman@kattenlaw.com*

*Please note my email address has changed.

# EXHIBIT H

**Korman, Gregory S.**

---

**From:** Korman, Gregory S.
**Sent:** Wednesday, August 15, 2007 9:57 AM
**To:** 'mslaw@thelaw.bz'
**Subject:** FW: final draft status report.DOC
**Attachments:** final draft status report.DOC

Ms. Bronson:

I am getting concerned. We need to file today and I have not heard from you since forwarding minimal revisions before noon yesterday. I plan on taking care of the filing for us, but your attention and cooperation is necessary. Please let me know where you are on this.

Thanks,

Greg

---

Gregory S. Korman
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067
tel 310.788.4421
fax 310.712.8276
gregory.korman@kattenlaw.com*

*Please note my email address has changed.

---

**From:** Korman, Gregory S.
**Sent:** Tuesday, August 14, 2007 6:04 PM
**To:** 'mslaw@thelaw.bz'
**Subject:** FW: final draft status report.DOC

Ms. Bronson:

I am still waiting to hear from you. Please keep me posted on your progress so we can ensure timely filing. Please let me know when I can expect your revisions.

Thanks,

Greg

---

Gregory S. Korman
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067
tel 310.788.4421
fax 310.712.8276
gregory.korman@kattenlaw.com*

*Please note my email address has changed.

---

**From:** Korman, Gregory S.
**Sent:** Tuesday, August 14, 2007 3:21 PM
**To:** 'mslaw@thelaw.bz'
**Subject:** FW: final draft status report.DOC

Ms. Bronson: I haven't heard from you in a few hours. Because our filing date is tomorrow, I hope that you will have your revisions done today so we can discuss any final revisions. I have a 4:30 meeting and would like to take care of this before then, if possible. Please give me an ETA on when I can expect your changes so that I can plan accordingly. Thanks.

---

**From:** Korman, Gregory S.
**Sent:** Tuesday, August 14, 2007 11:55 AM
**To:** 'mslaw@thelaw.bz'
**Subject:** final draft status report.DOC

Ms. Bronson:

Attached please find my revisions to the report with changes tracked. I reserve the right to make minor changes, if necessary, following your revisions. Thanks for your cooperation.

Regards,

Greg

Gregory S. Korman
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067
tel 310.788.4421
fax 310.712.8276
gregory.korman@kattenlaw.com*

*Please note my email address has changed.

# EXHIBIT I

## Korman, Gregory S.

**From:** Korman, Gregory S.
**Sent:** Wednesday, August 15, 2007 1:12 PM
**To:** 'mslaw@thelaw.bz'
**Subject:** FW: final draft status report.DOC
**Attachments:** final draft status report.DOC

Ms. Bronson:

I am again writing to attempt to determine the status of your contribution to the joint status report that is due today.

You sent me a proposed draft on August 5 (Sunday). I substantially revised the document and forwarded my revisions via email on August 5th (Wednesday). In that email I proposed conferring on the revisions on August 6th or 7th (Thursday and Friday). You did not respond to that email or otherwise contact me for the rest of the week.

Based on your failure to respond, I sent you a follow-up email on August 13th (Monday), again asking for a call. You responded that afternoon that you would be available on August 14th (Tuesday) after 10:30 a.m. I agreed to call you at 11:00 a.m.

When we spoke just after 11:00, you advised me that you had not yet reviewed the document. I waited while you did so. You identified one main issue with our draft, i.e. you wanted it to be clear that you did not agree to phased discovery. You asked me to make the changes and track them in the document. I did so and forwarded the revisions to you before noon.

Given that I made your requested changes, and that the filing was then due the next day, I expected you to revise the document quickly and remain in contact. I did not hear from you, however.

I sent you emails at 3:20 and 6:00 p.m. inquiring into your status. You ignored those emails.

This morning, I sent another email just before 10:00 a.m., but you did not respond. I called your office and left a message with your receptionist at 11:00 a.m. You still have not responded.

It is now after 1:00 p.m. on the last day to file the joint statement. You are obstructing our efforts to finalize and file a Court-ordered document. If I do not receive you contribution to the status report by 4:30 p.m. today, we will file a unilateral report. I hope that does not become necessary.

Greg

Gregory S. Korman
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067
tel 310.788.4421
fax 310.712.8276
gregory.korman@kattenlaw.com*

*Please note my email address has changed.

---

**From:** Korman, Gregory S.
**Sent:** Wednesday, August 15, 2007 9:57 AM
**To:** 'mslaw@thelaw.bz'
**Subject:** FW: final draft status report.DOC

Ms. Bronson:

I am getting concerned. We need to file today and I have not heard from you since forwarding minimal revisions before noon yesterday. I plan on taking care of the filing for us, but your attention and cooperation is necessary. Please let me know where you are on this.

Thanks,

Greg

---

Gregory S. Korman
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067
tel 310.788.4421
fax 310.712.8276
gregory.korman@kattenlaw.com*

*Please note my email address has changed.

---

**From:** Korman, Gregory S.
**Sent:** Tuesday, August 14, 2007 6:04 PM
**To:** 'mslaw@thelaw.bz'
**Subject:** FW: final draft status report.DOC

Ms. Bronson:

I am still waiting to hear from you. Please keep me posted on your progress so we can ensure timely filing. Please let me know when I can expect your revisions.

Thanks,

Greg

---

Gregory S. Korman
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067
tel 310.788.4421
fax 310.712.8276
gregory.korman@kattenlaw.com*

*Please note my email address has changed.

---

**From:** Korman, Gregory S.
**Sent:** Tuesday, August 14, 2007 3:21 PM
**To:** 'mslaw@thelaw.bz'
**Subject:** FW: final draft status report.DOC

Ms. Bronson: I haven't heard from you in a few hours. Because our filing date is tomorrow, I hope that you will have your revisions done today so we can discuss any final revisions. I have a 4:30 meeting and would like to take care of this before then, if possible. Please give me an ETA on when I can expect your changes so that I can plan accordingly. Thanks.

---

**From:** Korman, Gregory S.
**Sent:** Tuesday, August 14, 2007 11:55 AM
**To:** 'mslaw@thelaw.bz'
**Subject:** final draft status report.DOC

Ms. Bronson:

Attached please find my revisions to the report with changes tracked. I reserve the right to make minor changes, if necessary, following your revisions. Thanks for your cooperation.

Regards,

Greg

Gregory S. Korman
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067
tel 310.788.4421
fax 310.712.8276
gregory.korman@kattenlaw.com*

*Please note my email address has changed.

# EXHIBIT J

**Korman, Gregory S.**

---

**From:** Martha Bronson [mslawyer@thelaw.bz]
**Sent:** Wednesday, August 15, 2007 4:30 PM
**To:** Korman, Gregory S.
**Subject:** FINAL VERSION OF JOINT STATUS REPORT
**Attachments:** image002.emz; final edited version of status report (3).DOC

BRONSON & ASSOCIATES
MARTHA BRONSON, ESQ. SB #133396
Attorneys & Counselors at Law
15 West 8th Street, Suite A
TRACY, CA 95376
PHONE: 209-830-0400 FAX: 209-832-5000
E-MAIL: mslawyer@thelaw.bz WEBSITE: http://www.thelaw.bz

We caused your changes to be accepted in the document and then edited as you wll see in the attached final. Please accept our changes through the tracking device, do not make any further changes and then place your indicated signature on the last page and file. Thank you.

Sincerely,

BRONSON & ASSOCIATES

By: /s/ Martha Bronson .
MARTHA BRONSON, ESQ.

---

CONFIDENTIALITY NOTICE:
This electronic mail message and any attached files contain information intended for the exclusive use of the individual or entity to whom it is addressed and may contain information that is proprietary, privileged, confidential and/or exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any viewing, copying, disclosure or distribution of this information may be subject to legal restriction or sanction. Please notify the sender, by electronic mail or telephone, of any unintended recipients and delete the original message without making any copies.

---

Kristin L. Holland (SBN 187314)
Gregory S. Korman (SBN 216931)
KATTEN MUCHIN ROSENMAN LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
TEL: (310) 788-4400
FAX: (310) 788-4471
kristin.holland@kattenlaw.com
gregory.korman@kattenlaw.com

Floyd A. Mandell (*Pro Hac Vice Application To Be Filed)*
KATTEN MUCHIN ROSENMAN LLP
525 West Monroe, Chicago, Illinois 60661
Telephone: 312.902.5200
Facsimile: 312.902.1061
floyd.mandell@kattenlaw.com

Attorneys for defendants Zango, Inc., 180solutions, Inc. (n/k/a Zango, Inc.), MetricsDirect (n/k/a Zango Ad Services), Keith Smith, Daniel Todd and Kenneth Smith

BRONSON & ASSOCIATES
ATTORNEYS AT LAW
MARTHA BRONSON, ESQ. #133396
15 WEST 8TH STREET, SUITE A
TRACY, CA 95376
209-830-0400 Fax: 209-832-5000
E-Mail: mslawyer@thelaw.bz
Dedicated website: http://www.thelaw.bz/popus.

Attorneys for Plaintiffs and Putative Class Members

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

| | |
|---|---|
| ROBIN PHILLIPS, individually and on behalf of all those similarly situated and on behalf of the general public,<br><br>Plaintiffs,<br>vs.<br>180SOLUTIONS, INC. a Washington Corporation; METRICS DIRECT, KEITH SMITH, DANIEL TODD, KENNETH SMITH and DOES 1 through 50, Inclusive,<br><br>Defendants. | Case No. 2:07-CV-01167-FCD-EFB<br><br>**JOINT STATUS REPORT BY PLAINTIFF ROBIN PHILLIPS AND DEFENDANTS ZANGO, INC., 180SOLUTIONS, INC. (n/k/a ZANGO, INC.), METRICS DIRECT (n/k/a ZANGO AD SERVICES), KEITH SMITH, DANIEL TODD AND KENNETH SMITH** |

# JOINT STATUS REPORT

Pursuant to the Court's Order Requiring Joint Status Report dated June 15, 2007, plaintiff Robin Phillips ("Plaintiff") and defendants Zango, Inc., 180solutions, Inc. (n/k/a Zango, Inc.), MetricsDirect (n/k/a Zango Ad Services), Keith Smith, Daniel Todd and Kenneth Smith ("Defendants"), through their respective counsel, provide their Joint Status Report, as follows:

## I. BRIEF SUMMARY OF CLAIMS AND LEGAL THEORIES UNDER WHICH RECOVERY IS SOUGHT OR LIABILITY IS DENIED.

Plaintiff contends that Defendants have engaged in unlawful advertising, marketing and distributing of software and other products through Defendants' allegedly unlawful efforts to covertly place software code onto the general public's computers. Plaintiff further contends that Defendants' allegedly covert placement of software code affects computers by, among other things: (a) redirecting home pages; (b) installing numerous advertising and other software programs; (c) installing icons onto computer desktop screens, including some that are sexually explicit icons; (d) installing tool bars in the browser window; (e) causing computer slow down; (f) causing computer crashes; (g) causing loss of computer data; and (h) causing continuous pop-up advertisements. Plaintiff contends that all of these alleged issues interfere with the use and enjoyment of the computer.

Plaintiff seeks injunctive relief and compensatory and punitive damages based on the following primary theories of liability: Invasion of privacy and the Right of Association, trespass to chattels, interference with use and enjoyment of personal property; and nuisance, conversion, and computer malfunction and destruction of personal property, in violation of California Civil Code §1770 et seq. and California Business and Professions Codes §17200, 17500 and 22947.

Defendants contend that their business practices are lawful. Contrary to Plaintiff's position, Defendants do not covertly install software on anyone's computer. Rather, Defendants make valuable online entertainment content – such as videos, games and screensavers – available to the public to enjoy, free of charge. In exchange for access to this free content, customers expressly and consensually agree to download Defendants' "ad-serving" software. The ad-serving software

delivers targeted advertisements for products and services that are likely to be of interest to a particular customer based on what the customer is searching or shopping for online. If, at any time, the customer decides he or she no longer wants to receive free access to Defendants' online content (or the attendant advertising), the customer need only remove Defendants' ad-serving software using the standard Add/Remove Programs function of the Windows operating system.

Defendants note that no specific actionable conduct is attributed to the individual defendants apart from their association with the corporate defendants. Accordingly, the individual defendants should never have been named as parties, and should be dismissed. Further consolidation of the corporate entities is also appropriate and will be suggested in due course.

## II. STATUS OF SERVICE UPON ALL DEFENDANTS AND CROSS-DEFENDANTS.

All Defendants have answered. No cross-complaint was filed.

## III. POSSIBLE JOINDER OF ADDITIONAL PARTIES.

Neither party contemplates joinder of additional parties. Defendants request that a deadline for the joinder of additional parties be set for a date prior to the deadline for Plaintiff to file any Motion for Class Certification.

## IV. CONTEMPLATED AMENDMENTS TO THE PLEADINGS.

Plaintiff does not expect to amend the complaint, but reserves the right to move for any appropriate amendments that may become necessary in light of discovery or other further developments in the case. Defendants request that a deadline for filing any motions seeking to amend the pleadings be set for a date prior to the deadline for Plaintiff to file any Motion for Class Certification.

## V. THE STATUTORY BASIS FOR JURISDICTION AND VENUE.

Diversity jurisdiction exists pursuant to 28 U.S.C. § 1441(b). Venue is proper because Plaintiff's original complaint was filed in, and removed from, the state court embraced by this judicial district.

## VI. ANTICIPATED DISCOVERY AND SCHEDULING OF DISCOVERY.

### A. What Changes Should Be Made In The Timing, Form Or Requirement For Disclosures Under Rule 26(a).

The parties do not seek any modification to the timing, form or requirement for disclosures under Rule 26. The parties will exchange disclosures by August 31, 2007.

### B. Subjects On Which Discovery May Be Needed; When Discovery Should Be Completed, And Whether Discovery Should Be Conducted In Phases.

Although Defendants propose limiting discovery through requiring phases, plaintiff vehemently objects to any limitation or intrusion upon plaintiff's right to discovery. Defendants have no legal authority to support an order limiting plaintiff's discovery as proposed. . Any type of phasing discovery will severely interfere overall with discovery and serve as an unnecessary nuisance and unconstitutional denial of plaintiff's right to discovery.

Plaintiff asserts class allegations concerning Defendant's, alleged covert download of Defendants' software onto the general public's computers. Accordingly, in Defendants' view, discovery will be needed on three discrete subjects and should be conducted in phases. First, Defendants believe that discovery concerning Plaintiff's competence to be a class representative is necessary. To address this issue, discovery is needed on the fundamental question of whether Defendants' software currently resides (or has ever resided) on Plaintiff's computer(s). As a practical matter, this will involve inspection and forensic imaging of Plaintiff's computer(s), including any hard drive(s) and/or other electronic storage media. Any additional documents upon which Plaintiff intends to rely upon in attempting to demonstrate that Defendants' software resides or resided on Plaintiff's computer(s) must also be produced during this phase. Defendants urge that the first phase of discovery be limited to discovery on this issue. Defendants recommend that this phase should be limited to 60 days.

Defendants suggest that the second subject on which discovery will be needed is class certification. Defendants propose that class certification discovery be conducted as a second phase

**Deleted:** Plaintiff

**Deleted:** 's

of discovery. Defendants propose that discovery be limited exclusively to class certification issues for a minimum of 180 days, or until a class is certified, whichever comes first.

Defendants believe that the third subject on which discovery will be necessary is liability, *i.e.*, whether Defendants have engaged in the conduct alleged in the complaint and denied in the answer. Defendants propose that this phase be conducted only after class certification, if ever, and proceed for a minimum of 120 days.

**C. What Changes Should Be Made In The Limitations On Discovery Imposed Under The Civil Rules And What Other Limitations, If Any, Should Be Imposed.**

Plaintiff vehemently objects to phasing or otherwise limiting plaintiff's right of discovery as proposed by defendants.

The parties agree that the Civil Rules should not be modified. Defendants assert that no other limitations, apart from phased discovery as set forth above, should be imposed. The parties reserve their respective rights to seek appropriate relief as the case proceeds.

**D. The Timing Of Disclosure Of Expert Witnesses And Information Required By Rule 26(a)(2).**

At this time, the parties do not see a need to modify the statutory timing for expert witness disclosures.

**E. Proposed Dates For Discovery Cut-Off.**

The parties propose any date during the week of October 20, 2008 as a final discovery cut-off, with intermittent deadlines set for each phase of discovery, if the Court adopts Defendants' proposed procedure (*see* Section VI.B., above).

Plaintiff vehemently object to any limitation or phasing of discovery.

## VII. CONTEMPLATED DISPOSITIVE MOTIONS AND PROPOSED DATE BY WHICH ALL NON-DISCOVERY MOTIONS SHALL BE HEARD.

Plaintiff contemplates filing a Motion for Tempoary and Permanent Injunction enjoing the practices complained of in her complaint. Plaintiff will also file a Motion for Class Certification as

soon as is practicable. Defendants contemplate filing motions for summary judgment. Defendants propose that March 31, 2008 be set as the last day to hear a motion to amend the pleadings or to join additional parties. Defendants propose that April 30, 2008 be set as the last date by which Plaintiff must file any Motion for Class Certification, and that June 23, 2008 be set as the last day that a Motion for Class Certification may be heard. The parties propose November 21, 2008 as the last date to hear all other non-discovery motions.

**VIII. PROPOSED DATE FOR FINAL PRETRIAL CONFERENCE.**

The parties propose any date during the week of January 12, 2009 for the final pretrial conference.

**IX. PROPOSED DATE FOR TRIAL, ESTIMATE OF DAYS OF TRIAL, AND WHETHER ANY PARTY HAS DEMANDED A JURY.**

The parties propose any date during the week of January 26, 2009 for trial. Plaintiff estimates six days for jury trial. Defendants estimate ten days if a jury trial, and eight days if the case is tried to the Court. Plaintiff's complaint demands a jury. Defendants reserve any rights they may have to seek to try this case, in whole or in part, to the Court.

**X. APPROPRIATENESS OF SPECIAL PROCEDURES SUCH AS REFERENCE TO A SPECIAL MASTER OR AGREEMENT TO TRY THE MATTER BEFORE A MAGISTRATE JUDGE PURSUANT TO 28 U.S.C. § 636(c).**

The parties respectfully decline to stipulate to trial by the Magistrate. Appointment of a special master is premature at this time. Given the claims asserted and technical and evidentiary issues involved, appointment of a special master may ultimately become warranted, depending on the manner in which the case progresses. The parties reserve their respective rights to seek appointment of a special master should the need arise.

**XI. PROPOSED MODIFICATION OF STANDARD PRETRIAL PROCEDURE BECAUSE OF THE SIMPLICITY OR COMPLEXITY OF THE CASE.**

Although defendants claim this case has the potential for complexity, plaintiff believes the case is straightforward, easily proven and through the court's entry of an injunction prohibiting

defendant's from, among other things, coverting downloading software and payment to plaintiff to cover the expenses she has incurred to replace her computer that was damaged by defendants' software, nothing more would be warranted in concluding the case. Complexity just does not exist.

As pled, this case has the potential to become highly complex. Defendants believe that, at this stage, however, the proposed phased discovery procedure and schedule should preserve manageability without the need for further modification of pretrial procedures at this time. If modification becomes necessary, or if the Court does not adopt Defendants' proposal for phased discovery, the parties will seek appropriate relief.

## XII. WHETHER THE CASE IS RELATED TO ANY OTHER CASE PENDING IN THIS DISTRICT, INCLUDING THE BANKRUPTCY COURTS OF THIS DISTRICT.

The parties are unaware of any related cases in this jurisdiction, although there have been other cases against defendants with similar complaints as those stated in plaintiff's complaint.

Deleted: .

## XIII. THE PROSPECTS FOR SETTLEMENT, INCLUDING WHETHER A SETTLEMENT CONFERENCE SHOULD BE SCHEDULED AND WHETHER, IN THE CASE OF A JURY TRIAL, THE PARTIES WILL STIPULATE TO THE TRIAL JUDGE ACTING AS SETTLEMENT JUDGE.

At this stage in the proceedings, it does not appear that settlement is likely. However, Defendants would participate in a settlement conference and would stipulate to the Court acting as settlement judge.

## XIV. ANY OTHER MATTERS THAT MAY BE CONDUCIVE TO THE JUST AND EXPEDITIOUS DISPOSITION OF THE CASE.

In Defendants' view, the question of whether Defendants' software ever resided on Plaintiff's computer is fundamental. Defendants believe that the phased discovery and proposed discovery and trial schedule are absolutely necessary to the just and expeditious disposition of the case.

In addition, as contemplated in Section VII, above, Defendants propose that the Court set a deadline by which the parties must file any motion to amend the pleadings and/or join additional parties, and that such date be as early in the litigation as possible, and certainly prior to the deadline by which Plaintiff must seek Class Certification.

Plaintiff vehemently objects to the court limiting her right to discovery in any fashion. There is no legal authority cited for defendant's request and in view of the plaintiff's right to discovery, any limitation to discovery in phases or otherwise, would serve to impede upon plaintiff's constitutional right to discovery.

Respectfully submitted,

Dated: August __, 2007

KATTEN MUCHIN ROSENMAN LLP

By: ______________________________

Gregory S. Korman
Attorneys for ZANGO, INC., 180SOLUTIONS, INC. (n/k/a ZANGO, INC.), METRICSDIRECT (n/k/a ZANGO AD SERVICES), KEITH SMITH, DANIEL TODD and KENNETH SMITH

Dated: August 15, 2007

BRONSON & ASSOCIATES

By: /s/ Martha Bronson, Esq.

Martha Bronson, Esq. #133396

Deleted: _

Deleted: ______________





31384761_1

48

# EXHIBIT K

**Korman, Gregory S.**

---

**From:** Korman, Gregory S.
**Sent:** Wednesday, August 15, 2007 4:45 PM
**To:** 'mslaw@thelaw.bz'
**Subject:** RE: FINAL VERSION OF JOINT STATUS REPORT

Ms. Bronson,

I am disappointed by your lack of courtesy. We will be working together for a long time, and this is not a good start.

I accept your contributions because they are your contributions. I will correct your typographical errors, however, because I am signing the document.

As I informed you this morning, I may make revisions, but I will not alter your contributions (except for the typos). If you do not agree to this, advise me immediately so I can evaluate whether to file a unilateral statement.

As an aside, this should have been handled well before 4:30 on the day of filing.

Again, please let me know immediately if you object to me making revising my contribution.

Greg

Gregory S. Korman
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067
tel 310.788.4421
fax 310.712.8276
gregory.korman@kattenlaw.com*

*Please note my email address has changed.

---

**From:** Martha Bronson [mailto:mslawyer@thelaw.bz]
**Sent:** Wednesday, August 15, 2007 4:30 PM
**To:** Korman, Gregory S.
**Subject:** FINAL VERSION OF JOINT STATUS REPORT

BRONSON & ASSOCIATES
MARTHA BRONSON, ESQ. SB #133396
Attorneys & Counselors at Law
15 West 8th Street, Suite A
TRACY, CA 95376
PHONE: 209-830-0400 FAX: 209-832-5000
E-MAIL: mslawyer@thelaw.bz WEBSITE: http://www.thelaw.bz

We caused your changes to be accepted in the document and then edited as you wll see in the attached

49


**EXHIBIT K**

final. Please accept our changes through the tracking device, do not make any further changes and then place your indicated signature on the last page and file. Thank you.

Sincerely,

BRONSON & ASSOCIATES

By: /s/ Martha Bronson .
MARTHA BRONSON, ESQ.

---

CONFIDENTIALITY NOTICE:
This electronic mail message and any attached files contain information intended for the exclusive use of the individual or entity to whom it is addressed and may contain information that is proprietary, privileged, confidential and/or exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any viewing, copying, disclosure or distribution of this information may be subject to legal restriction or sanction. Please notify the sender, by electronic mail or telephone, of any unintended recipients and delete the original message without making any copies.

---

# EXHIBIT L

**Korman, Gregory S.**

---

**From:** Martha Bronson [mslawyer@thelaw.bz]
**Sent:** Wednesday, August 15, 2007 5:50 PM
**To:** Korman, Gregory S.
**Subject:** RE: FINAL VERSION OF JOINT STATUS REPORT

I apologize for not getting it back sooner, but I was tied up in court and could not get to my lap top to do it until I was out. I have not reviewed your additions/ edits, but if you just added to yours and corrected typos you have my okay to go ahead and file. Thank you for understanding my limited time situation. Thank you.

Martha Bronson

---

**From:** Korman, Gregory S. [mailto:gregory.korman@kattenlaw.com]
**Sent:** Wednesday, August 15, 2007 5:10 PM
**To:** mslaw@thelaw.bz
**Subject:** FW: FINAL VERSION OF JOINT STATUS REPORT

Since I have not heard from you, I am filing the document exactly as you sent it.

---

**From:** Korman, Gregory S.
**Sent:** Wednesday, August 15, 2007 4:45 PM
**To:** 'mslaw@thelaw.bz'
**Subject:** RE: FINAL VERSION OF JOINT STATUS REPORT

Ms. Bronson,

I am disappointed by your lack of courtesy. We will be working together for a long time, and this is not a good start.

I accept your contributions because they are your contributions. I will correct your typographical errors, however, because I am signing the document.

As I informed you this morning, I may make revisions, but I will not alter your contributions (except for the typos). If you do not agree to this, advise me immediately so I can evaluate whether to file a unilateral statement.

As an aside, this should have been handled well before 4:30 on the day of filing.

Again, please let me know immediately if you object to me making revising my contribution.

Greg



EXHIBIT L

Gregory S. Korman
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067
tel 310.788.4421
fax 310.712.8276
gregory.korman@kattenlaw.com*

*Please note my email address has changed.

---

**From:** Martha Bronson [mailto:mslawyer@thelaw.bz]
**Sent:** Wednesday, August 15, 2007 4:30 PM
**To:** Korman, Gregory S.
**Subject:** FINAL VERSION OF JOINT STATUS REPORT

BRONSON & ASSOCIATES
MARTHA BRONSON, ESQ. SB #133396
Attorneys & Counselors at Law
15 West 8th Street, Suite A
TRACY, CA 95376
PHONE: 209-830-0400 FAX: 209-832-5000
E-MAIL: mslawyer@thelaw.bz WEBSITE: http://www.thelaw.bz

We caused your changes to be accepted in the document and then edited as you wll see in the attached final. Please accept our changes through the tracking device, do not make any further changes and then place your indicated signature on the last page and file. Thank you.

Sincerely,

BRONSON & ASSOCIATES

By: /s/ Martha Bronson .
MARTHA BRONSON, ESQ.

---

CONFIDENTIALITY NOTICE:
This electronic mail message and any attached files contain information intended for the exclusive use of the individual or entity to whom it is addressed and may contain information that is proprietary, privileged, confidential and/or exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any viewing, copying, disclosure or distribution of this information may be subject to legal restriction or sanction. Please notify the sender, by electronic mail or telephone, of any unintended recipients and delete the original message without making any copies.

---

===========================================================
CIRCULAR 230 DISCLOSURE: Pursuant to Regulations Governing Practice Before the Internal Revenue Service, any tax advice contained herein is not intended or written to be used and cannot be used by a taxpayer for the purpose of avoiding tax penalties that may be imposed on the taxpayer.
===========================================================
CONFIDENTIALITY NOTICE:
This electronic mail message and any attached files contain information intended for the exclusive use of the individual or entity to whom it is addressed and may contain information that is proprietary, privileged, confidential and/or exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any viewing, copying, disclosure or distribution of this information may be subject to legal restriction or sanction. Please notify the sender, by electronic mail or telephone, of any unintended recipients and delete the original message without making any copies.
===========================================================
NOTIFICATION: Katten Muchin Rosenman LLP is an Illinois limited liability partnership that has elected to be governed by the Illinois Uniform Partnership Act (1997).
===========================================================

**Korman, Gregory S.**

---

**From:** Korman, Gregory S.
**Sent:** Wednesday, August 15, 2007 7:13 PM
**To:** 'mslaw@thelaw.bz'
**Subject:** RE: final draft status report.DOC

Ms. Bronson:

My recitation of the record is documented in emails. It's accuracy is not subject to question.

We never discussed your time restraints, although you may have expressed that you were busy on the day we spoke. You made no representation a month ago that you would not be available to meet your commitments today.

I openly acknowledge that I offered to prepare the initial draft of the joint report and did not do so before you sent yours. I was in trial and advised you of same within minutes of receiving your proposed draft. It was coincidental that my trial ended Friday and you sent a draft Sunday. Otherwise, you would have had my draft last week. In any event, that was ten days before the due date. I sent you my revisions Wednesday and you did not look at them until yesterday. You further failed to respond to multiple emails the week before the statement was due, the day before the statement was due and the day the statement was due. Most people would not have waited until 4:30 on the day of filing.

The problem is not a failure to get things done, it is your refusal to return an email or a call. It is a matter of common courtesy, which I will continue to extend to you in the future, and which I am endeavoring to have you reciprocate. Our clients' respective interests will be best served if we cooperate, and I cannot do that if you will not communicate with me.

Let's put this behind us and, in the future, let's clearly communicate time limitations to one another.

By the way, the report was filed. Have a nice evening.

---

Gregory S. Korman
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067
tel 310.788.4421
fax 310.712.8276
gregory.korman@kattenlaw.com*

*Please note my email address has changed.

---

**From:** Martha Bronson [mailto:mslawyer@thelaw.bz]
**Sent:** Wednesday, August 15, 2007 6:56 PM
**To:** Korman, Gregory S.
**Subject:** RE: final draft status report.DOC

Mr. Korman, aside from the fact that your rendition of what has occurred over the past week is inaccurate to say the least, you and I had previously discussed my time restraints and YOU AGREED FOUR WEEKS ago to send me an initial draft. Not only did you fail completely in sending me a draft, I had to do the draft for you. I was the one who sent you the draft. YOU FAILED to respond timely.

YOU waited to the last week to get it done, knowing all along that I had told you over a month ago that I had time restraints and would need to get it done post haste

So, if you are going to send me a mile long letter about alleged last minute revisions and "disappointment", the least you could do is be honest for one and two, include the part where YOU failed completely to get it done as promised a month ago You should not be surprised that I was not able to get it done in your last minute fashion. We would not have had this problem had you sent the draft a month ago as you promised.

Do not blame me for your own remiss failure to act as you had promised.

---

**From:** Korman, Gregory S. [mailto:gregory.korman@kattenlaw.com]
**Sent:** Wednesday, August 15, 2007 1:12 PM
**To:** mslaw@thelaw.bz
**Subject:** FW: final draft status report.DOC

Ms. Bronson:

I am again writing to attempt to determine the status of your contribution to the joint status report that is due today.

You sent me a proposed draft on August 5 (Sunday). I substantially revised the document and forwarded my revisions via email on August 5th (Wednesday). In that email I proposed conferring on the revisions on August 6th or 7th (Thursday and Friday). You did not respond to that email or otherwise contact me for the rest of the week.

Based on your failure to respond, I sent you a follow-up email on August 13th (Monday), again asking for a call. You responded that afternoon that you would be available on August 14th (Tuesday) after 10:30 a.m. I agreed to call you at 11:00 a.m.

When we spoke just after 11:00, you advised me that you had not yet reviewed the document. I waited while you did so. You identified one main issue with our draft, i.e. you wanted it to be clear that you did not agree to phased discovery. You asked me to make the changes and track them in the document. I did so and forwarded the revisions to you before noon.

Given that I made your requested changes, and that the filing was then due the next day, I expected you to revise the document quickly and remain in contact. I did not hear from you, however.

I sent you emails at 3:20 and 6:00 p.m. inquiring into your status. You ignored those emails.

This morning, I sent another email just before 10:00 a.m., but you did not respond. I called your office and left a message with your receptionist at 11:00 a.m. You still have not responded.

It is now after 1:00 p.m. on the last day to file the joint statement. You are obstructing our efforts to finalize and file a Court-ordered document. If I do not receive you contribution to the status report by 4:30 p.m. today, we will file a unilateral report. I hope that does not become necessary.

Greg

---

Gregory S. Korman
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067
tel 310.788.4421

fax 310.712.8276
gregory.korman@kattenlaw.com*

*Please note my email address has changed.

---

**From:** Korman, Gregory S.
**Sent:** Wednesday, August 15, 2007 9:57 AM
**To:** 'mslaw@thelaw.bz'
**Subject:** FW: final draft status report.DOC

Ms. Bronson:

I am getting concerned. We need to file today and I have not heard from you since forwarding minimal revisions before noon yesterday. I plan on taking care of the filing for us, but your attention and cooperation is necessary. Please let me know where you are on this.

Thanks,

Greg

---

Gregory S. Korman
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067
tel 310.788.4421
fax 310.712.8276
gregory.korman@kattenlaw.com*

*Please note my email address has changed.

---

**From:** Korman, Gregory S.
**Sent:** Tuesday, August 14, 2007 6:04 PM
**To:** 'mslaw@thelaw.bz'
**Subject:** FW: final draft status report.DOC

Ms. Bronson:

I am still waiting to hear from you. Please keep me posted on your progress so we can ensure timely filing. Please let me know when I can expect your revisions.

Thanks,

Greg

---

Gregory S. Korman
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067

tel 310.788.4421
fax 310.712.8276
gregory.korman@kattenlaw.com*

*Please note my email address has changed.

---

**From:** Korman, Gregory S.
**Sent:** Tuesday, August 14, 2007 3:21 PM
**To:** 'mslaw@thelaw.bz'
**Subject:** FW: final draft status report.DOC

Ms. Bronson: I haven't heard from you in a few hours. Because our filing date is tomorrow, I hope that you will have your revisions done today so we can discuss any final revisions. I have a 4:30 meeting and would like to take care of this before then, if possible. Please give me an ETA on when I can expect your changes so that I can plan accordingly. Thanks.

---

**From:** Korman, Gregory S.
**Sent:** Tuesday, August 14, 2007 11:55 AM
**To:** 'mslaw@thelaw.bz'
**Subject:** final draft status report.DOC

Ms. Bronson:

Attached please find my revisions to the report with changes tracked. I reserve the right to make minor changes, if necessary, following your revisions. Thanks for your cooperation.

Regards,

Greg

Gregory S. Korman
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067
tel 310.788.4421
fax 310.712.8276
gregory.korman@kattenlaw.com*

*Please note my email address has changed.

===========================================================

CIRCULAR 230 DISCLOSURE: Pursuant to Regulations Governing Practice Before the Internal Revenue Service, any tax advice contained herein is not intended or written to be used and cannot be used by a taxpayer for the purpose of avoiding tax penalties that may be imposed on the taxpayer.

===========================================================

CONFIDENTIALITY NOTICE:
This electronic mail message and any attached files contain information intended for the exclusive use of the individual or entity to whom it is addressed and may contain information that is proprietary, privileged, confidential and/or exempt from disclosure under applicable law. If you are not the intended

recipient, you are hereby notified that any viewing, copying, disclosure or distribution of this information may be subject to legal restriction or sanction. Please notify the sender, by electronic mail or telephone, of any unintended recipients and delete the original message without making any copies.

===============================================================

NOTIFICATION: Katten Muchin Rosenman LLP is an Illinois limited liability partnership that has elected to be governed by the Illinois Uniform Partnership Act (1997).

===============================================================

# EXHIBIT M

**Korman, Gregory S.**

---

**From:** Korman, Gregory S.
**Sent:** Wednesday, August 29, 2007 5:17 PM
**To:** 'mslaw@thelaw.bz'
**Subject:** Zango adv. Phillips

Ms. Bronson,

I hope all is well. I would like to schedule a convenient time and place to have AON come and pick up plaintiff's hard drive(s) and any other media for imaging. We are anxious to begin that process. Please let me know when that would be convenient for you and your client, and it you would prefer to have the pickup at your office or elsewhere. As soon as I get available dates from you, I will make arrangements with AON and provide times.

Thanks in advance,

Greg

Gregory S. Korman
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067
tel 310.788.4421
fax 310.712.8276
gregory.korman@kattenlaw.com*

*Please note my email address has changed.

# EXHIBIT N

Katten
KattenMuchinRosenman LLP

2029 Century Park East
Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel
310.788.4471 fax
GREGORY S. KORMAN
gregory.korman@kattenlaw.com
310.788.4421 direct
310.712.8276 fax

September 13, 2007

VIA FACSIMILE AND U.S. MAIL

Martha Bronson, Esq.
Bronson & Associates
15 West 8th Street, Suite A
Tracy, CA 95376

**Re: Phillips v. 180 Solutions et al.**

Dear Ms. Bronson,

This follows my email dated August 29, 2007, to which you declined to respond. A copy of that email is enclosed for your reference.

I am again attempting to coordinate scheduling collection and imaging of the plaintiff's hard drive(s) and other electronic storage media. As I have repeatedly advised you, we view this process as an absolutely fundamental first step in the litigation. It is necessary to confirm whether my clients' software was ever installed on the plaintiff's computer. You have expressed agreement with this concept and have not since informed me that you have changed your mind.

I understand the press of business, but we need to treat this as a priority. Please provide some alternative dates and a pick-up location that are convenient for you and your client and I will arrange the rest. I hope to hear from you soon.

Very truly yours,

Gregory S. Korman

Encl.

cc: Floyd A. Mandell, Esq.
Kristin L. Holland, Esq.

Page 1 of 1

## Korman, Gregory S.

**From:** Korman, Gregory S.
**Sent:** Wednesday, August 29, 2007 5:17 PM
**To:** 'mslaw@thelaw.bz'
**Subject:** Zango adv. Phillips

Ms. Bronson,

I hope all is well. I would like to schedule a convenient time and place to have AON come and pick up plaintiff's hard drive(s) and any other media for imaging. We are anxious to begin that process. Please let me know when that would be convenient for you and your client, and it you would prefer to have the pickup at your office or elsewhere. As soon as I get available dates from you, I will make arrangements with AON and provide times.

Thanks in advance,

Greg

Gregory S. Korman
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067
tel 310.788.4421
fax 310.712.8276
gregory.korman@kattenlaw.com*

*Please note my email address has changed.

# EXHIBIT O

Katten

Katten Muchin Rosenman LLP

GREGORY S. KORMAN
gregory.korman@kattenlaw.com
310.788.4421 direct
310.712.8276 fax

September 28, 2007

VIA E-MAIL, FACSIMILE AND U.S. MAIL

Martha Bronson, Esq.
Bronson & Associates
15 West 8th Street, Suite A
Tracy, CA 95376

**Re: Phillips v. 180 Solutions et al.**

Dear Ms. Bronson,

This follows my email to you dated August 29, 2007 and my letter to you dated September 13, 2007.

Inexplicably, you have declined to respond, in any way, to any of my correspondence concerning the collection and imaging of the plaintiff's hard drive(s) and other electronic storage media. You likewise earlier declined to respond to my colleague Ms. Holland's letters dated June 6, 2007 and June 22, 2007 concerning spoliation of this critical evidence.

You and I have had verbal communications concerning the collection and imaging issue. Those conversations have been less than satisfactory, however, because you have taken inconsistent and contradictory positions at various times. When we first spoke, you agreed to my proposal of a stipulated 60-day hold on discovery to permit the plaintiff's drives to be imaged. When we next spoke, you denied making such an agreement, but then agreed in principle that imaging the drive(s) would be the appropriate first step in the case. These conversations took place over the course of the last two months, and still you have not produced the drives or bothered to respond to written correspondence relating to same. We can only conclude from your refusal to communicate that you do not intend to produce the drive(s) at all. Whether that is because, in fact, this critical evidence has been spoliated remains to be determined, but your silence provides no reassurance that the drives and other storage media remain in pristine condition.

More fundamentally, and as I have explained to you, we question whether plaintiff (or anyone else) ever downloaded my clients' software onto plaintiff's computer in the first instance. It is plainly your burden to make this showing (and, under Rule 11, to have been able to make this showing long ago); unfortunately, your evasiveness only serves to bolster our suspicions. As an accommodation to you and your client, I have offered to make all of the logistical arrangements to facilitate the imaging process. I reiterate now that I will coordinate with a mutually agreeable

Katten
KattenMuchinRosenman LLP



third-party forensic computer expert to pick up the drives from a location that you designate and have them imaged. All you have to do is tell me when and where.

As I have repeatedly advised you, we view this process as an absolutely fundamental first step in the litigation. We agreed to the dates in the scheduling order on the understanding that we would have your cooperation in nailing down the threshold fact well prior to devoting time and expense to developing this case – development that will simply be unnecessary if the facts are as we suspect they are. In short, *it is necessary to confirm whether my clients' software was ever installed on the plaintiff's computer.* This issue is dispositive and *must be resolved before either side begins to incur avoidable litigation expenses.*

Because the Court has issued its scheduling order (and awaits objections, if any), we need the plaintiff's drive(s) *next week* in order to know whether we will object and, if we decide not to object, to have any chance of being able to abide by the presently set deadlines in that order. Accordingly, we request that you immediately provide a date, time and address for pick-up of all plaintiff's computers, hard drives, peripherals and any other storage media that plaintiff will allege was affected by my clients' software. If I do not hear from you with this information by Tuesday, October 2, 2007 at 5:00 p.m., we will raise these issues with the Court.

In addition, we have not received plaintiff's initial disclosures. Pursuant to our joint report to the Court, which you signed, disclosures were to be produced by August 31, 2007. Accordingly, those disclosures are today exactly one month past due. Please provide plaintiff's disclosures immediately or we will raise that issue with the Court as well.

I look forward to hearing from you promptly and, in any event, no later than first thing next week. My email address and direct dial phone number are on page 1 of this letter.

Very truly yours,

Greg Korman /cm

Gregory S. Korman

cc: Floyd A. Mandell, Esq.
Kristin L. Holland, Esq.

31398690

**Katten Muchin Rosenman LLP**

2029 Century Park East
Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel
310.788.4471 fax

# Facsimile

| To | | Company | Fax Number | Phone Number |
|---|---|---|---|---|
| 1. | **Martha Bronson, Esq.** | **Bronson & Associates** | **(209) 832-5000** | **(209) 830-0400** |

| | |
|---|---|
| *Date* | *Client/Matter Number* |
| **September 28, 2007** | **337773.1** |
| *From* | *Attorney Number* |
| **Gregory Korman** | **32786** |
| *Phone* | *Fax* |
| **310.788.4421** | **310.712.8271** |

***Total number of pages, including cover letter: 3***
***If you do not receive all of the pages, please call: 310.788.4400***

*Comments* *Please see the attached.*

***For Messenger Department Use Only***

*Your fax has been sent. Attached is your original.*

*Date* *Time*

*Signature*

***Important***

*This facsimile transmission contains information intended for the exclusive use of the individual or entity to whom it is addressed and may contain information that is proprietary, privileged, confidential and/or exempt from disclosure under applicable law.*

*If you are not the intended recipient (or an employee or agent responsible for delivering this facsimile transmission to the intended recipient), you are hereby notified that any copying, disclosure or distribution of this information may be subject to legal restriction or sanction. Please notify the sender by telephone to arrange for the return or destruction of the information and all copies.*

# Confirmation Report–Memory Send

Time : 09-28-07 05:39pm
Tel line 1 : +3107884471
Name : Katten Muchin Rosenman LLP

| | | |
|---|---|---|
| Job number | : | 119 |
| Date | : | 09-28 05:30pm |
| To | : | 912098325000 |
| Document Pages | : | 03 |
| Start time | : | 09-28 05:31pm |
| End time | : | 09-28 05:39pm |
| Pages sent | : | 00 |

Job number : 119 *** SEND FAILED ***

**Katten Muchin Rosenman LLP**
2029 Century Park East
Suite 2600
Los Angeles, CA 90067-3012
310 788.4400 tel
310 788 4471 fax

## *Facsimile*

| *To* | *Company* | *Fax Number* | *Phone Number* |
|---|---|---|---|
| 1. **Martha Bronson, Esq.** | **Bronson & Associates** | **(209) 832-5000** | **(209) 830-0400** |

| | |
|---|---|
| *Date* | *Client/Matter Number* |
| **September 28, 2007** | **337773.1** |
| *From* | *Attorney Number* |
| **Gregory Korman** | **32786** |
| | *Fax* |
| | **310.712.8271** |

***Total number of pages, including cover letter: 3***
***If you do not receive all of the pages, please call: 310.788.4400***

*Comments* *Please see the attached*

***For Messenger Department Use Only***

*Your fax has been sent. Attached is your original.*

*Date* *Time*

*Signature*

***Important***

*This facsimile transmission contains information intended for the exclusive use of the individual or entity to whom it is addressed and may contain information that is proprietary, privileged, confidential and/or exempt from disclosure under applicable law.*

*If you are not the intended recipient (or an employee or agent responsible for delivering this facsimile transmission to the intended recipient), you are hereby notified that any copying, disclosure or distribution of this information may be subject to legal restriction or sanction. Please notify the sender by telephone to arrange for the return or destruction of the information and all copies*

# EXHIBIT P

Bronson & Associates
ATTORNEYS AND COUNSELORS AT LAW

MARTHA BRONSON
Bar Number: 133396
15 West 8th Street, Suite A
Tracy, CA 95376
Phone: 209-830-0400
Facsimile: 209-832-5000
E-Mail: MsLaw@thelaw.bz
Website: www.thelaw.bz

Friday, October 05, 2007

☑Sent Via Facsimile Only: 310-788-4471
Gregory S. Korman, Esq.
KATTEN MUCHIN ROSENMAN LLP
2029 Century Park EAst, Suite 2600
Los Angeles, CA 90067

| | | |
|---|---|---|
| Regarding: | Plaintiff: | Robin Phillips |
| | Defendant: | 180Solutions, Inc.; KEITH SMITH, et al., |
| | Case Number: | 07-CV-01167-FCD-EFB |
| | Our File Number | IN06-007769 |

Dear Mr. Korman :

Please forgive our delay in responding to your correspondence. Our initial disclosure was sent to you via fax today. We are in the process of having the copies made of the offending software on the hard drive and when we have them in hand, we will provide to you promptly. We apologize for not meeting your deadline, but we do have other cases which happened to have priority and there was also delay caused by locating and engaging a technician. Thank you for understanding.

Very truly yours,
BRONSON & ASSOCIATES

BY:
MARTHA BRONSON, ESQ.

MB:mdb

66

EXHIBIT P

# EXHIBIT Q

BRONSON & ASSOCIATES
ATTORNEYS AT LAW
MARTHA BRONSON, ESQ. #133396
15 WEST 8TH STREET, SUITE A
TRACY, CA 95376
209-830-0400 Fax: 209-832-5000
*Dedicated Website:* *www.thelaw.bz* *E-Mail:* *Mslawyer@thelaw.bz*

Attorneys for Plaintiff and Putative Class Members

**IN THE UNITES STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Robin Phillips, individually and on behalf of all those similarly situated,<br><br>Plaintiffs ,<br><br>vs.<br><br>180Solutions, Inc.; ZANGO, INC., KEITH SMITH, et al.,<br><br>Defendants. | CASE NO.: 07-CV-01167-FCD-EFB<br><br>PLAINTIFF'S INITIAL DISCLOSURES **[F.R.C.P. 26(a)(1)]** |

In accordance with Rule 26(a)(1) of the Federal Rules of Civil Procedure, plaintiff [*or* defendant] makes its mandatory disclosure as follows:

**A. PERCIPIENT WITNESSES**

1. Robin Phillips, is likely to have discoverable information relevant to disputed facts alleged with particularity in the pleadings including her computer.

2. Employees at 180Solutions (nka ZANGO, INC.) including all named defendants, are likely to have discoverable information relevant to disputed facts alleged with particularity in the pleadings including complaints from customers similar to those relating to plaintiff's complaints.

Discovery is continuing.

**B. DOCUMENTS**

2. All Correspondence between defendants and general public regarding similar complaints that defendants' unauthorized downloads are causing computer problems

Discovery is continuing

**C. COMPUTATION OF DAMAGES**

1. Explanation: ROBIN PHILLIPS' cost to replace computer that was damaged by defendants' unauthorized download of software

## D. INSURANCE AGREEMENTS:

None known at this time.

## E. OTHER

Discovery is continuing and failure to list an item is not to be construed to the prejudice of plaintiff.

Dated: Friday, October 05, 2007

BRONSON & ASSOCIATES

By: ______________________

MARTHA BRONSON, ESQ.
ATTORNEYS FOR PLAINTIFF AND PUTATIVE CLASS

# CERTIFICATE OF SERVICE

I, MATINA D. BATTAGLIA, the undersigned, declare that I am over the age of 18 and am not a party to this action. One of my places of employment is with BRONSON & ASSOCIATES, 15 West 8th Street, Suite A, Tracy, CA 95376.

On the date below I served the following document(s): PLAINTIFF'S INITIAL DISCLOSURES,

on the person(s) named below:

Gregory S. Korman Fax: 310-788-4471 ATTORNEYS FOR ALL DEFENDANTS
KATTEN MUCHIN ROSENMAN LLP
2029 Century Park EAst, Suite 2600
Los Angeles, CA 90067

by delivering as follows:

[ X ] **BY MAIL:** I placed true and correct copies, a printed copy of which is hereto attached and made a part hereof, in an envelope each addressed as indicated above for collection and mailing following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in Tracy, California, in a sealed envelope with postage fully prepaid. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing as shown below.

[ X ] **BY FAX TRANSMISSION:** I caused a copy of the document(s), a printed copy of which is hereto attached and made a part hereof, to be transmitted by fax at the fax number(s) shown above. I programmed the fax machine to print out a transmission confirmation and a copy is attached hereto pursuant California Rules of Court 2.306(g)(4) and which reports the fax transmission complete and without error.

Executed on Friday, October 05, 2007 , at Tracy, California. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_______________________________
MATINA D. BATTAGLIA

# EXHIBIT R

Katten
Katten Muchin Rosenman LLP

2029 Century Park East
Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel
310.788.4471 fax

KRISTIN L. HOLLAND
kristin.holland@kattenlaw.com
310.788.4647 direct
310.712.8424 fax

October 5, 2007

Via Facsimile and Mail Delivery

Martha Bronson, Esq.
Bronson & Associates
15 West 8th Street, Suite A
Tracy, CA 95376

**Re: Phillips, et al. v. 180Solutions, Inc. et al.**

Dear Ms. Bronson:

We write in response to your letter of today's date regarding plaintiff's hard drive.

We demand that you immediately cease and desist from whatever "process of having copies made of the offending software on the hard drive" you are currently undertaking or have already undertaken. If you permit, or have already permitted, anyone to do anything to the computer, hard drive, and/or other storage media at issue, you will be engaging in spoliation of evidence and we will seek the maximum sanctions permissible by law and awarded by the court against you, your firm, your client and the technician doing the work, not the least of which will be terminating sanctions dismissing this case.

Your many months of delay in responding to our letters, emails and phone messages is inexcusable. You have ignored every communication and carefully described protocol that we have proposed for retrieving crucial data from the hard drive; worse, your letter of today's date indicates that you are now moving (or perhaps have already moved) beyond gross neglect into willful destruction of evidence.

Please contact me immediately, before the close of business today, to (1) confirm that you have not undertaken any copying activity and that you will not do anything to the hard drive, computer, and/or other storage media without our consent and approval (or a Court order subsequent to proper notice and briefing); and (2) set up a date when a third-party service can image the hard drive, computer, and/or other storage media according to recognized discovery protocols.

Your letter necessitates this response, and this response in turn requires your immediate action as described above. Tampering with and spoliating evidence is conduct of an extremely serious nature, and regardless of your other cases or pressing issues, it requires immediate response and action, as you are destroying the very evidence upon which all claims and defenses in this case will turn.

Sincerely,

K. Holland

Kristin L. Holland