Phillips v. 180Solutions, Inc. et al Doc. 7 Att. 2



Kristin L. Holland (SBN 187314)
Gregory S. Korman (SBN 216931)
KATTEN MUCHIN ROSENMAN LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
TEL: (310) 788-4400
FAX: (310) 788-4471
kristin.holland@kattenlaw.com
gregory.korman@kattenlaw.com

Floyd A. Mandell (*Pro Hac Vice Application To Be Filed)*
KATTEN MUCHIN ROSENMAN LLP
525 West Monroe, Chicago, Illinois 60661
Telephone: 312.902.5200
Facsimile: 312.902.1061
floyd.mandell@kattenlaw.com

Attorneys for defendants Zango, Inc., 180solutions, Inc. (n/k/a Zango, Inc.), MetricsDirect (n/k/a Zango Ad Services), Keith Smith, Daniel Todd and Kenneth Smith

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

| | |
|---|---|
| ROBIN PHILLIPS, individually and on behalf of all those similarly situated and on behalf of the general public,<br><br>Plaintiffs,<br>vs.<br>180SOLUTIONS, INC. a Washington Corporation; METRICS DIRECT, KEITH SMITH, DANIEL TODD, KENNETH SMITH and DOES 1 through 50, Inclusive,<br><br>Defendants. | Case No. 2:07-CV-01167-FCD-EFB<br><br>**DECLARATION OF KRISTIN L. HOLLAND IN SUPPORT OF DEFENDANTS' OBJECTIONS TO STATUS (PRETRIAL SCHEDULING) ORDER** |



Dockets.Justia.com

# DECLARATION OF KRISTIN L. HOLLAND

I, Kristin L. Holland, declare:

1. I am a partner in the firm of Katten Muchin Rosenman, LLP, attorneys of record for defendants Zango, Inc., 180solutions, Inc. (n/k/a Zango, Inc.), MetricsDirect (n/k/a Zango Ad Services), Keith Smith, Daniel Todd and Kenneth Smith (collectively "Defendants") in the above-captioned action. I submit this declaration in support of Defendants' Objections to Status (Pretrial Scheduling) Order.

2. On Friday, October 5, 2007, at approximately 6:35 p.m., I received a telephone call from Plaintiff's counsel, Martha Bronson. I told Ms. Bronson that Defendants required a writing from her agreeing to permit the immediate inspection and imaging of Plaintiff's hard drive, and that without such written agreement, Defendants would file briefing on this issue with the court on October 8 or 9, 2007.

3. Ms. Bronson told me that she had given the hard drive to a computer technician, who "hasn't done anything with it yet." She stated that the technician told her he could "clone" it or run software to identify what programs existed on the drive without affecting it. I told her that we objected to any tampering with the drive and that it would constitute spoliation of evidence. Ms. Bronson told me that her technician had not yet taken any action and that she would tell him not to do so.

4. Ms. Bronson told me that she had "no problem" allowing Defendants to image and inspect Plaintiff's hard drive in her offices. She then backed off that promise, claiming a concern about private information that might exist on Plaintiff's hard drive. I told her that we would be willing to protect her client's privacy, but that we needed access to the entire contents of the hard drive in order to determine the cause of the alleged damage. I asked her to set forth her privacy concerns in writing and to provide a proposed protective order.

5. I also asked Ms. Bronson to confirm that no one had tampered with the hard drive. She said that she could only represent that she had not tampered with it, but that her understanding was that the hard drive originally was in the Plaintiff's possession, but was then given to Plaintiff's "friend." Ms. Bronson told me that Plaintiff's friend was going to do something to or with the hard drive, but did not. The hard drive then went to Ms. Bronson, as Plaintiff's counsel, and Ms. Bronson has given it to a technician who had it as of October 5, 2007.

6. I ended our conversation by telling Ms. Bronson that I was going wait for her written confirmation that she will produce the Plaintiff's hard drive. She has provided no such written confirmation.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this was executed on October 8, 2007.

K. Holland
Kristin L. Holland