IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN PHILLIPS, individually and on behalf of all those similarly situated and on behalf of the general public,<br><br>    Plaintiffs,<br><br>vs.<br><br>180SOLUTIONS, INC. a Washington Corporation; METRICS DIRECT, KEITH SMITH, DANIEL TODD, KENNETH and DOES 1 through 50 inclusive,<br><br>    Defendants.<br>_____/ | No. CIV S-07-1167 FCD EFB |

This case was before the undersigned on January 4, 2008, for hearing on defendant Zango Inc.'s motion to compel further discovery responses to its first and second set of interrogatories and requests for production of documents. The court granted defendant's application to hear the matter on shortened time given the impending pre-certification discovery deadline of January 9, 2008.[1] As set forth during the hearing and below, the court grants in part

---

[1] The pre-trial scheduling order issued by the district judge bifurcates discovery into pre-certification and post-certification discovery. Although plaintiff has not yet filed a motion for class certification, the pre-certification phase of discovery is closed as of January 9, 2008. To the extent the parties wish to seek an extension of that deadline, they must direct that request to the district judge for approval.

1

and denies in part defendant's motion.

In response to defendant's motion, plaintiff filed an opposition together with her own *ex parte* requests for relief, improperly noticing those motions for hearing on January 4, 2008, without seeking an order shortening time.  *See* Local Rules 78-230(b), 6-144(e).

In brief, plaintiff alleges claims for unlawful business practices, false advertising, fraud, and various other state law claims in connection with defendants' alleged practice of surreptitiously and deceptively installing their software onto consumers' computers via the Internet.  Plaintiff alleges that defendants installed this software on her computer, without her consent, and purports to bring this action on behalf of the general public and all other individuals similarly situated.  The action was removed to federal court on June 15, 2007, on the basis of diversity.

As part of pre-certification discovery, Zango, Inc. ("Zango") has sought to obtain plaintiff's hard drive in order to image and analyze it to determine the threshold issue of whether its software actually resides on plaintiff's computer.  Prior to the hearing, Zango finally obtained the hard drive and sent it to forensic analysts for imaging and review.  As stipulated at the hearing, much of the discovery propounded on plaintiff regarding her computer will be best answered by consulting the forensic analysis.

Just prior to the hearing, plaintiff also submitted amended responses to the disputed discovery.  In reviewing those amended responses, plaintiff's counsel stated on the record that she has provided defendant with all information in her possession and control, and acknowledged her continuing duty to supplement her discovery responses as she obtained new information.

However, as ordered at the hearing, plaintiff shall supplement her responses to interrogatory no. 3 (first set), by identifying with more particularity those individuals she has identified as having had access to her computer.  As part of her supplementation, she shall make diligent efforts to identify the co-workers referenced in her response to this interrogatory, and at

1  the very least, she shall identify her place of employment during the relevant time period.
2  Plaintiff shall further provide contact information for the other individuals identified in her
3  response to this interrogatory.  Plaintiff shall also provide supplemental verifications to her
4  responses to both sets of interrogatories by providing defendant with plaintiff's actual signatures
5  on the verifications.  *See* Fed. R. Civ. P. 33.  Based on plaintiff counsel's representations at the
6  hearing, the court denies defendant's motion for an order compelling supplemental responses in
7  all other respects.

8  Further, although plaintiff failed properly to notice her *ex parte* motions for hearing, the
9  court considers those motions and denies the relief requested therein.  Specifically, plaintiff's
10 request for an order compelling defense counsel to return plaintiff's hard drive is moot, as it is
11 evident from the record that he has already shipped it to her via Federal Express.  *See*
12 Supplemental Korman Declaration, Ex. E (docket no. 27).  Further, the court denies plaintiff's
13 request for an order compelling defense counsel to abide by a previously discussed stipulation to
14 extend the discovery deadlines.  If the parties wish to modify the pre-trial scheduling order, they
15 must petition the district judge for such relief.

16 Finally, the court declines to award sanctions to either party with respect to this motion.
17 The court finds that the "emergency" nature of this motion, timed as it was so close to the
18 impending discovery deadline, was caused, in part, by defendant's delay in bringing it.  Further,
19 despite the "emergency nature" of the motion, defendant failed to plan for inclement weather and
20 as a result thereof, was unable to appear personally at the hearing.  Not only did this cause
21 plaintiff's counsel to make an unnecessary trip to Sacramento, it required numerous
22 accommodations by the court and its staff to hear the motion telephonically late that afternoon,
23 several hours after the scheduled hearing.

24 Further, the court finds that defendant had in its possession information responsive to
25 several of the first set of discovery requests prior to filing the "emergency" *ex parte* motion on
26 December 19, 2007.  For example, defense counsel received plaintiff's hard drive on December

1  17, 2007, and subsequently sent it to a third party for imaging and forensic analysis. *See*
2  Korman Decl., at ¶¶ 26, 29 (docket no. 19).  Several of the interrogatories served on plaintiff
3  pertain to information contained on her hard drive.  At the hearing, defense counsel admitted that
4  many of these interrogatories (first set) can be answered through reference to the forensic
5  analysis.  In fact, several of those question are best answered through reference to that analysis
6  rather than through plaintiff's admittedly limited ability to, for example, "identify all software
7  including, without limitation, spyware, that is presently installed or has ever been installed on
8  your computer equipment."  Korman Decl., Ex. W at 5:5-13 (docket no. 12-24).
9       For these reasons and those stated on the record at the hearing, the court declines to
10 award defendant sanctions.  Fed. R. Civ. P. 37(a)(5).
11      SO ORDERED.
12 DATED:  February 13, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4