Kristin L. Holland (SBN 187314)
Gregory S. Korman (SBN 216931)
KATTEN MUCHIN ROSENMAN LLP
2029 Century Park East, Suite 2600
Los Angeles, CA  90067-3012
TEL:  (310) 788-4400
FAX:  (310) 788-4471
kristin.holland@kattenlaw.com
gregory.korman@kattenlaw.com

Floyd A. Mandell (*Pro Hac Vice Application To Be Filed*)
KATTEN MUCHIN ROSENMAN LLP
525 West Monroe, Chicago, Illinois 60661
Telephone:  312.902.5200
Facsimile:  312.902.1061
floyd.mandell@kattenlaw.com

Attorneys for defendants Zango, Inc., 180solutions, Inc. (n/k/a Zango, Inc.), MetricsDirect (n/k/a Zango Ad Services), Keith Smith, Daniel Todd and Kenneth Smith

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

# SACRAMENTO DIVISION

| | |
|---|---|
| ROBIN PHILLIPS, individually and on behalf of all those similarly situated and on behalf of the general public,<br><br>                 Plaintiffs,<br>     vs.<br>180SOLUTIONS, INC. a Washington Corporation; METRICS DIRECT, KEITH SMITH, DANIEL TODD, KENNETH SMITH and DOES 1 through 50, Inclusive,<br><br>                 Defendants. | Case No. 2:07-CV-01167-FCD-EFB<br><br>**STIPULATION AND PROTECTIVE ORDER RE: CONFIDENTIAL MATERIAL** |

Plaintiff Robin Phillips ("Plaintiff"), on the one hand, and defendants Zango, Inc., 180solutions, Inc. (n/k/a Zango, Inc.), MetricsDirect (n/k/a Zango Ad Services), Keith Smith, Daniel Todd and Kenneth Smith ("Defendants"), on the other hand (together, the "parties"), through counsel, stipulate as follows:

## RECITALS

WHEREAS, the parties to this action expect discovery to involve the disclosure of confidential and proprietary business or financial documents and information.

WHEREAS, it is in the best interests of the parties that confidential documents and information be used solely for purposes of litigation and not for any other purposes.

WHEREAS, in light of the foregoing, the parties desire to establish procedures that will be fair and expedite appropriate discovery of confidential material.

WHEREAS, the parties will and hereby do enter into this Stipulation Regarding Protection of Confidential Documents and Information (the "Stipulation") and [Proposed] Order Thereon (the "Order").

NOW THEREFORE, IT IS STIPULATED AND AGREED AS FOLLOWS:

## STIPULATION

1. <u>"Confidential Material" Defined</u>.  The term "Confidential Material" as used in this Order shall mean all "documents," as that term is defined in Rule 34 of the Federal Rules of Civil Procedure, information and/or things reasonably deemed by any party to this action, or any third party, to contain confidential or sensitive financial, business, commercial, proprietary, trade secret[1] or personal information and designated as Confidential Material as follows:

    A.   In the case of tangible documents and things (e.g., CD-ROMS or other digital media), and the information contained therein, designation shall be made by the designating party

---

[1] ~~"Trade secret" shall mean "information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (1) derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure; or (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy." Cal. Civ. Code § 3426.1.~~

1
**STIPULATED PROTECTIVE ORDER -- CASE NO. 2:07-CV-01167-FCD-EFB**

31401976_1

affixing the following legend placed on any such document or thing:

"CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

B. In the case of depositions and the information contained in depositions (including exhibits), Confidential Material shall be designated by counsel for the designating party making a statement to such effect on the record in the course of the deposition, or by so advising all parties which pages contain Confidential Material within ten (10) business days after receipt of the transcript. The designating party alone shall have the discretion whether to designate as Confidential Material the entire transcript or the portion of the transcript (including exhibits) which contains Confidential Material. If such designation is made, the original and each copy of the transcript shall bear substantially the following legend on the cover thereof or, alternatively, the portion or portions of the deposition containing Confidential Material shall be separately transcribed and the transcripts of such portion or portions shall bear substantially the following legend on the cover thereof:

"CONTAINS CONFIDENTIAL MATERIAL SUBJECT TO PROTECTIVE ORDER.

Not to be used or disclosed except as expressly authorized by Order of the Court."

This Protective Order does not preclude presenting the original of the transcript in its entirety to the deponent for review, correction and signing. Nor does it preclude delivery by the reporter of copies of deposition transcripts containing and/or annexing Confidential Material in their entirety, and marked with the legend or legends provided above, to litigation counsel for parties to this Protective Order, which transcripts shall then be maintained by such litigation counsel in accordance with the provisions of this Protective Order.

C. In the case of responses to requests to admit pursuant to Rule 36 of the Federal Rules of Civil Procedure and responses to interrogatories pursuant to Rule 33 of the Federal Rules of Civil Procedure containing Confidential Material, such responses shall bear substantially the following legend on the cover thereof:

"CONTAINS CONFIDENTIAL MATERIAL SUBJECT TO PROTECTIVE ORDER.

Not to be used or disclosed except as expressly authorized by Order of the Court."

2
STIPULATED PROTECTIVE ORDER -- CASE NO. 2:07-CV-01167-FCD-EFB

31401976_1

      D.      Except as provided in paragraph 1.B., above, the designating party shall make a good faith effort to denominate as "Confidential Material" only such documents, information and/or things which the designating party reasonably believes constitute confidential financial, business, commercial, proprietary, trade secret or personal information, and which the designating party believes, if publicly disclosed, would cause present or future injury to, or otherwise constitute an unwarranted invasion of, the privacy or commercial or business interests of the designating party.

      2.      <u>Authorized Persons</u>.  Confidential Material shall be used solely for the purpose of conducting this litigation and not for any business or other purpose whatsoever.  For the purpose of conducting this litigation, Confidential Material may be disclosed, copied and used by the parties to which it is produced to and by the following persons only, and may not be disclosed to anyone not expressly authorized in this Order:

      A.      The attorneys in the law firms currently representing each of the parties in the above-entitled action, BRONSON & ASSOCIATES (attorneys for Plaintiff) and KATTEN MUCHIN ROSENMAN LLP (attorneys for Defendants), or associated or successor counsel of record for any party in this action, or any in-house counsel for any party in this action, and their respective partners, associates, employees, secretaries, paralegal assistants and other employees who are actively participating in the prosecution or defense of this matter;

      B.      Any other attorneys, accountants and/or experts or consultants employed or consulted by counsel described in 2.A. above for the purpose of this litigation;

      C.      Any party to this action, and any officers, directors, employees or shareholders of any party to this action;

      D.      Any Court having jurisdiction over the parties, and any court personnel;

      E.      Deponents;

      F.      Stenographic and court reporters engaged for depositions;

      G.      Actual or potential witnesses at trial; and

      H.      Such other persons as the parties may designate by written stipulation or by order of the Court.

All Confidential Material disclosed hereunder shall at all times be retained in the custody of counsel described in 2.A. above.  In the event that the receiving party deems it necessary to disclose Confidential Material to a third party witness in any circumstance except at deposition or at trial, counsel for the receiving party shall require, before such disclosure, that every such person to whom disclosure will be made read this Order and execute a declaration in the form of Attachment A, stating that the person has read and understands this Order and agrees to be bound by its terms.  The undersigned counsel shall maintain a file containing the declaration executed by each such person to whom disclosure of Confidential Material is made.  Confidential Material may be disclosed to a third party witness who is being deposed even if such third party witness refuses to sign a copy of Attachment A, so long as such third party witness is instructed on the record about the terms and effect of this Order.  **Nothing in this paragraph shall be construed as binding upon the court or its personnel.**

3. <u>Objections to Designation</u>.  In the event that any party objects to the designation of documents or other items as Confidential Materials, the objecting party shall advise the designating party of the objection(s) in writing.  The objecting party and the designating party must meet and confer about the propriety of any disputed designation before the objecting party moves the Court to challenge the designation.  Should an objecting party so move, the designating party will bear the burden of establishing good cause for the disputed designation.  Such disputed documents or discovery materials shall be deemed Confidential Material unless and until the Court rules otherwise. Nothing in this Order, however, prevents a party who designated a document as Confidential Material from agreeing to remove or modify the designation.

4. ~~<u>Use in Court Proceedings</u>.  Subject to further order of this Court, any Confidential Material filed or lodged with the Court for any purpose shall be placed in a sealed envelope or other container marked on the outside with the title of this action, identification of each document within and a statement substantially as follows:~~

~~CONFIDENTIAL MATERIAL — SUBJECT TO PROTECTIVE ORDER.  This envelope contains materials filed [lodged] under seal~~

4

STIPULATED PROTECTIVE ORDER -- CASE NO. 2:07-CV-01167-FCD-EFB

31401976_1

~~for the purpose of this litigation only. It shall not be opened by a person other than the Court except by Court Order or by written stipulation of all parties filed with the Clerk of this Court, and is otherwise subject to the provisions of the Protective Order entered in this action on [date].~~

~~Absent advance notification that documents and/or information has been designated as Confidential Material as described above, the Court will be free to incorporate all such evidence in its written and oral rulings.~~

Nothing in this Stipulation affects the admissibility of any documents, testimony or other evidence at trial or restricts the use of information at trial. In the event this matter proceeds to trial, all of the information that was designated as Confidential Material becomes public and will be presumptively available to all members of the public, including the press, unless sufficient cause is shown in advance of trial to proceed otherwise.

Nothing in this Stipulation shall limit any party's right to file, unsealed, any Confidential Material so designated by that party itself.

5. <u>Things to Be Returned</u>. Within ninety (90) days after the final disposition of this action (i.e., settlement or final judgment and exhaustion of all appeals or the time for all appeals), all Confidential Materials produced by a party (including, without limitation, any copies, extracts or summaries thereof) shall be delivered to counsel for the designating party or, at the option of counsel for the receiving party, shall be destroyed, and each counsel shall, by declaration delivered to all adverse counsel, affirm that all such Confidential Materials (including, without limitation, any copies, extracts or summaries thereof) have been returned or destroyed; provided, however, that each counsel shall be entitled to retain pleadings, memoranda, declarations or affidavits, and/or deposition transcripts and videotapes which attach, contain or refer to any Confidential Materials (including, without limitation, any copies, extracts or summaries thereof), but only to the extent necessary to preserve a litigation file with respect to this action.

6. <u>Copies</u>.  All copies of any Confidential Material shall also constitute, and be treated as, Confidential Material as provided in this Order.  Any person or entity making, or causing to be made, copies of any Confidential Material, shall make certain that each copy bears the appropriate legend pursuant to the requirements of this Order.

7. <u>Extracts and Summaries</u>.  Any extracts or summaries of any Confidential Material shall also constitute, and be treated as, Confidential Material as provided in this Order, even if the extracts or summaries are not marked with a confidential designation.

8. <u>Inadvertent Failure to Designate</u>.  An inadvertent failure to designate information and/or documents as "Confidential" in accordance with this Order at the time of production may be remedied by supplemental written notice.  If such notice is given, the identified materials shall thereafter be fully subject to this Order as if they had been initially designated as "Confidential," provided that there shall be no sanction for any use or disclosure of such information and/or documents prior to designation.  The party to whom production was made shall comply with paragraph 2, above, with respect to anyone to whom information that is later designated as "Confidential" has been disclosed (i.e., provide a copy of this Order and have each person execute a declaration in the form of Attachment A, stating that the person has read and understands this Order and agrees to be bound by its terms).

9. <u>Violation of Order</u>.  In the event any party, person or entity violates or threatens to violate any terms of this Order, the parties agree that the designating party may immediately apply to obtain injunctive or other provisional relief against said party, person or entity violating or threatening to violate any of the terms of this Order.  Such injunctive or other provisional relief is in addition to all other remedies available to the designating party.  In the event the designating party seeks such relief, the party, person or entity subject to the provisions of this Order, and against whom such relief is sought, shall not employ as a defense thereto the claim that the designating party possesses an adequate remedy at law.  The parties and any other person or entity subject to the terms of this Order agree that this Court shall retain jurisdiction over them for the purpose of enforcing this Order.

10. <u>Subpoena of Confidential Documents</u>.  If at any time any Confidential Material protected by this Order is subpoenaed, or otherwise requested by any other person or entity purporting to have authority to require the production of any such document or information, from the non-designating party, the non-designating party shall give prompt written notice thereof to the designating party before making any disclosures or productions.   The non-designating party shall cooperate with respect to all reasonable procedures sought to be pursued by the designating party or third party whose interests may be affected by the disclosure of the Confidential Materials.  The designating party or third party asserting the confidential treatment shall have the burden of defending against such subpoena, other process or order.  The person receiving the subpoena, other process or order shall be entitled to comply with it except to the extent the designating party or third party asserting the confidential treatment is successful in obtaining an order modifying or quashing it.

11. <u>Continuation of Protection After Disposition</u>.  The termination of the proceeding shall not relieve the parties from the obligation of maintaining the confidentiality of all Confidential Material produced and designated pursuant to this Order, unless the Court orders or the parties agree otherwise.

12. <u>Miscellaneous</u>.

    A. Term.  This Order shall remain in effect until further order of Court.

    B. Modification.  This Stipulation is entered into without prejudice to the right of any party to apply to the Court at any time for additional protection, or to relax or rescind the restrictions of this Stipulation.  Further, the parties may amend or modify any provision of this Stipulation by mutual agreement.

    C. Counterparts. This Stipulation may be executed in multiple counterpart copies, and by facsimile, each of which shall be deemed an original, and all, when taken together, shall constitute the Stipulation.

//

//

1  //

2  //

3                                                       IT IS SO STIPULATED:

4  Dated:  December 14, 2007                KATTEN MUCHIN ROSENMAN LLP

5                                                       By:  /s/ Gregory S. Korman
                                                              Gregory S. Korman
6                                                       Attorneys for ZANGO, INC., 180SOLUTIONS, INC.
7                                                       (n/k/a ZANGO, INC.), METRICSDIRECT (n/k/a
                                                        ZANGO AD SERVICES), KEITH SMITH, DANIEL
8                                                       TODD and KENNETH SMITH

9  Dated:  December 14, 2007                BRONSON & ASSOCIATES

10

11                                                      By:  /s/ Martha Bronson
                                                              Martha Bronson
12                                                      Attorneys for plaintiff ROBIN PHILLIPS and
                                                        Putative Class
13

14

15                              **STIPULATED PROTECTIVE ORDER**

16      The court approves this protective order subject to the modifications reflected above.  In the

17  event the parties wish to file documents under seal, they shall comply with the relevant Local Rules.

18  *See* Local Rule 39-141.

19      SO ORDERED.

20      Dated:  February 13, 2008.

                                                        EDMUND F. BRENNAN
21                                                      UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28                                                  8
                                   STIPULATED PROTECTIVE ORDER -- CASE NO. 2:07-CV-01167-FCD-EFB

31401976_1

# ATTACHMENT A

I, (print name) _____, hereby acknowledge that I will be receiving documents, information and/or things designated as containing Confidential Material pursuant to the terms of the Stipulation and [Proposed] Order (the "Order") dated the \_\_\_\_ day of_____ 2007, entered in the action entitled Robin Phillips v. 180solutions, Inc. *et al.*, Case No. 2:07-CV-01167-FCD-EFB, in the United States District Court for the Eastern District of California, Sacramento Division. I have been given a copy of, and have read and understand, the Order. I understand that: (I) I am to make no copies of any Confidential Material except as is necessary in connection with the above-referenced action; (ii) I may use the Confidential Material only for purposes of this action and for no other action, and shall not use it for any business or other purpose; and (iii) such Confidential Material and any copies thereof, together with any notes, reports, or other documents I prepare reflecting such information, are to remain in my personal custody until I have completed my assigned duties, whereupon they are to be returned to counsel who provided me with such Confidential Material. I further agree to notify any stenographic, clerical, secretarial, paralegal, or other personnel whose functions require access to the Confidential Material of the terms of the Order. I also agree not to disseminate any information derived from such Confidential Material to anyone, or make disclosure of any such information, except for the purposes of the above-referenced proceeding or as permitted by the Order or by further order of the Court. I further understand that violation by me of the terms herein may be regarded as contempt of court and punished accordingly. I hereby expressly submit to the jurisdiction of the United States District Court for the Eastern District of California for the purposes of any proceeding arising out of any purported violation by me of the Order, including any contempt proceeding.

I declare under penalty of perjury of the laws of the United States of America and the State of California that the foregoing is true and correct.

Dated: _____         By: _____

1
**STIPULATED PROTECTIVE ORDER -- CASE NO. 2:07-CV-01167-FCD-EFB**

31401976_1